UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SPV OSUS LTD.,

                     Plaintiff,

       -against-

HSBC HOLDINGS PLC, HSBC BANK PLC,
HSBC BANK USA, NA, HSBC USA INC.,
HSBC SECURITIES SERVICES (BERMUDA)
LIMITED, HSBC INSTITUTIONAL TRUST
SERVICES (BERMUDA) LIMITED, HSBC
BANK BERMUDA LIMITED, HSBC
SECURITIES SERVICES (LUXEMBOURG)
S.A., HSBC BANK (CAYMAN) LIMITED,
HSBC PRIVATE BANKING HOLDINGS
(SUISSE) S.A., HSBC PRIVATE BANK
(SUISSE) S.A., HSBC FUND SERVICES
(LUXEMBOURG) S.A., SONIA KOHN,
MARIO BENBASSAT, ALBERTO
BENBASSAT, STEHPANE BENBASSAT,
20:20 MEDICI AG, UNICREDIT BANK
AUSTRIA AG, BA WORLDWIDE FUND
MANAGEMENT LTD., UNICREDIT S.P.A.,
HERALD ASSET MANAGEMENT LIMITED,
EUROVALEUR, INC., PIONEER
ALTERNATIVE INVESTMENT
MANAGEMENT LIMITED, ALPHA PRIME
ASSET MANAGEMENT LTD., REGULUS
ASSET MANAGEMENT LIMITED,
CARRUBA ASSET MANAGEMENT
LIMITED, TEREO TRUST COMPANY
LIMITED, GENEVALOR, BENBASSAT ET
CIE, HERMES ASSET MANAGEMENT
LIMITED, THEMA ASSET MANAGEMENT
(BERMUDA) LTD., THEMA ASSET
MANAGEMENT LIMITED, EQUUS ASSET
MANAGEMENT LIMITED, EQUUS ASSET
MANAGEMENT PARTNERS, L.P., AURELIA
FUND MANAGEMENT LIMITED, INTER
ASSET MANAGEMENT
INC., T+M TRUSTEESHIP & MANAGEMENT
SERVICES S.A., GTM MANAGEMENT
SERVICES CORP. N.V., AURELIA ASSET

Case No. _____

MANAGEMENT PARTNERS, CAPE
INVESTMENT ADVISORS LIMITED and
ERWIN KOHN,
                    Defendants.
------------------------------------------------------------- x

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant HSBC USA Inc. ("HUSI"), by and through its

undersigned counsel, hereby removes the above-captioned civil action, Index No. 162259/2014

(this "Action"), from the Supreme Court of the State of New York, County of New York, to the

United States District Court for the Southern District of New York, pursuant to 28 U.S.C.

§§ 1334, 1446 and 1452.

## I. PROCEDURAL BACKGROUND

1.      On December 11, 2014, plaintiff SPV OSUS Ltd. ("SPV") filed a Summons and

Complaint in the Supreme Court of the State of New York, County of New York, captioned *SPV*

*OSUS Ltd. v. HSBC Holdings plc, et al.,* Index No. 162259/2014.  HUSI, which files this notice

(this "Notice of Removal"), was not named as a defendant in the Complaint.[1]

2.      In the following months, SPV and certain defendants that had consented to allow

their counsel to accept service of the Complaint on their behalf (the "Accepting Service

Defendants") stipulated that the time for those defendants to move, answer, or otherwise respond

to the Complaint would be extended until the later of, among other things, the 60th day after the

date on which SPV effected proper service of the Complaint upon the last defendant that SPV

intended to serve (the "Stipulation").[2]

---

[1]      The state-court docket of this Action is attached as Exhibit 94.  Each item filed on the state-court docket is attached sequentially to this Notice of Removal, such that the state-court docket numbers correspond to Exhibits 1 through 93 attached hereto.  A copy of the Summons is attached as Exhibit 1.  A copy of the Complaint  is attached as Exhibit 2.

