# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 (212) 225-2460
tmoloney@cgsh.com

VICTOR I. LEWKOW
LEE C. BUCHHEIT
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF

KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER

COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
HUMAYUN KHALID
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

July 17, 2018

VIA ECF

The Honorable Alison J. Nathan
United States District Judge
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York. NY  10007

Re:  *SPV OSUS Ltd. v. HSBC Holdings plc, et al.*, No. 18-3497 (AJN)

Dear Judge Nathan:

We represent the HSBC Defendants[1] in connection with the above-captioned action (this "Action") and write, on behalf of all Defendants,[2] in response to SPV's letter, dated July 16, 2018 (Dkt. No. 56) (the "Letter"), wherein SPV purports to notify the Court and Defendants that, pursuant to Rule 3.F of Your Honor's Individual Practices in Civil Cases, it intends to file a second amended complaint in this Action.  Having already amended as of right, however, SPV must seek either written consent of Defendants or leave of the Court to do so.

---

[1]     The HSBC Defendants include HSBC Holdings plc, HSBC Bank plc, HSBC Bank USA, NA, HSBC USA Inc., HSBC Securities Services (Bermuda) Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank Bermuda Limited, HSBC Securities Services (Luxembourg) S.A., HSBC Bank (Cayman) Limited, HSBC Private Banking Holdings (Suisse) S.A., and HSBC Private Bank (Suisse) S.A.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Consolidated Brief (Dkt. No. 46).

The Hon. Alison J. Nathan, p. 2

Defendants respectfully submit that any further amendments would be futile and would unduly prejudice Defendants, and leave to amend should therefore be denied.[3]

SPV cannot amend as of right under Federal Rule of Civil Procedure 15(a)(1). Rule 15(a)(1), like New York Civil Practice Law & Rules § 3025(a), permits amendment as of right only once.  *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course[.]"); N.Y. C.P.L.R. § 3025(a) ("A party may amend his pleading once without leave of court[.]").  SPV has already amended its complaint.  *See* Notice of Removal, Ex. 93 (Dkt. No. 1-93).  Those amendments—filed a mere three months ago—exhausted any right to amend SPV may have otherwise had.  It matters not, moreover, that SPV amended its complaint before this Action was removed to federal court.  SPV's one chance to amend as of right is exhausted all the same.  *See Armstrong v Unc-Lear Siegler, Inc.*, No. 98-CV-736, 1999 WL 123512 (N.D.N.Y. Mar. 1, 1999) (holding amendment in state court exhausted any Rule 15(a)(1) right to amend after removal); *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 719 (D. Md. 2002) (granting defendant's motion to strike plaintiff's second amended complaint and rejecting plaintiff's argument that "he does not need leave of court to file a second amended complaint in this court because the first amended complaint was filed in state, not federal, court"), *aff'd sub nom. Whitehead v. Viacom, Inc.*, 63 F. App'x 175 (4th Cir. 2003); *see also* § 10:22 Amendment of pleading following removal, Copyright Litigation Handbook § 10:22 (2d ed. 2017) ("Where a plaintiff who filed a complaint in state court has already amended the complaint once 'as of right' in the state proceeding, the plaintiff may not amend again as of right in federal court[.]").

Because SPV cannot amend as of right, it must receive either written consent from Defendants (which it has not sought) or leave of Court.  Fed. R. Civ. P. 15(a)(2).  To the extent the Court wishes to construe SPV's Letter as a request for leave to amend, Defendants respectfully submit that such leave should be denied.  *First*, amendment would be futile.  Defendants' motion to dismiss identifies several bases for dismissal that simply cannot be cured through amendment, including that SPV's complaint is time-barred under New York law and SPV's theory of causation has already been rejected by the Second Circuit.  *See SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333, 345-46 (2d Cir. 2018) (affirming dismissal of substantially similar claims for lack of causation).  Where, as here, amendment cannot cure pleading deficiencies, leave to amend must be denied.  *See, e.g.*, *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453 (S.D.N.Y. 2012).[4]  *Second*, leave to further amend the complaint would substantially and unduly prejudice Defendants.  This Action has been pending against Defendants for almost four years.  SPV was recently allowed to amend its complaint over three years after it was originally filed.  To give SPV a third bite at the apple after the extraordinary time and expense Defendants have already invested in this drawn-out Action would impose on

---

[3] The Court's order, dated July 6, 2018 (Dkt. No. 55) (the "Order"), merely directs SPV to "notify" the Court and Defendants whether it intends to amend.  Order at 1.  It does not grant the right to amend. Defendants respectfully submit that the Order does not excuse SPV from complying with the requirements of Rule 15 and seeking leave to re-amend its already-amended complaint.

[4] That leave to amend should be denied for futility is noted in the Order.  *See* Order at 1 (citing *Lorefey Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160 (2d Cir. 2015) for the proposition that "denial of leave to amend has long been held proper" on grounds of "futility").

The Hon. Alison J. Nathan, p. 3

Defendants the substantial and unreasonable hardship of reviewing and responding to a *third* complaint before having had any opportunity to be heard on their *first* dispositive motion.

   Accordingly, Defendants respectfully request that the Court deny SPV's constructive request for leave to file another amended complaint and reaffirm the briefing schedule entered on April 25, 2018 (Dkt. No. 16), which still affords SPV over 60 days to respond to Defendants' motion to dismiss.

               Respectfully submitted,

               */s/ Thomas J. Moloney*

               Thomas J. Moloney

cc: All counsel of record (via email and ECF)