# YetterColeman LLP

July 18, 2018

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY  10007

      Re:    Case No. 18-cv-3497; *SPV OSUS Ltd. v. HSBC Holdings PLC, et al.*; in the United States District Court of the Southern District of New York.

Dear Judge Nathan:

     In their letter of July 17, defendants argued that plaintiff may not amend its complaint. Dkt. #57. The Court's July 6 Order says otherwise, Dkt. #55, and plaintiff should be allowed to amend.

     It is true that plaintiff amended while the case was pending in state court. But the Federal Rules of Civil Procedure do not apply until removal. Fed. R. Civ. P. 81(c)(1). Defendants chose to remove to this Court; after removal, plaintiff obtained the federal right to amend. No court in this District has held that a previous state court amendment eliminates a right to amend after removal. *Cf. TMA Leasing v. Vacuum Truck Sales & Serv.*, 2016 WL 8261723, at *1 (M.D. La. Jan. 6, 2016) ("It is unclear whether a plaintiff who amended its pleading in state court prior to removal may take advantage of Rule 15(a)(1)."); *Ferris Plaza, Ltd. v. Peerless Indem. Ins. Co.*, No. 10-633, 2010 WL 2540826, at *2 (N.D. Tex. June 22, 2010)) (whether Rule 15(a)(1) applies after removal is dependent upon whether a relevant pleading or motion was filed after removal).

     The Court need not decide this issue, however, because amendment also is proper pursuant to Rule 15(a)(2). On July 6, the Court invited plaintiff to file an amended complaint. Dkt. #55. The Court specifically instructed that "declining to amend its pleadings to timely respond to a fully briefed argument in the Defendants' July 5 motion to dismiss may well constitute a waiver of the Plaintiff's right to use the amendment process to cure any defects that have been made apparent by the Defendant's briefing." *Id*. The Order further specified, "***If Plaintiff chooses*** to amend, Defendants may then" file an answer or a new motion to dismiss or rely on their initially filed motion to dismiss.  *Id.* (emph. added). Plaintiff certainly understood the Order as providing leave to amend, if it chooses. And for good reason: "Permitting an amendment without formal application to the court" is compatible with the "overall liberal amendment policy of Rule 15(a)

www.yettercoleman.com        811 Main Street, Suite 4100, Houston, Texas 77002
phone 713.632.8000   fax 713.632.8002

YetterColeman LLP

- 2 -                                                                                                        July 18, 2018

and the general desirability of minimizing needless formalities." 4 Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE, §1484 (3d ed. 2018).[1]

Defendants' arguments regarding futility and prejudice are contradictory. If, as defendants argue, plaintiff cannot cure pleading deficiencies through amendment, then defendants will suffer no prejudice, and may simply rely on their existing motions to dismiss. Dkt. #55. Defendants complain of the "extraordinary time and expense" they have incurred, Dkt. #57 at 2, but again, may choose to rely on their existing briefs following amendment without further effort.

Finally, the suggestion that amendment would be futile, Dkt. #57 at 2, is premature. Defendants have raised a host of factual issues in their joint motion to dismiss, plus individualized issues in their supplemental motions. Plaintiff should have the opportunity to address and clarify these factual issues in the operative complaint.

As requested in its July 16 letter, plaintiff respectfully requests that the Court set August 15 as the filing deadline for an amended complaint.

Sincerely,

Collin J. Cox

cc:   Thomas J. Moloney
      Shannon Rose Seldon
      Franklin B. Velie
      William P. Weintraub
      Susan L. Saltzstein
      Todd E. Duffy

---

[1] Leave to amend, of course, should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2). The Court of Appeals for the Second Circuit has a "strong preference for resolving disputes on the merits," which is consistent with the "permissive standard" of Rule 15(a)(2). *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015).