UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SPV OSUS LTD.,                                        :
                                                     :
                          Plaintiff,                 :
                                                     :
             -against-                               :
                                                     :
HSBC HOLDINGS PLC, HSBC BANK PLC, HSBC               :
BANK USA, NA, HSBC USA INC., HSBC                    :
SECURITIES SERVICES (BERMUDA) LIMITED,              :
HSBC INSTITUTIONAL TRUST SERVICES                    :
(BERMUDA) LIMITED, HSBC BANK BERMUDA                :
LIMITED, HSBC SECURITIES SERVICES                    :
(LUXEMBOURG) S.A., HSBC BANK (CAYMAN)                :
LIMITED, HSBC PRIVATE BANKING HOLDINGS              :
(SUISSE) S.A., HSBC PRIVATE BANK (SUISSE)           :
S.A., HSBC FUND SERVICES (LUXEMBOURG)               :
S.A., SONIA KOHN, MARIO BENBASSAT,                   :
ALBERTO BENBASSAT, STEHPANE                          :
BENBASSAT, 20:20 MEDICI AG, UNICREDIT               :
BANK AUSTRIA AG, BA WORLDWIDE FUND                  :    Case No. 18-3497 (AJN)
MANAGEMENT LTD., UNICREDIT S.P.A.,                  :
HERALD ASSET MANAGEMENT LIMITED,                    :    **ORAL ARGUMENT**
EUROVALEUR, INC., PIONEER ALTERNATIVE              :    **REQUESTED**
INVESTMENT MANAGEMENT LIMITED, ALPHA               :
PRIME ASSET MANAGEMENT LTD., REGULUS                :
ASSET MANAGEMENT LIMITED, CARRUBA                   :
ASSET MANAGEMENT LIMITED, TEREO TRUST              :
COMPANY LIMITED, GENEVALOR, BENBASSAT              :
ET CIE, HERMES ASSET MANAGEMENT                     :
LIMITED, THEMA ASSET MANAGEMENT                     :
(BERMUDA) LTD., THEMA ASSET                          :
MANAGEMENT LIMITED, EQUUS ASSET                     :
MANAGEMENT LIMITED, EQUUS ASSET                     :
MANAGEMENT PARTNERS, L.P., AURELIA                  :
FUND MANAGEMENT LIMITED, INTER ASSET               :
MANAGEMENT INC., T+M TRUSTEESHIP &                 :
MANAGEMENT SERVICES S.A., GTM                        :
MANAGEMENT SERVICES CORP. N.V.,                      :
AURELIA ASSET MANAGEMENT PARTNERS,                 :
CAPE INVESTMENT ADVISORS LIMITED and               :
ERWIN KOHN,                                          :
                          Defendants.                :
------------------------------------------------------------------x

**HSBC DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
<u>IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ......................................................................... 1

ARGUMENT ................................................................................................ 2

I.    SPV's Claims Against the Foreign HSBC Defendants Must Be Dismissed for Lack of
      Personal Jurisdiction. ........................................................................... 2

      A.    The Amended Complaint Impermissibly Lumps the Foreign HSBC
            Defendants Together and Fails to Plead Jurisdiction with Specificity. ......... 3

      B.    SPV Fails to Plead Sufficient Minimum Contacts as to Any Foreign HSBC
            Defendant. ................................................................................ 4

      C.    SPV's Purported Claims Do Not Arise out of or Relate to the Foreign HSBC
            Defendants' Contacts with the United States. ................................... 10

II.   SPV's Claims Against HUSI Must Be Dismissed as Untimely. ............................ 11

III.  SPV's Own Allegations Against the HSBC Defendants Doom Its Aiding and
      Abetting Claims. ................................................................................ 12

      A.    The HSBC Defendants' Alleged Diligence Undermines SPV's Claims of
            Actual Knowledge. ...................................................................... 12

      B.    The HSBC Defendants' Investment and Loss of Their Own Money in
            BLMIS Undermines SPV's Claims of Actual Knowledge. .......................... 13

      C.    The HSBC Defendants' Alleged Activities Do Not Constitute Substantial
            Assistance. ................................................................................ 14

CONCLUSION ............................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.*,
137 S. Ct. 1773 (2017) .................................................................................... 2, 3, 10

*Carolina Invesco, LLC v. McGowan*,
No. 6:10CV624, 2011 WL 4566264 (E.D. Tex. Sept. 8, 2011),
*adopted by*, 2011 WL 4553019 (E.D. Tex. Sept. 29, 2011) ................................. 5

*Chew v. Dietrich*,
143 F.3d 24 (2d Cir. 1998) .................................................................................. 10

*Corcoran v. CVS Health Corp.*,
169 F. Supp. 3d 970 (N.D. Cal. 2016) ................................................................ 4

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .............................................................................................. 3

*Elendow Fund, LLC v. Rye Select Broad Mkt. XL Fund*
*(In re Tremont Sec. Law, State Law, and Ins. Litig.)*,
No. 10 Civ. 9061, 2013 WL 5179064 (S.D.N.Y. Sept. 16, 2013) .................... 12-13

