UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SPV OSUS LTD.,

                Plaintiff,

      -against-

HSBC HOLDINGS PLC, HSBC BANK PLC, HSBC BANK USA, NA, HSBC USA INC., HSBC SECURITIES SERVICES (BERMUDA) LIMITED, HSBC INSTITUTIONAL TRUST SERVICES (BERMUDA) LIMITED, HSBC BANK BERMUDA LIMITED, HSBC SECURITIES SERVICES (LUXEMBOURG) S.A., HSBC BANK (CAYMAN) LIMITED, HSBC PRIVATE BANKING HOLDINGS (SUISSE) S.A., HSBC PRIVATE BANK (SUISSE) S.A., HSBC FUND SERVICES (LUXEMBOURG) S.A., SONIA KOHN, MARIO BENBASSAT, ALBERTO BENBASSAT, STEHPANE BENBASSAT, 20:20 MEDICI AG, UNICREDIT BANK AUSTRIA AG, BA WORLDWIDE FUND MANAGEMENT LTD., UNICREDIT S.P.A., HERALD ASSET MANAGEMENT LIMITED, EUROVALEUR, INC., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LIMITED, ALPHA PRIME ASSET MANAGEMENT LTD., REGULUS ASSET MANAGEMENT LIMITED, CARRUBA ASSET MANAGEMENT LIMITED, TEREO TRUST COMPANY LIMITED, GENEVALOR, BENBASSAT ET CIE, HERMES ASSET MANAGEMENT LIMITED, THEMA ASSET MANAGEMENT (BERMUDA) LTD., THEMA ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT PARTNERS, L.P., AURELIA FUND MANAGEMENT LIMITED, INTER ASSET MANAGEMENT INC., T+M TRUSTEESHIP & MANAGEMENT SERVICES S.A., GTM MANAGEMENT SERVICES CORP. N.V., AURELIA ASSET MANAGEMENT PARTNERS, CAPE INVESTMENT ADVISORS LIMITED and ERWIN KOHN,

Case No. 18-3497 (AJN)

**ORAL ARGUMENT REQUESTED**

|  | : |
| --- | --- |
| Defendants. | : |
|  | : |

------------------------------------------------------------------x

**SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANTS HERMES ASSET MANAGEMENT LIMITED, THEMA ASSET MANAGEMENT (BERMUDA) LTD., THEMA ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT PARTNERS, L.P., AURELIA F. MANAGEMENT LTD. AND CAPE INVESTMENT ADVISORS <u>IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.     SPV's Claims against the Bermuda Defendants Should Be Dismissed for Lack of Personal Jurisdiction. ........................................................................................................ 2

        A.     SPV Has Not Pled General Jurisdiction over the Bermuda Defendants. ................. 3

        B.     SPV Does Not Allege Sufficient Minimum Contacts to Establish Specific Jurisdiction over Any Bermuda Defendant............................................................. 4

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205 (2d Cir. 1970) ................8

*Bristol-Myers Squibb Co. v. Superior Court Calif., San Francisco Cty.*, 137 S. Ct. 1773 (2017) ..................................................................................................................................2, 3

*Casio Computer Co. v. Sayo*, No. 98CV3772 (WK), 2000 WL 1877516 (S.D.N.Y. Oct. 13, 2000) ...........................................................................................................................6

*Chew v. Dietrich*, 143 F.3d 24 (2d Cir. 1998) .................................................................................3

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ..........................................................................3, 4

*Frummer v. Hilton Hotels Int'l Inc.*, 19 N.Y.2d 533 (1967)............................................................9

*Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), aff'd, 700 F. App'x 66 (2d Cir. 2017) ..............................................6

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985)............................................9

*In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305 (S.D. Fla. July 30, 2010), aff'd sub nom...................................................................................................................6

*In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456 (S.D.N.Y. June 17, 2010) ............8

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).......................................................................2

*Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011) ............................................................................................................................6

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998) .......................................................5

*SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018) ......................................................2, 3, 7

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17 (2d Cir. 2004).....................................................2

*Waldman v. Palestine Liberation Org.*, 835 F.3d 317 (2d Cir. 2017) ............................................3