[2]      A copy of the Stipulation is attached as Exhibit 3.

3.      Soon thereafter, the state court so-ordered an agreement between SPV and defendants Thema Asset Management Limited and Hermes Asset Management Limited, which were not among the Accepting Service Defendants, to place all defendants that had been served or would be served in the future on the schedule set forth in the Stipulation.[3]

4.      On October 26, 2016—almost two years after SPV filed this Action—the state court held a status conference, at which SPV announced that it had completed service of process on all parties that it intended to serve (the "2016 Status Conference").[4]

5.      During the 2016 Status Conference, the parties advised the state court of a related case pending in the Supreme Court of the State of New York, County of New York, captioned, *Optimal Strategic U.S. Equity Ltd. v. SPV OSUS Ltd.*, Index No. 653693/2014 (the "*Optimal* Action").  In the *Optimal* Action, plaintiff Optimal Strategic U.S. Equity Ltd. ("Optimal"), a Bernard L. Madoff Investment Securities LLC ("BLMIS") feeder fund, challenged, among other things, SPV's assertion that Optimal had assigned to it Optimal's right to pursue claims against third parties for purportedly aiding and abetting Bernard L. Madoff ("Madoff") and BLMIS's fraud—*i.e.*, the very claims SPV brings in this Action.  Accordingly, the parties to this Action advised the state court that the *Optimal* Action parties had recently filed cross-motions for summary judgment that could clarify SPV's standing to bring this Action.

6.      In addition, during the 2016 Status Conference, the parties advised the state court of a related federal court action captioned *SPV OSUS v. UBS AG*, No. 15-cv-619 (JSR) (S.D.N.Y.) (the "*UBS* Action"), in which substantially similar claims brought by SPV had

---

[3]      A copy of this order is attached as Exhibit 60.

[4]      Nonetheless, SPV has not moved to amend the caption to remove the named defendants it does not intend to serve.  SPV also has not sought to change the caption to reflect that this Action was voluntarily discontinued as to HSBC Fund Services (Luxembourg) SA pursuant to a stipulation filed with the state court on July 24, 2015.

recently been dismissed by the federal district court for lack of personal jurisdiction as to some defendants and for failure to plead substantial assistance for its aiding and abetting theories as to the remaining defendants.  The parties advised the state court that a timely filed appeal from the dismissals was then-pending in the U.S. Court of Appeals for the Second Circuit (the "Second Circuit").

7.      Following the 2016 Status Conference, the state court stayed this Action and instructed the parties to provide notice when the then-pending cross-motions for summary judgment in the *Optimal* Action were decided.[5]

8.      Almost one year later, in April 2017, SPV sent a letter to defendants that listed the parties that had been served or had agreed to accept service through counsel.[6]  The next day, SPV submitted a letter to the state court providing notice that, in the *Optimal* Action, Optimal's cross-motion for summary judgment had been denied and that SPV's cross-motion for summary judgment had been granted against Optimal.[7]

9.      On April 21, 2017, Optimal timely appealed the decision denying its cross-motion for summary judgment in the *Optimal* Action.  Accordingly, on May 23, 2017, the parties to this Action filed a joint request for a preliminary stay of 90 days to assess the best path forward in light of the appeal in the *Optimal* Action and other related litigation, like the *UBS* Action.  The state court did not rule on the parties' joint request but the parties made no further filings in this Action, such that this Action was effectively stayed for approximately 10 months.[8]

---

[5]      A copy of the order staying this Action is attached as Exhibit 69.

[6]      A copy of this letter is attached as Exhibit 95.

[7]      A copy of this letter is attached as Exhibit 88.

[8]      A copy of this request is attached as Exhibit 90.  The appeal in the *Optimal* Action remains pending.

10.     On February 9, 2018, the U.S. Court of Appeals for the Second Circuit (the "Second Circuit") affirmed dismissal of the *UBS* action on the grounds that the federal court lacked personal jurisdiction over certain defendants and that SPV had failed to plead substantial assistance for its aiding and abetting theories as to the remaining defendants.  *See SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333, 342-346 (2d Cir. 2018).