*Hau Yin To v. HSBC Holdings PLC*,
No. 15CV3590-LTS-SN, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017),
*aff'd*, 700 F. App'x 66 (2d Cir. 2017) ................................................................. 8, 9

*Hill v. HSBC Bank plc*,
207 F. Supp. 3d 333 (S.D.N.Y. 2016) ................................................................. 5, 7, 8

*In re Agape Litig.*,
773 F. Supp. 2d 298 (E.D.N.Y. 2011) ................................................................. 12, 15

*In re Amaranth Nat. Gas Commodities Litig.*,
587 F. Supp. 2d 513 (S.D.N.Y. 2008) ................................................................. 7

*J. McIntyre Mach., Ltd. v. Nicastro*,
564 U.S. 873 (2011) .............................................................................................. 7

*Jazini v. Nissan Motor Co.*,
148 F.3d 181 (2d Cir. 1998) ................................................................................ 2, 4

*Krys v. Pigott*,
749 F.3d 117 (2d Cir. 2014)............................................................................... 11-12

*Langenberg v. Sofair*,
No. 03 Civ. 8339 (KMK), 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006)........................ 3

*Lerner LLC v. Fleet Bank*,
318 F.3d 113 (2d Cir. 2003), *abrogated on other grounds sub nom.*
*Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*,
821 F.3d 352 (2d Cir. 2016)............................................................................... 13-14

*Maranga v. Vira*,
386 F. Supp. 2d 299 (S.D.N.Y. 2005).................................................................... 5

*McBride v. KPMG Int'l*,
No. 650632/09, 2014 WL 4063044 (Sup. Ct. N.Y. Cty. Aug. 15, 2014) ........................ 14, 15

*Picard v. Legacy Cap. (In re BLMIS)*,
548 B.R. 13 (Bankr. S.D.N.Y. 2016)..................................................................... 12, 14

*Rosner v. Bank of China*,
No. 06 Civ. 13562, 2008 WL 5416380 (S.D.N.Y. Dec. 18, 2008).................................. 15

*RSM Prod. Corp. v. Fridman*,
643 F. Supp. 2d 382 (S.D.N.Y. 2009).................................................................... 6

*Ryan v. Hunton & Williams*,
No. 99-CV-5938 (JG), 2000 WL 1375265 (E.D.N.Y. Sept. 20, 2000) ........................... 15

*SPV OSUS Ltd. v. AIA LLC*,
15-cv-619 (JSR), 2016 WL 3039192 (S.D.N.Y. May 26, 2016)..................................... 11

*SPV OSUS Ltd. v. UBS AG*,
114 F. Supp. 3d 161 (S.D.N.Y. 2015), *aff'd*, 882 F.3d 333 (2d Cir. 2018)...................... 11

*SPV OSUS Ltd v. UBS AG*,
882 F.3d 333 (2d Cir. 2018)........................................................................ 2-3, 10-11

*Three Five Compounds, Inc. v. Scram Techs., Inc.*,
No. 11 Civ. 1616 (RJH), 2011 WL 5838697 (S.D.N.Y. Nov. 21, 2011) ......................... 4-5

*Universal Trading & Inv. Co. v. Tymoshenko*,
No. 11 Civ. 7877 (PAC), 2012 WL 6186471 (S.D.N.Y. Dec. 12, 2012) ......................... 6

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) ................................................................................................ 3

*Waldman v. Palestine Liberation Org.*,
835 F.3d 317 (2d Cir. 2016) ............................................................................... 2, 5, 10

*Weshnak v. Bank of Am. N.A.*,
451 F. App'x 61 (2d Cir. 2012) ................................................................................ 14

The HSBC Defendants,[1] by their undersigned attorneys, submit this supplemental memorandum of law in support of Defendants' Memorandum of Law in Support of Their Motion to Dismiss (the "Consolidated Brief"), in order to address unique allegations made against them in the Amended Complaint.[2]

## PRELIMINARY STATEMENT

The arguments provided in the Consolidated Brief by themselves warrant dismissal of the Amended Complaint as to all HSBC Defendants.  Nonetheless, in further support of the Consolidated Brief, the HSBC Defendants offer the following additional arguments solely with respect to the HSBC Defendants in support of dismissal from this Action:

*First*, the Foreign HSBC Defendants—which, according to the allegations in the Amended Complaint, provided services to certain foreign feeder funds *other than* Optimal, solicited investments from private banking clients *other than* Optimal, and created and marketed structured products for investors seeking exposure to BLMIS *other than* Optimal—are strangers to both Plaintiff and this forum, and must be dismissed for lack of personal jurisdiction.