*Walden v. Fiore*, 134 S. Ct. 1115 (2014).....................................................................................2, 3

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000)..................................................9

Defendants Hermes Asset Management Limited, Thema Asset Management (Bermuda) Ltd., Thema Asset Management Limited, Equus Asset Management Limited, Equus Asset Management Partners, L.P., Aurelia F. Management Ltd. and Cape Investment Advisors (collectively the "Bermuda Defendants")[1] respectfully submit this supplemental memorandum of law in support of Defendants' Memorandum of Law in Support of Their Motion to Dismiss (the "Consolidated Brief").[2]

## PRELIMINARY STATEMENT

The Amended Complaint should be dismissed as to all Bermuda Defendants for the reasons set forth in detail in the Consolidated Brief alone; no other reason is needed. The Bermuda Defendants write separately only to emphasize the utter deficiency of the personal jurisdiction allegations against each of them.

The Bermuda Defendants consist of seven separate entities—six based in Bermuda and one in the British Virgin Islands—which are alleged to have shared certain investors or officers. The Bermuda Defendants are lumped together with other so-called Management or Beneficial Owner Defendants in the Amended Complaint in a series of wholly generalized allegations regarding personal jurisdiction. None of the seven Bermuda Defendants are alleged to have provided any services to Optimal, to have solicited any investment from Optimal or to have had any direct connection to Optimal whatsoever. The Bermuda Defendants are alleged to have been

---

[1] For convenience, these seven investment management defendants, six of which are based in Bermuda and one in the British Virgin Islands and which managed or invested in other, nonparty funds, are defined as the Bermuda Defendants.

[2] The Bermuda Defendants incorporate by reference all applicable arguments made in the Consolidated Brief and in the declaration and exhibits submitted therewith. All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Consolidated Brief.

managed and based entirely outside of the United States and to have provided services to, or to have owned interests in, entirely *different*, and entirely *foreign*, non-U.S. funds.

The claims against the Bermuda Defendants are claims (i) by foreign plaintiffs, (ii) against foreign defendants, (iii) allegedly in connection with foreign funds and (iv) arising from conduct that allegedly took place entirely outside of New York.  They should be dismissed for lack of personal jurisdiction and for all of the other reasons set forth in the Consolidated Brief.

## ARGUMENT

### I. **SPV's Claims against the Bermuda Defendants Should Be Dismissed for Lack of Personal Jurisdiction.**

SPV cannot rely on generalized allegations to establish personal jurisdiction.  As Plaintiff, it bears the burden of establishing that the Court has personal jurisdiction over *each* defendant, "with respect to *each* claim asserted."  *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) (emphasis in original).

Following removal to federal court, Plaintiff SPV must make a *prima facie* showing that exercising personal jurisdiction over each of the foreign Bermuda Defendants would be consistent with due process.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) ("When a case is removed to federal court pursuant to 28 U.S.C. § 1452, personal jurisdiction is allowed to the extent permitted by the Constitution of the United States.").  As the Consolidated Brief makes clear, to satisfy due process, "the Amended Complaint must allege (i) sufficient 'minimum contacts' showing either that each Defendant has a 'substantial connection' to the United States or that it 'purposefully' directed its actions to the United States and (ii) that the claims 'arise out of' such contacts."  Con. Br. at 12 (citing *Walden v. Fiore*, 571 U.S. 277, 283–85 (2014).  The Court's

inquiry must "focus[] on the relationship among the defendant, the forum, and the litigation." *Id*. (citing *Walden*, 571 U.S. at 284; *Bristol-Myers Squibb Co. v. Superior Court Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2018); *accord Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 341 (2d Cir. 2017) (internal quotation marks and citation omitted).  The Second Circuit applies a "sliding scale" approach to determine the strength of the connection required in order for the exercise of specific jurisdiction to comport with due process.  *See SPV OSUS Ltd.*, 882 F.3d at 344 (quoting *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998)).  "Where the defendant has had only limited contacts" with the forum, it should be subject to suit in that forum "only if the plaintiff's injury was proximately caused by those contacts." *Id*.