11.     On February 27, 2018, the state court held a status conference in this Action, at which it (i) ordered SPV to file any amended complaint, if it so chose, by March 28, 2018; (ii) ordered the parties to file a consolidated briefing schedule, or inform the state court that a schedule had not been agreed upon, by April 20, 2018; and (iii) scheduled a status conference for April 23, 2018.[9]

12.     On March 28, 2018, SPV filed an Amended Complaint, which, among other things, added HUSI as a defendant.[10]  The following day, SPV filed a Corrected Amended Complaint, which solely revised the caption to re-insert certain defendants that, apparently, had been inadvertently removed.[11]

## II. GROUNDS FOR REMOVAL

13.     Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).

---

[9]     A copy of this order is attached as Exhibit 92.

[10]     On April 2, 2018, HUSI agreed to accept service of the Amended Complaint through its counsel.

[11]     The Amended Complaint was removed from the docket when the Corrected Amended Complaint was filed. As such, the Amended Complaint is not attached to this Notice of Removal.  A copy of the Corrected Amended Complaint is attached as Exhibit 93.

14.     This Court has original jurisdiction over this Action pursuant to 28 U.S.C.

§ 1334(b) because the action is "related to" a case under title 11 of the United States Code (the

"Bankruptcy Code").

15.     Specifically, the allegations in the Complaint arise from the Ponzi scheme

perpetrated by Madoff.  On April 13, 2009, an involuntary Chapter 7 petition for relief was filed

against Madoff in the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court"), captioned *In re Bernard L. Madoff*, No. 09-11893 (BRL) (the "Bankruptcy

Action").  On June 9, 2009, the Bankruptcy Court substantively consolidated the Bankruptcy

Action with a separate proceeding against Madoff's brokerage firm, BLMIS, that was filed under

the Securities Investor Protection Act ("SIPA") (together with the Bankruptcy Action, the

"Consolidated Bankruptcy Proceeding").  Following consolidation, the trustee in the Bankruptcy

Action continued to act as the Chapter 7 trustee of Madoff's estate (in either role, the "Trustee"),

and the Trustee continued to have all the powers, rights, claims and interests provided by

Chapter 7 of the Bankruptcy Code.  *See* Consent Order Substantively Consolidating the Estate of

Bernard L. Madoff into the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC

and Expressly Preserving all Rights, Claims and Powers of Both Estates ¶¶ E, L, 4, 6, *SIPC v.*

*Bernard L. Madoff Inv. Secs. LLC*, No. 08-01789 (BRL) (Bankr. S.D.N.Y. June 9, 2009).[12]

16.     The Consolidated Bankruptcy Proceeding is ongoing and currently remains

pending before the Honorable Judge Stuart M. Bernstein of the U.S. Bankruptcy Court for the

Southern District of New York.

17.     The Corrected Amended Complaint in this Action alleges claims for aiding and

abetting breach of fiduciary duty, aiding and abetting fraud, knowing participation in a breach of

---

[12]     A copy of this order is attached as Exhibit 96.

trust, and unjust enrichment against HUSI and the other defendants.  Corr. Am. Compl. ¶¶ 405-37.  All of the allegations against HUSI and the other defendants in the Corrected Amended Complaint hinge upon Madoff s wrongful activity.  The Corrected Amended Complaint alleges that Madoff "engaged in a complex and longstanding" fraud in which he "enrich[ed] [himself] at the expense of investors."  *Id.* ¶ 414.  The Corrected Amended Complaint also alleges that Madoff breached a fiduciary duty owed to Optimal, breached a relationship of trust with Optimal, and misappropriated Optimal's funds.  *Id.* ¶¶ 406, 422, 426.  HUSI and the other defendants are alleged to have ignored, known about, and/or assisted in Madoff's wrongful conduct.  *Id.* ¶¶ 407-10, 415-18, 423-25, 427-29.