*Second*, each of the HSBC Defendants must be dismissed because Plaintiff's claims were filed outside the statute of limitations.  This is especially true of HUSI, which was not named in

---

[1]   The HSBC Defendants consist of only two U.S. entities, HSBC Bank USA, NA ("HBUS") and HSBC USA Inc. ("HUSI"), and a series of foreign entities:  HSBC Holdings plc ("HSBC Holdings"); HSBC Bank plc ("HSBC Bank"); HSBC Securities Services (Bermuda) Limited ("HSSB"), HSBC Institutional Trust Services (Bermuda) Limited ("HITSB"), HSBC Bank Bermuda Limited ("HSBC Bank Bermuda"), HSBC Securities Services (Luxembourg) S.A. ("HSSL"), HSBC Bank (Cayman) Limited ("HSBC Cayman"), HSBC Private Banking Holdings (Suisse) S.A. ("PB Holdings"), and HSBC Private Bank (Suisse) S.A. ("HSBC Private Bank (Suisse)") (the foreign entities, collectively, the "Foreign HSBC Defendants").

[2]   The HSBC Defendants incorporate by reference all applicable arguments made in the Consolidated Brief and in the declaration and exhibits submitted therewith.  All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Consolidated Brief.

this action until March 2018—over three years after the original complaint was filed.

*Finally*, the aiding and abetting claims against the HSBC Defendants must be dismissed for at least three separate and independent reasons:  first, the HSBC Defendants' acknowledged efforts to conduct due diligence demonstrate that they both lacked actual knowledge of the fraud and did not consciously avoid learning about it; second, the HSBC Defendants' own alleged losses in the Ponzi scheme further undermine claims that they knew of the fraud; and third, the HSBC Defendants' banking services, in any event, cannot constitute substantial assistance of Madoff's fraud as a matter of law.

## ARGUMENT

### I.   SPV's Claims Against the Foreign HSBC Defendants Must Be Dismissed for Lack of Personal Jurisdiction.

As discussed more fully in the Consolidated Brief, "[w]hen a case is removed to federal court pursuant to 28 U.S.C. § 1452, personal jurisdiction is allowed to the extent permitted by the Constitution of the United States."  *SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) ("*UBS AG II*").  SPV bears the burden of establishing that this Court has personal jurisdiction over each Foreign HSBC Defendant, *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016), with respect to each claim asserted, *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017).  SPV cannot satisfy its burden by relying on conclusory non-specific allegations to establish jurisdiction, and the Court need not accept as true any "legal conclusion couched as a factual allegation."  *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998).

In this case, there is no general jurisdiction over any of the Foreign HSBC Defendants, so SPV must allege specific facts sufficient to establish that the Foreign HSBC Defendants "purposefully availed [themselves] of the privilege of conducting activities within the forum

State, thus invoking the benefits and protections of its laws" and that their "suit-related conduct

[created] a substantial connection with the forum." *UBS AG II*, 882 F.3d at 344 (citations and

quotations omitted); *see also Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014) (requiring the

defendant himself to have a connection to the forum, not simply a connection to plaintiff).[3]  For

the exercise of jurisdiction to comport with due process, SPV must show that its claims "arise

out of or relate to" the Foreign HSBC Defendants' contacts with the forum.  *Bristol-Myers

Squibb Co.*, 137 S. Ct. at 1786 (citation and quotations omitted).  SPV cannot do so.

### A.  The Amended Complaint Impermissibly Lumps the Foreign HSBC Defendants Together and Fails to Plead Jurisdiction with Specificity.

As it has done against various groups of Defendants, *see* Consolidated Brief at 13-14,

SPV seeks to lump together various HSBC Defendants for purposes of pleading those

Defendants' contacts with this forum.  Jurisdiction, however, cannot be implied or imputed from

one defendant to another.  *See Langenberg v. Sofair*, No. 03 Civ. 8339 (KMK), 2006 WL

2628348, at *6 (S.D.N.Y. Sept. 11, 2006).  Accordingly, pleadings that refer to "HSBC" without

identifying the specific HSBC Defendant cannot confer jurisdiction.  *See, e.g.*, Am. Compl.

¶¶ 136, 389.  Similarly, allegations of in-forum conduct by alleged "HSBC" groups in New York

cannot establish jurisdiction over any of the Foreign HSBC Defendants.  *See, e.g.*, Am. Compl.

¶ 398 ("HSBC's Market Risk department in New York"); Am. Compl. ¶ 399 ("HSBC's Product

Control group in New York").  Likewise, allegations that attempt to conflate the U.S.-based and

Foreign HSBC Defendants through defined terms, such as "HSBC Private Bank" (which

collectively refers to HBUS and PBRS, *see* Am. Compl. ¶ 100) and "GSFP Entities" (which

---

[3]      General jurisdiction over the Foreign HSBC Defendants is lacking as there is no allegation that any Foreign HSBC Defendant is incorporated or has its principal place of business in the United States and "SPV points to nothing that would render this an exceptional case."  *UBS AG II*, 882 F.3d at 343; *see also Daimler AG v. Bauman*, 571 U.S. 117, 136-39 (2014).

collectively refers to HSBC Bank, HBUS, and HUSI, *see* Am. Compl. ¶ 105), must be disregarded.