### A.  SPV Has Not Pled General Jurisdiction over the Bermuda Defendants.

Plaintiffs do not and cannot assert any basis for general jurisdiction over the Bermuda Defendants, none of which are incorporated or have their principal place of business in the United States.  Con. Br. at 12; *see Daimler AG v. Bauman*, 134 S. Ct. 746, 760–62 (2014); S*PV OSUS Ltd.*, 882 F.3d at 338–39.

The only allegations addressing the jurisdictional connections of the Bermuda Defendants admit that each Bermuda Defendant is based and does business entirely outside the United States.  SPV admits that each Bermuda Defendant is incorporated outside of the United States, has its principal place of business outside of the United States and is associated with a foreign investment fund for foreign investors *other than* Optimal.  Specifically, the Amended Complaint alleges that:

- "<u>Hermes Asset Management Limited</u> ("Hermes Management") is a company organized under the laws of Bermuda," located in Hamilton, Bermuda, that "served as the investment manager of Hermes and Lagoon Trust," Am. Compl. ¶ 68, both of which are domiciled in the British Virgin Islands. *See* Am. Compl. ¶¶ 46, 52.

-3-

- "Thema Asset Management (Bermuda) Ltd. ("Thema Management Bermuda") is a company organized under the laws of Bermuda," located in Hamilton, Bermuda, that "served as the investment manager of Thema Fund," Am. Compl. ¶ 69, which is an investment fund organized under the laws of the British Virgin Islands. *See* Am. Compl. ¶ 48.

- "Thema Asset Management Limited ("Thema Management BVI") is a company organized under the laws of the British Virgin Islands," located in Tortola, British Virgin Islands, that "served as the investment manager and global distributor for Thema International," Am. Compl. ¶ 70, which is an investment fund organized under the laws of Ireland. *See* Am. Compl. ¶ 50.

- "Equus Asset Management Limited ("Equus") is a company organized under the laws of Bermuda," located in Hamilton, Bermuda, that "provided administrative support to Thema Management Bermuda in its capacity as investment manager of Thema Fund. In addition, Equus holds ownership interests in Hermes Management and Thema Management Bermuda." Am. Compl. ¶ 71.

- "Equus Asset Management Partners, L.P. ("Equus Partners") is a partnership formed under the laws of Bermuda," located in Hamilton, Bermuda, that "is an owner of defendant Equus and, ultimately, holds interests in Hermes Management and Thema Management Bermuda by virtue of its ownership interest in Equus. Equus Partners also provided administrative support to Hermes Management, in its capacity as investment manager of Hermes and Lagoon Trust." Am. Compl. ¶ 72.

- "Aurelia Fund Management Limited ("Aurelia") is a company organized under the laws of Bermuda," located in Hamilton, Bermuda, that "provided administrative support to Hermes Management, the investment manager of Hermes and Lagoon Trust. Aurelia was also the investment adviser of Lagoon Trust." Am. Compl. ¶ 73.

- "Cape Investment Advisors Limited ("Cape Investment") is a company organized under the laws of Bermuda" located in Hamilton, Bermuda, that "holds an ownership interest in Thema Management Bermuda." Am. Compl. ¶ 79.

On the basis of these allegations, this Court clearly lacks general jurisdiction over the Bermuda Defendants. *See Daimler*, 134 S. Ct. at 754.

### B. SPV Does Not Allege Sufficient Minimum Contacts to Establish Specific Jurisdiction over Any Bermuda Defendant.

Throughout its Amended Complaint, SPV simply lumps the Bermuda Defendants together in the groups of "Management" or "Beneficial Owner" Defendants and alleges that all