18.    As all of the claims against HUSI are premised upon allegations that HUSI "aided and abetted" or "participat[ed] in" alleged primary violations by Madoff, and as any alleged damages asserted against HUSI arise out of alleged primary violations by Madoff, any potential liabilities to be incurred by HUSI in this Action are subject to claims by HUSI for contribution from Madoff.  *See, e.g.*, *UBS AG*, 882 F.3d at 340 ("The gravamen of SPV's complaint is that defendants are joint tortfeasors with Madoff and BLMIS, which, if proven, would provide defendants with a putative contribution claim, to be asserted in the bankruptcy proceedings."); *Raquet v. Braun*, 90 N.Y.2d 177, 183 (1997) ("[C]ontribution is available whether or not the culpable parties are allegedly liable for the injury under the same or different theories, and the remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors.").  Accordingly, any recovery by SPV in this Action could affect the distribution of assets of the Madoff estate.

19.    The Second Circuit recently held that this Court had "related to" jurisdiction over the *UBS* Action for reasons that are equally applicable here.  *See UBS AG*, 882 F.3d at 342

(finding "related to" jurisdiction because, among other things, "there is a high degree of interconnectedness between this action and the Madoff bankruptcies:  SPV can only proceed on these claims if it establishes that the Madoff fraud occurred" and "[b]ut for the automatic stay, it is difficult to imagine a scenario wherein SPV would not also sue Madoff and BLMIS.").  Indeed, as discussed above, the *UBS* Action is substantially similar and related to this Action, in that in the *UBS* Action, the same plaintiff, SPV, brought substantially similar claims against similarly-situated defendants.  *Compare* Complaint ¶ 1, *UBS* Action (alleging that UBS AG and other defendants "facilitated Madoff's fraud through numerous international feeder funds" and "worked together . . . to extend the Ponzi scheme to European investors, earning millions of dollars in fees for their role in the Ponzi scheme."),[13] *with* Corr. Am. Compl. ¶ 1 ("For more than a decade, HSBC Holdings plc, HSBC Bank plc, and their affiliates . . . enabled Madoff's Ponzi scheme by encouraging investment into an international network of feeder funds[.]").  The Second Circuit's ruling in the *UBS* Action also builds upon a long line of precedents finding "related to" jurisdiction in analogous circumstances.  *See, e.g.*, *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) ("For the purposes of removal jurisdiction, a civil proceeding is 'related to' a title 11 case if the action's outcome might have any 'conceivable effect' on the bankrupt estate.")  (internal quotations and citations omitted); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 321 (S.D.N.Y. 2003) ("The existence of strong interconnections between the third party action and the bankruptcy has been cited frequently by courts in concluding that the third party litigation is related to the bankruptcy proceeding.").[14]

---

[13]      The complaint in the *UBS* Action is attached as Exhibit 97.

[14]      *See also Am. Int'l Grp. v. Bank of Am. Corp.*, No. 11 Civ. 6212 (BSJ), 2011 WL 6778473, at *3-5 (S.D.N.Y. Dec. 20, 2011); *In re Adelphia Commc'ns Corp. Secs. & Derivative Litig.*, No. 03 MDL 1529 LMM, 2005 WL 1404798, at *1-2 (S.D.N.Y. June 14, 2005); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 320-24 (S.D.N.Y. 2003).