### B. SPV Fails to Plead Sufficient Minimum Contacts as to Any Foreign HSBC Defendant.

None of SPV's allegations is sufficient to tie any Foreign HSBC Defendant to the United States (much less New York) for purposes of this Court's exercising personal jurisdiction over such Defendant:

- HSBC Holdings is a public limited corporation incorporated under the laws of England and Wales, with a principal place of business in London, and is the parent company of the other HSBC Defendants. Am. Compl. ¶ 81. The Amended Complaint contains only two potentially relevant contacts of HSBC Holdings, neither of which supports personal jurisdiction. First, SPV alleges that HSBC Holdings is the parent company of the other HSBC Defendants. Am. Compl. ¶ 81. However, under controlling law, specific jurisdiction cannot solely be based on equity ownership in another company. *See Jazini*, 148 F.3d at 184 (under New York long-arm statute "the presence of [a] subsidiary alone does not establish the parent's presence in the state"); *see also Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983-84 (N.D. Cal. 2016) (requiring prima facie showing that companies are true alter egos in order to impute contacts). Second, SPV claims that "representatives" of HSBC Bank, HSSL and HBUS "visited BLMIS" on behalf of a division of HSBC Holdings plc. Am. Compl. ¶ 99. This one visit to the United States—which SPV does not allege had anything to do with its claims—is insufficient to confer jurisdiction over HSBC Holdings. *Cf. Three Five Compounds, Inc. v. Scram Techs., Inc.*, No. 11 Civ. 1616 (RJH), 2011

-4-

WL 5838697, at *11-12 (S.D.N.Y. Nov. 21, 2011) (collecting cases) (finding two meetings in New York insufficient under New York long-arm statute); *see also Carolina Invesco, LLC v. McGowan*, No. 6:10CV624, 2011 WL 4566264, at *4 (E.D. Tex. Sept. 8, 2011), *adopted by*, 2011 WL 4553019 (E.D. Tex. Sept. 29, 2011) (finding one visit to forum during which defendant allegedly made fraudulent representations an insufficient contact).

- PB Holdings is a majority-owned subsidiary of HSBC Bank incorporated under the laws of Switzerland.  Am. Compl. ¶ 90.  The Amended Complaint contains no allegations that PB Holdings engaged in any jurisdictionally relevant conduct. *See Waldman*, 835 F.3d at 337 (holding that "defendant must expressly aim his conduct at the United States" (citation and quotations omitted)).  In fact, the sole allegation concerning PB Holdings is that it and/or its subsidiary "marketed and directed investor moneys to feeder funds invested with BLMIS."  Am. Compl. ¶ 90.  Such an allegation—particularly without any suggestion that this purported conduct was addressed to Plaintiff, replied upon by Plaintiff, or even involved either U.S. investors or U.S. feeder funds—is insufficient as a matter of law to confer jurisdiction.  *See Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333, 340 (S.D.N.Y. 2016) (finding similar allegations against PB Holdings insufficient under the New York long-arm statute); *see also Maranga v. Vira*, 386 F. Supp. 2d 299, 309 (S.D.N.Y. 2005) (finding that placement of advertising in New York is insufficient to confer jurisdiction under New York long-arm statute).  The absence of any other allegation as to PB Holdings mandates its dismissal.

- HSBC Private Bank (Suisse) is a public company incorporated under the laws of

Switzerland.  Am. Compl. ¶ 91.  The Amended Complaint includes only two

specific allegations against HSBC Private Bank (Suisse), neither of which can

confer jurisdiction.  First, SPV alleges that HSBC Private Bank (Suisse) marketed

and encouraged investments in feeder funds other than Optimal.  Am. Compl.

¶ 415.  As discussed above, this allegation is insufficient to satisfy minimum

contacts, *see supra* at 5 (discussing PB Holdings).  Second, SPV alleges that

HSBC Private Bank (Suisse) "redeemed monies" from a foreign feeder fund other

than Optimal and "requested that redemptions be sent in U.S. dollars to [its]

account at [HBUS] in New York."[4]  Am. Compl. ¶ 379.  Courts have already

rejected similar theories of personal jurisdiction.  *See Universal Trading & Inv.*

*Co. v. Tymoshenko*, No. 11 Civ. 7877 (PAC), 2012 WL 6186471, at *3 (S.D.N.Y.