of those defendants—without distinction—"routinely directed the transfer of investor funds to, and the receipt of investor funds from, BLMIS in New York; derived significant revenue from the purported sales and purchases of securities in New York; and committed tortious acts, both within and outside of New York, causing injury within New York." Am. Compl. ¶¶ 74, 129–32. The allegations regarding communications to New York are just as vague and general. SPV alleges that the Management Defendants, again generally speaking, or their agents communicated regularly with persons in New York, delivered account opening documents and agreements to New York and received statements and confirmations and derived revenue from activity in New York. *Id.* Only one of the Bermuda Defendants, Cape Investment Advisors, is alleged to be a Beneficial Owner Defendant, and it too, is addressed solely in the broad, group allegations that the Beneficial Owner Defendants generally "derived significant revenue from New York and committed tortious acts, both within and outside of New York, causing injury within New York" and "assisted in directing the transfer of funds into, and the receipt of funds from, BLMIS's account at JP Morgan Chase . . . for the explicit purpose of investing with BLMIS, and they and/or their agents regularly transacted business in New York." Am. Compl. ¶¶ 80, 133, 135.

As the Consolidated Brief argues in detail, the Amended Complaint's general assertions that the Management Defendants and Beneficial Owner Defendants transferred funds and exchanged communications and documents with BLMIS in New York, Am. Compl. ¶¶ 129–35, are not sufficient to establish jurisdiction. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (holding a "conclusory statement" that was "a restatement, with slight changes, of the legal standard" for personal jurisdiction is inadequate). Con. Br. at 11.

Allegations that a defendant directed the transfers of others' funds into and out of a New York account are, as a matter of law, insufficient to show that those defendants purposefully subjected themselves to a U.S. forum, as required to establish personal jurisdiction. *See Casio Computer Co. v. Sayo*, No. 98CV3772 (WK), 2000 WL 1877516, at *26 (S.D.N.Y. Oct. 13, 2000) (stating that, "although certain defendants [allegedly] conduct business in the United States, and [the alleged] wire transfers reached bank accounts in the United States, such conduct . . . does not satisfy the level of minimum contacts required to assert personal jurisdiction over them"); *see also Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136, at *5 (S.D.N.Y. Mar. 1, 2017), aff'd, 700 F. App'x 66 (2d Cir. 2017) (holding that the "sending of monies into New York" is "not sufficient to establish personal jurisdiction without the defendant having 'projected' itself into New York for the purposes of conducting business there" for jurisdiction under the New York long-arm statute).

The allegation that the Management Defendants, generally speaking, "communicated regularly" with New York is not sufficient to warrant jurisdiction. SPV does not allege that these communications were anything more than the incidental consequences of the Management Defendants' fulfillment of their obligations to provide investment advisory and management services to *foreign* feeder funds under *foreign* agreements. Peripheral contacts with this forum like the limited communications alleged here cannot give rise to personal jurisdiction. *See Hau Yin To*, 2017 WL 816136, at *5 (finding communications with BLMIS in connection with fulfilling duties under foreign contracts insufficient to confer jurisdiction under the New York long-arm statute); *Hill v. HSBC Bank PLC*, 207 F. Supp. 3d 333, 340 (S.D.N.Y. Sept. 15, 2016) (same); *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1322 (S.D. Fla.

July 30, 2010), aff'd sub nom. *Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011) (same).

Allegations that the Management Defendants "derived substantial revenue from interstate or international commerce" and should have reasonably expected their alleged tortious acts to have consequences in New York do not provide a sufficiently specific factual basis to subject these foreign Bermuda Defendants to jurisdiction in this Court. *See* Am. Compl. ¶ 129. The complaint does not provide any facts to suggest that any one of the Bermuda Defendants—who were managing foreign investment funds for foreign investors from their places of business outside the U.S.—should have expected that any failure to perform its duties would expose it to consequences in New York, much less the defendant-by-defendant factual allegations required to haul each into court in New York, particularly on the basis of injuries claimed by a fund, Optimal, that was itself based in yet another foreign jurisdiction, the Bahamas.

The Amended Complaint identifies no conduct specific to the Bermuda Defendants and generally relies on the Defendants', as a whole, alleged transfer of funds to and from BLMIS, alleged communications with BLMIS in connection with investment advisory and management services offered to other feeder funds (but not Optimal) and alleged acts as service providers for foreign feeder funds that they serviced (which do not include Optimal). None of these alleged activities demonstrate "substantial connection" between the Bermuda Defendants and the United States or can be directly connected to SPV's alleged injury. Furthermore, this Court has already considered and rejected similar jurisdictional contacts for the purposes of establishing personal jurisdiction. *SPV OSUS Ltd.*, 882 F.3d at 344. ("None of the UBS Defendants are resident[s] in New York . . . the contacts alleged by SPV between the UBS Defendants, the forum and the

litigation amount to a handful of communications and transfers of funds. These limited contacts are insufficient to allow the exercise of specific personal jurisdiction over the UBS Defendants.")