20.     Additionally, the Corrected Amended Complaint asserts a new cause of action for restitution of the same funds that the Trustee is pursuing under the Bankruptcy Code as subsequent transfers in the Consolidated Bankruptcy Action.  *Compare* Corr. Am. Compl. ¶ 126 (seeking "an award of restitution of monies Defendants received from Madoff and/or BLMIS and any profits earned through Defendants' use of those monies"), *with* Proffered Second Amended Complaint ¶¶ 423, 488, 594-600, *Picard v. HSBC Bank plc*, Adv. Pro. No. 09-1364 (SMB) (seeking to recover $26.5 million in transfers to HUSI).[15]  This Court therefore has jurisdiction for the additional reason that, if successful, SPV's newly-added restitution claim runs the risk of, among other things, exposing HUSI (and potentially other defendants) to double liability or leading to inconsistent state and federal rulings.  Additionally, while some of the Trustee's claims against other defendants in this Action have been dismissed under *SIPC v. BLMIS (In re BLMIS)*, 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016), some or all of those claims could be reinstated after resolution of the Trustee's pending appeal before the Second Circuit.  *See In re Picard*, 17-2992(L) (2d Cir. 2017).[16]

21.     This Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), and this Action may be removed to this Court by HUSI, pursuant to 28 U.S.C. § 1452(a), because the lawsuit is "related to" the Consolidated Bankruptcy Proceeding.

---

[15]     The proffered second amended complaint in *Picard v. HSBC Bank plc* is attached as Exhibit 98.

[16]     Additionally, the Second Circuit's decision in the *UBS* Action cites additional bases for "related to" jurisdiction over that action, each of which is equally applicable here.  Specifically, the Second Circuit held that (i) the BLMIS Trustee may incur costs from litigating whether a late contribution claim filed by certain defendants should be allowed, notwithstanding the passage of the bar date, and (ii) because the estate and the BLMIS Trustee continue to litigate billions of dollars in claims, if the contribution claim were resolved against the BLMIS Trustee, certain defendants could conceivably receive a payout on a future contribution claim in the Consolidated Bankruptcy Proceeding.  *See UBS*, 882 F.3d at 341-42.

## III. REMOVAL PROCEDURE

22.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in this Action are attached to this Notice of Removal as Exhibits 1-98.

23.     Pursuant to 28 U.S.C. § 1441(a), the U.S. District Court for the Southern District of New York is the proper place to file this Notice of Removal because it is the district court for the federal district embracing the court where this Action was filed and is pending.

24.     HUSI received a copy of the Amended Complaint first naming it as a defendant on March 28, 2018 and agreed to accept service of process through counsel on April 2, 2018. Accordingly, the thirty-day time limit under 28 U.S.C. § 1446(b) for filing a notice of removal has not run and this Notice of Removal is therefore timely.

25.     Because this Action is removed pursuant to 28 U.S.C. § 1452(a), consent of the non-removing defendants is not required.  *See, e.g.*, *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[B]ecause any *one* party can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants.").  Nonetheless, none of the defendants that have been served objects to HUSI's removal of this Action.[17]

26.     HUSI will promptly serve on counsel for SPV a Notice of Filing of Notice of Removal, and will file that Notice of Filing of Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).  The Notice of Filing of Notice of Removal will include a copy of this Notice of Removal.

---

[17]     All named defendants expressly reserve any and all rights and objections, including, without limitation, the right to object to service of process.

27.     By filing this Notice of Removal, HUSI does not waive any claim, argument, or defense that may be available to it, including, without limitation, lack of personal jurisdiction or insufficient service of process, or concede that SPV has pleaded any claim upon which relief may be granted.  HUSI reserves the right to file a supplemental statement in support of its right to have federal jurisdiction over the claims asserted against it.

### IV. CONCLUSION

For the foregoing reasons, HUSI hereby removes this Action from the Supreme Court of the State of New York, County of New York, to the U.S. District Court for the Southern District of New York.

Dated:    New York, New York
          April 20, 2018

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP


                              By:  */s/ Thomas J. Moloney*
                                   Thomas J. Moloney
                                   tmoloney@cgsh.com
                                   Diarra M. Guthrie
                                   dguthrie@cgsh.com
                                   Samuel P. Hershey
                                   shershey@cgsh.com

                              One Liberty Plaza
                              New York, NY 10006
                              Telephone:  (212) 225-2000

                              *Attorneys for Defendant HSBC USA Inc.*