Dec. 12, 2012) (finding that "directing numerous . . . transactions" that passed

through New York correspondent bank accounts did not provide jurisdiction over

defendant under New York long-arm statute).  All remaining allegations against

HSBC Private Bank (Suisse) are impermissibly lumped together with other HSBC

Defendants, including HBUS, which is domiciled in the United States, and must

---

[4]     This allegation is pled against an entity SPV refers to as "HSBC Suisse," which is not a
Defendant in this action or a defined term within the Amended Complaint.  The term "HSBC
Suisse" was plainly included in error as part of SPV's substantial copying and pasting of a
partially dismissed, and wholly unresolved, complaint filed by the BLMIS Trustee against HSBC
Private Bank (Suisse) and the other HSBC Defendants.  *See* Second Amended Complaint
("SAC") ¶ 126, *Picard v. HSBC Bank plc*, Adv. Pro. No. 09-1364 (SMB) (Bankr. S.D.N.Y.
2015) (defining "HSBC Suisse"); *compare, e.g.*, SAC ¶¶ 189-215 (describing purported fraud
risk of having BLMIS as a custodian), *with* Am. Compl. ¶¶ 159-86 (describing the same in
nearly identical language).  The Court need not consider any of the allegations copied from the
BLMIS Trustee's complaint.  *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y.
2009) (holding that a complaint's allegations "that are either based on, or rely on, complaints in
other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law,
immaterial within the meaning of Fed. R. Civ. P. 12(f)").

be dismissed.  *See supra* at 3-4 (discussing defined term "HSBC Private Bank").[5]

- HSBC Bank is a banking institution incorporated under the laws of England and
  Wales with a principal place of business in the United Kingdom.  Am.
  Compl. ¶ 82.  SPV alleges that HSBC Bank (i) received redemption and
  subscription payments for foreign funds in its account at HBUS, Am. Compl.
  ¶¶ 350, 368, 371, 393-95; (ii) invested in foreign feeder funds, Am. Compl. ¶¶
  106, 304, 308, 311, 389-90; (iii) engaged KPMG and otherwise conducted due
  diligence reviews in New York, *see* Am. Compl. ¶¶ 169, 177; and (iv) sent
  representatives to visit BLMIS on behalf of HSBC Holdings, Am. Compl. ¶ 99.
  Each of these allegations has already been addressed with regard to HSBC
  Holdings (*supra* at 4-5) and HSBC Private Bank (Suisse) (*supra* at 5-7), and
  should be dismissed for the same reasons.  The remaining allegations against

---

[5]    To the extent the Court were to consider the allegations contained in these group pleadings—and it should not do so—these allegations would fail on their own merits.  The allegation that HSBC Private Bank (Suisse) allegedly invested in foreign feeder funds other than Optimal, Am. Compl. ¶¶ 100, 102, 140, 376, has no connection to the United States and is otherwise irrelevant.  *See In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 536-37 (S.D.N.Y. 2008) (personal jurisdiction cannot be exercised over a defendant whose jurisdictional contact was investing in a Cayman Islands hedge fund managed by plaintiffs).  Moreover, any claim to jurisdiction because HSBC Private Bank (Suisse) intended that the foreign feeder funds with which it invested would themselves make investments in New York with BLMIS amounts to nothing more than the stream of commerce theory of jurisdiction that the Supreme Court has explicitly rejected.  *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) ("[I]t is not enough that the defendant might have predicted that its [money] will reach the forum.").  Additionally, the allegation that "HSBC Private Bank" sent employees to New York offices to conduct due diligence on foreign feeder funds, *see, e.g.*, Am. Compl. ¶¶ 101, 140, 381, is, at most, incidental to HSBC Private Bank (Suisse) providing foreign banking services.  Courts have consistently declined to find such incidental contacts sufficient to establish personal jurisdiction.  *See, e.g., Hill*, 207 F. Supp. 3d at 340 (rejecting argument that HSBC Bank's engagement of KPMG to conduct due diligence on BLMIS in New York could confer jurisdiction).

HSBC Bank are made under the defined term "GSFP Entities,"[6] Am. Compl.

¶¶ 104-05, and, in addition to being improper group pleading, allege involvement

only with *foreign* feeder funds, *see* Am. Compl. ¶ 106, and thus cannot confer

personal jurisdiction in the United States.[7]

- <u>HSBC Bank Bermuda</u> is a foreign entity incorporated under the laws of Bermuda.

  Am. Compl. ¶ 87.  HSBC Bank Bermuda was included by SPV within the defined

  terms for both the HSBC Custodian Defendants and the HSBC Administrator

  Defendants.  *See* Consolidated Brief at 13-14.  Beyond those allegations, HSBC

  Bank Bermuda is alleged to have "entered into sub-custody agreements with

  BLMIS on behalf of . . . feeder funds."  Am. Compl. ¶ 150.  This allegation is

  insufficient to establish jurisdiction because the "incidental consequences of

  fulfilling a foreign contract . . . are insufficient" to show purposeful activity in the

  forum.  *See Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017

  WL 816136, at *6 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir.

  2017).  Courts have repeatedly rejected claims that alleged sub-custody

  agreements with BLMIS can confer specific jurisdiction—including specifically

  with respect to HSBC Bank Bermuda.  *See id.* (no specific jurisdiction under New

  York long-arm statute); *Hill*, 207 F. Supp. 3d at 338-39 (same).  In its most recent

---

[6]     As with the allegations against "HSBC Suisse," the allegations against the GSFP Entities are largely copied and pasted from the BLMIS Trustee's proffered second amended complaint and should be disregarded.  *See supra* note 4.