Plaintiffs cannot rely on vague and unspecified visits to New York by the "Non-Defendant Individuals," Am. Compl. ¶ K, Mario Benbassat, Alberto Benbassat and Stephane Benbassat, alleged to have helped create, invest, manage and direct the majority of the Bermuda Defendants as well as the underlying funds serviced by them.[3] *See* Am. Compl. ¶¶ 68–72, ¶¶ 116–18. Plaintiff alleges that these nonparty individuals "regularly traveled to New York City to meet with Madoff," Am. Compl. ¶¶ 116–118, but do not allege any facts whatsoever to tie these visits to their claims or to their attempt to assert jurisdiction over these defendants. Plaintiff does not allege when these meetings took place, which, if any, of the Bermuda Defendants were discussed, and makes no allegation that these visits had anything to do with any of the claims asserted. Even if Plaintiff provided a sufficiently specific factual basis on these alleged trips by non-parties to impute the Bermuda Defendants to jurisdiction in this Court—which it does not, occasional visits to the forum by a nonresident alone is not sufficient to satisfy due process. *In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456, 473 (S.D.N.Y. June 17, 2010) (citing *Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 211–12 (2d Cir. 1970) (visits "every few months" to solicit business found insufficient); *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 733 (S.D.N.Y. Sept. 10, 2001) (occasional trips, on average of four to five visits per year, insufficient).

---

[3] The individual members of the Benbassat family are not defendants in this action and have never been (and now cannot be) served. *See* Exhibit B, Notice of Removal (April 2017, letter from Plaintiff to defendants listing the parties that had been served or had agreed to accept service through counsel). Plaintiffs themselves also acknowledge that the Benbassats are not defendants in this action. *See* Am. Compl. ¶ K. Plaintiff has not asserted and cannot assert any claims against the Benbassats and should correct their Amended Complaint and drop the Benbassats from the caption.

*Finally*, the Amended Complaint is devoid of allegations that the Bermuda Defendants have any other of the connections to New York that courts commonly look for to establish jurisdiction, such as "whether the company has an office in the state; whether it has any bank accounts or other property in the state; whether it solicits business in the state; whether it has a phone listing in the state; whether it does public relations work in the state; and whether it has individuals permanently located in the state to promote its interests." *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 98 (2d Cir. 2000) (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985); *Frummer v. Hilton Hotels Int'l Inc.*, 19 N.Y.2d 533, 537 (1967). As such, in light of the fact that the Bermuda Defendants are not alleged to maintain any substantial connections to New York and that Plaintiff's threadbare allegations do not contain any cognizable jurisdictional facts specific to the Bermuda Defendants, jurisdiction over the Bermuda Defendants is not reasonable or proper in this case and would not comport with the Bermuda Defendants' constitutional due process rights.

## CONCLUSION

For the foregoing reasons, the Bermuda Defendants respectfully request that the Court enter an order dismissing the claims against the Bermuda Defendants for lack of personal jurisdiction.

Dated: New York, New York
September 21, 2018

                        Respectfully submitted,

                        DEBEVOISE & PLIMPTON LLP

                        By: /s/ Shannon Rose Selden
                            Shannon Rose Selden
                            DEBEVOISE & PLIMPTON LLP
                            919 Third Avenue
                            New York, NY 10022
                            Tel: 212-909-6000
                            Fax: 212-909-6836
                            srselden@debevoise.com

*Counsel to Defendants Hermes Asset Management Limited, Thema Asset Management (Bermuda) Ltd., Thema Asset Management Limited, Equus Asset Management Limited, Equus Asset Management Partners, L.P., Aurelia F. Management Ltd. and Cape Investment Advisors*