[7]     SPV also alleges that HSBC Bank was, at an unspecified time, substituted for HBUS in a certain swap agreement with a U.S.-based feeder fund.  Am. Compl. ¶ 359.  Even if being substituted into a derivative contract with a U.S. fund could satisfy minimum contacts for *some* claim, it has nothing to do with SPV's claims here and therefore cannot form the basis of this Court's jurisdiction.  *See infra* at 9-11.

Amended Complaint, SPV further alleged that HSBC Bank Bermuda served as custodian for the Kingate Global and King Euro funds, Am. Compl. ¶¶ 406-09, which are explicitly alleged to be foreign funds organized under the laws of the British Virgin Islands, *id.* ¶¶ 54-55.  Allegations that HSBC Bank Bermuda, a foreign entity, received funds that originated with BLMIS while acting as custodian for foreign funds in order to fulfill a foreign contract does not create contacts enabling the exercise of personal jurisdiction in the United States in accord with Due Process. *To*, 2017 WL 816136, at *6.[8]

- <u>HSSL</u> is a foreign entity incorporated under the laws of Luxembourg. Am. Compl. ¶ 88.  As with HSBC Bank Bermuda, HSSL was included by SPV within the defined term for both the HSBC Custodian Defendants and the HSBC Administrator Defendants.  *See* Consolidated Brief at 13-14.  In addition to those allegations, SPV also claims that HSSL "entered into sub-custody agreements with BLMIS on behalf of . . .  feeder funds," Am. Compl. ¶ 150, and (2) "visited BLMIS" on behalf of HSBC Holdings, Am. Compl. ¶ 99.  As discussed above, neither of these alleged contacts is sufficient to confer jurisdiction.[9] *See supra* at 8 (discussing HSBC Bank Bermuda); *supra* at 4-5 (discussing HSBC Holdings).

---

[8]     The allegations in the complaint are internally inconsistent as SPV also alleges that HSBC Bank USA, NA took on the same role in acting as custodian to those same Kingate funds. Am. Compl. ¶ 83.  Therefore, even if the allegations were legally relevant (and they are not), the internally-inconsistent allegations cannot be plausible.

[9]     HSSL is also alleged to be the successor in interest of HSBC Fund Services (Luxembourg) S.A. ("HFSL").  Am. Compl. ¶ 88.  The Amended Complaint alleges no connection between HFSL, which was the sub-administrator and sub-registrar for Hermes Internal Investment Limited, a foreign feeder fund, and the United States.  Am. Compl. ¶¶ 46, 88.

- <u>HSBC (Cayman)</u> was merged into Bank of Bermuda (Cayman) Limited, which is a foreign entity incorporated under the laws of the Cayman Islands.  Am. Compl. ¶ 89.  SPV alleges that HSBC (Cayman) was the administrator of Primeo Fund, a foreign fund organized in the Cayman Islands.  Am. Compl. ¶¶ 41, 89. No other specific allegations are pleaded against it.  It is not even included within the definition of HSBC Administrator Defendants.  Accordingly, SPV has failed to satisfy its burden of pleading any facts establishing that this Court has personal jurisdiction over HSBC Cayman, and HSBC Cayman must be dismissed.

### C.  SPV's Purported Claims Do Not Arise out of or Relate to the Foreign HSBC Defendants' Contacts with the United States.

In order for a court to exercise specific jurisdiction over a foreign defendant, "there must be an affiliation between the forum and the underlying controversy." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 (citation and quotations omitted); *accord Waldman*, 835 F.3d at 341 ("[T]he defendant's suit-related conduct must create a substantial connection with the forum State." (citation and quotations omitted)).  Second Circuit courts apply a "sliding scale" approach to determine the strength of the connection required in order for the exercise of specific jurisdiction to comport with due process. *UBS AG II*, 882 F.3d at 344.  "Where the defendant has had only limited contacts with the [forum] it may be appropriate to say that he will be subject to suit in that [forum] only if the plaintiff's injury was proximately caused by those contacts." *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998) (citation omitted).

The Amended Complaint falls far short of meeting this bar.  Rather than showing any connection between the Foreign HSBC Defendants' alleged actions and Optimal's alleged injuries, it merely "alleges the injuries suffered by [Optimal] were caused by Madoff and BLMIS" and contains "nothing showing [Optimal] relied on [any] marketing materials provided

by the [Foreign HSBC Defendants], was aware of the [Foreign HSBC Defendants] or even knew of the feeder funds at issue." *See UBS v. AG II*, 882 F.3d at 344-46.  Indeed, the Amended Complaint does not allege that Optimal invested in BLMIS in reliance on representations made by the Foreign HSBC Defendants, or that Optimal was even aware that any of the Foreign HSBC Defendants had recommended Madoff feeder funds, performed services for Madoff feeder funds, or themselves indirectly invested in BLMIS.  The Amended Complaint limits itself to the general allegation that the Foreign HSBC Defendants' conduct was "a proximate cause of [Optimal's] being *induced to invest* in BLMIS in the first instance."  Am. Compl. ¶ 40 (emphasis added). This "is simply a repackaging of [SPV's] insufficient argument that *but for* [the Foreign HSBC Defendants'] conduct, [Optimal] would not have been harmed," and cannot establish proximate cause.  *SPV OSUS Ltd. v. AIA LLC*, 15-cv-619 (JSR), 2016 WL 3039192, at *7 (S.D.N.Y. May 26, 2016) (rejecting SPV's allegations that defendants' conduct "proximately caused [Optimal's] injury because it caused the BLMIS investment opportunity to be available" (citation and quotations omitted)).  Accordingly, the "utter lack of nexus" between the Foreign HSBC Defendants' forum-related contacts and SPV's claims mandates the dismissal of the Foreign HSBC Defendants from this Action.  *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 171 (S.D.N.Y. 2015) ("*UBS AG I*"), *aff'd*, 882 F.3d 333 (2d Cir. 2018).

## II.    SPV's Claims Against HUSI Must Be Dismissed as Untimely.

While all of the HSBC Defendants should be dismissed because the Amended Complaint, and each claim set forth therein, was filed outside of the applicable statute of limitations, *see* Consolidated Brief at 33-40, this is especially true for HUSI, which was not joined to the action until the filing of SPV's amended complaint in state court on March 28, 2018—over three years after the filing of the original complaint, and almost 10 years after the revelation of Madoff's

-11-

fraud.  SPV, moreover, provides no reason for its failure to name HUSI in the original complaint, which, under SPV's own flawed argument, was filed on the very last day of the limitations period.  SPV's belated efforts to add HUSI to this action as of March 2018 must therefore be rejected.

III.    **SPV's Own Allegations Against the HSBC Defendants Doom Its Aiding and Abetting Claims.**

By acknowledging in its pleading that the HSBC Defendants engaged in extensive due diligence of BLMIS, that certain HSBC Defendants invested their own money in Madoff, and that the HSBC Defendants only provided banking services to the BLMIS feeder funds they allegedly serviced, SPV pleads facts that independently vitiate its own claims.

A.    **The HSBC Defendants' Alleged Diligence Undermines SPV's Claims of Actual Knowledge.**

To state a claim under New York law for aiding and abetting, SPV must plead sufficient facts to support an inference that the HSBC Defendants possessed actual knowledge of the fraud.[10]  *Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014).  Courts have found, in the context of Madoff's Ponzi scheme, that allegations of efforts by defendants to conduct due diligence on Madoff not only fail to demonstrate such defendants' knowledge of Madoff's fraud but are indicators of the absence of actual knowledge.  *See Picard v. Legacy Cap. (In re BLMIS)*, 548 B.R. 13, 33 (Bankr. S.D.N.Y. 2016) ("The retention of [a firm] to conduct due diligence implies that [defendant] did not know that Madoff was a fraud."); *see also Elendow Fund, LLC v. Rye Select Broad Mkt. XL Fund (In re Tremont Sec. Law, State Law, and Ins. Litig.)*, No. 10 Civ. 9061, 2013 WL 5179064, at *5 (S.D.N.Y. Sept. 16, 2013) ("[I]f [defendant] had known, or even

---

[10]    To the extent SPV seeks to argue that this diligence establishes some *lower* knowledge threshold, like recklessness or constructive knowledge, *see, e.g.*, Am. Compl. ¶ 413, such lower threshold cannot support its aiding and abetting claims.  *In re Agape Litig.*, 773 F. Supp. 2d 298 (E.D.N.Y. 2011).

strongly suspected, that Madoff was perpetrating a fraud, it would have been peculiar for [defendant] to continue discussing ways of gaining greater transparency into Madoff's operations.").

SPV, accordingly, fails not only to show that the HSBC Defendants' had actual knowledge of Madoff's fraud for the reasons set forth in the Consolidated Brief, *see* Consolidated Brief at 22-27, but also refutes any such claim by its mistaken reliance on the HSBC Defendants' extensive efforts to conduct diligence on Madoff and the feeder funds. *See, e.g.*, Am. Compl. ¶¶ 11, 15, 101, 140, 144, 168 (discussing "extensive diligence" by HSBC Private Bank into Fairfield Sentry); *see also id.* ¶¶ 169-71, 177 ("Because of its concerns with BLMIS, in September 2005, HSBC Bank plc engaged KPMG to review BLMIS for fraud and related operation risk."); *id.* ¶¶ 178, 182 (discussing a second KPMG review of BLMIS in 2008); *id.* ¶ 177 (alleging meeting between KPMG and "HSBC personnel" regarding BLMIS due diligence). This alone is fatal to SPV's claims for aiding and abetting fraud.

### B. The HSBC Defendants' Investment and Loss of Their Own Money in BLMIS Undermines SPV's Claims of Actual Knowledge.

Certain of SPV's other allegations are also inconsistent with any theory of the HSBC Defendants' "actual knowledge," as is required for aiding and abetting liability. For example, SPV claims that certain HSBC Defendants "directed hundreds of millions of dollars into Madoff's Ponzi scheme" with the promise of high returns while also hedging their risk by "investing both [their] own money and the cash collateral provided by [a] swap counterparty" in the reference feeder fund. Am. Compl. ¶¶ 288-90; *see also id.* ¶ 109 ("GSFP shouldered little risk in promising levered returns—it hedge[d] . . . facilities by investing the levered amounts in" the reference feeder funds). But it would make no sense for the HSBC Defendants to invest their own money in Madoff—let alone to do so as a "hedge," as SPV alleges—if they had actual

knowledge that Madoff was embezzling investors' funds and operating a Ponzi scheme. *See Legacy Cap.*, 548 B.R. at 32 ("It is common knowledge (undoubtedly more common among sophisticated financial professionals) that a Ponzi scheme will inevitably collapse."). Indeed, as SPV itself acknowledges, when Madoff collapsed, HSBC Holdings announced *over $1 billion* in related losses. Am. Compl. ¶ 410. SPV's allegations regarding the HSBC Defendants' investment strategy—inadequately pleaded against "HSBC" rather than any particular HSBC defendant entity—are therefore completely implausible.

### C. The HSBC Defendants' Alleged Activities Do Not Constitute Substantial Assistance.

As a matter of law, "[a] bank's provision of its usual banking services to a customer . . . does not in and of itself rise to the level of substantial assistance." *Weshnak v. Bank of Am. N.A.* 451 F. App'x 61, 62 (2d Cir. 2012) (citation and quotations omitted); *see also Lerner LLC v. Fleet Bank*, 318 F.3d 113, 124 (2d Cir. 2003) (holding that plaintiffs are too far removed to recover, even where harm suffered was "an unintended and unanticipated byproduct of the banks' alleged racketeering activities"), *abrogated on other grounds sub nom. Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 356 (2d Cir. 2016). For example, in *McBride v. KPMG Int'l*, plaintiffs alleged that defendants JP Morgan and Bank of New York "allowed Madoff to transfer monies back and forth" and "issued structured notes based on the performance of a major Madoff feeder fund, adding to the legitimacy of Madoff, BLMIS, and Madoff's feeder funds, while indirectly bringing in new investor money for Madoff's Ponzi scheme." No. 650632/09, 2014 WL 4063044, at *18 (Sup. Ct. N.Y. Cty. Aug. 15, 2014). The court held that these allegations failed to constitute substantial assistance, citing extensive Second Circuit authority holding that the provision of standard banking services cannot constitute substantial assistance. *Id.* at *19. The Amended Complaint fails to allege that the HSBC Defendants did

-14-

anything other than provide standard banking services to the Madoff feeder funds.  The same result must therefore obtain here.

Nor could alleged inaction by the HSBC Defendants have constituted substantial assistance to Madoff's fraud.[11]  This Court has held that "inaction is substantial assistance only when the defendant owes a fiduciary duty directly to the plaintiff."  *Rosner v. Bank of China*, No. 06 Civ. 13562, 2008 WL 5416380, at *14 n.15 (S.D.N.Y. Dec. 18, 2008) (citation and quotations omitted).  Plaintiff has not alleged that any of the Defendants owed fiduciary duties to it (or Optimal), nor could it—Optimal was a customer of BLMIS, not the Defendants, and "banks do not owe non-customers a duty to protect them from . . . intentional torts."  *McBride*, 2014 WL 4063044, at *18 (citation and quotations omitted); *see also Ryan v. Hunton & Williams*, No. 99-CV-5938 (JG), 2000 WL 1375265, at *10 (E.D.N.Y. Sept. 20, 2000) (holding that bank's failure to warn depositor that it suspected fraud was not substantial assistance because "[t]he relationship between a bank and its depositor is not a fiduciary one, but only that of a debtor and creditor"); *In re Agape*, 773 F. Supp. 2d at 323 ("BOA had no affirmative duty to detect and thwart [the] fraud," and so its "failure to act may not serve as the basis for claiming that [it] provided substantial assistance" (quotations omitted)).  SPV's substantial assistance claim thus fails for this reason as well.

---

[11]     *See, e.g.*, Am. Compl. ¶ 9 ("Despite knowing of the serious risks of fraud that Madoff posed, the HSBC Defendants delegated many of their most critical roles and responsibilities to BLMIS"); *id.* ¶ 10 ("Madoff could not have perpetuated his fraud unless the HSBC Defendants turned a blind eye and pretended to ensure the existence of assets and trades when, in fact, they did not.")

## CONCLUSION

For the foregoing reasons, the HSBC Defendants respectfully request that this Court dismiss the Amended Complaint.

Dated: New York, New York
       September 21, 2018

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP


*/s/ Thomas J. Moloney*
Thomas J. Moloney
(tmoloney@cgsh.com)
Diarra M. Guthrie
(dguthrie@cgsh.com)

One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Fax:  (212) 225-3999

*Attorneys for the HSBC Defendants*

-16-