UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
SPV OSUS LTD.,

        Plaintiff,    No. 1:18-cv-03497-AJN

   - against -        **ORAL ARGUMENT**
              **REQUESTED**
HSBC HOLDINGS PLC, *et al.*,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**SUPPLEMENTAL MEMORANDUM OF LAW OF UNICREDIT BANK AUSTRIA AG
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**


                **SULLIVAN & WORCESTER LLP**
                Franklin B. Velie
                Jonathan Kortmansky
                Mitchell C. Stein
                1633 Broadway
                New York, New York 10019
                Tel.: (212) 660-3000

                *Counsel for Defendant UniCredit*
                *Bank Austria AG*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

PLAINTIFF'S ALLEGATIONS RELATING TO BANK AUSTRIA ........................................ 1

ARGUMENT .............................................................................................................................. 3

I.    The Court Does Not Have Personal Jurisdiction Over Bank Austria ................................ 3

    A.    There is No General Jurisdiction Over Bank Austria ................................................ 3

        1.    The Alleged Contacts Do Not Confer General Jurisdiction Over BA ............ 3

        2.    Plaintiff's Alter Ego Theory of General Jurisdiction Fails ............................ 5

    B.    There is No Specific Jurisdiction Over Bank Austria ............................................. 6

II.    The Complaint Fails to State a Claim Against Bank Austria ............................................ 8

    A.    Plaintiff Fails to Allege Actual Knowledge ............................................................ 8

    B.    Plaintiff Fails to Allege Substantial Assistance ....................................................... 9

CONCLUSION ........................................................................................................................... 10

i

**TABLE OF AUTHORITIES**

**Cases**

*Bristol-Myers Squibb, Co. v. Superior Court of California*,
    137 S. Ct. 1773 (2017) ..................................................................................................7

*Calder v. Jones*,
    465 U.S. 783 (1984) ......................................................................................................7

*Chew v. Dietrich*,
    143 F.3d 24 (2d Cir. 1998) ......................................................................................... 6-7

*Chloé v. Queen Bee of Beverly Hills, LLC*,
    616 F.3d 158 (2d Cir. 2010) ..........................................................................................3

*Daimler AG v. Bauman*,
    471 U.S. 117 (2014) ............................................................................................. 3, 4, 5

*DeBlasio v. Merrill Lynch & Co.*,
    No 07 Civ. 318, 2009 WL 2242605 (S.D.N.Y. July 27, 2009) .....................................8

*Estate of Ungar v. Palestinian Authority*,
    400 F. Supp. 2d 541 (S.D.N.Y. 2005) ........................................................................ 4-5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ...................................................................................................3, 6

*Gucci Am., Inc. v. Weixing Li*,
    768 F. 3d 122 (2d Cir. 2014) .......................................................................................3, 4

*Kirschner v. Bennett*,
    648 F. Supp. 2d 525 (S.D.N.Y. 2009) ...........................................................................8

*Jazini v. Nissan Motor Co.*,
    148 F.3d 181 (2d Cir. 1998) ......................................................................................4, 5

*Marino v. Grupo Mundial Tenedora, SA*,
    810 F. Supp. 2d 601 (S.D.N.Y. 2011) ...........................................................................8

*Met. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996) ............................................................................................6

*Packer v. TDI Systems, Inc.*,
    959 F. Supp. 192 (S.D.N.Y. 1997) ............................................................................ 5-6

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010) ............................................................................................3

*S. New England Tel. Co. v. Global NAPs Inc.*,
   624 F. 3d 123 (2d Cir. 2010)......................................................................................5, 6

*SPV OSUS Ltd. v. AIA LLC,*
   2016 WL 3039192 (S.D.N.Y. May 26, 2016) .......................................................9, 10

*SPV OSUS Ltd. v. UBS AG*,
   882 F.3d 333 (2d Cir. 2018).................................................................................4, 5, 7

*Sunward Elecs., Inc. v. McDonald*,
   362 F.3d 17 (2d Cir. 2004)...............................................................................................3

*Waldman v. Palestine Liberation Org.*,
   835 F.3d 317 (2d Cir. 2016).............................................................................................3

*Walden v. Fiore*,
   571 U.S. 277, 134 S.Ct. 1115 (2014)..............................................................................6

**Statutes**

Fed R. Civ. P. 9(b) ..................................................................................................................8

Defendant UniCredit Bank Austria AG ("Bank Austria" or "BA") respectfully submits this Supplemental Memorandum of Law in support of Defendants' motion to dismiss the Second Amended Complaint ("SAC") of Plaintiff SPV OSUS Ltd. ("SPV" or "Plaintiff").

## PRELIMINARY STATEMENT

This action is a companion case to *SPV OSUS Ltd. v. UBS*, 15-cv-619 (JSR) (the "UBS Action"), in which the same Plaintiff asserted the same claims based on substantially similar allegations. The UBS Action was dismissed by this Court, which held that (1) personal jurisdiction did not exist over the foreign defendants, and (2) SPV had failed to state a claim against the remaining defendants. That dismissal was affirmed by the Second Circuit. This court should dismiss the SAC with prejudice for the same reasons.

The SAC fares no better than its predecessors: the same myriad defects that led to the dismissal of the UBS Action – such as SPV's failure to plead that the Defendants proximately caused their injuries or that they had actual knowledge of Madoff's fraud – remain in the SAC, and Plaintiff's attempts to cure them fail. Similarly, Plaintiff fails in its attempt in the SAC to establish general jurisdiction over BA, as its conclusory allegations that Bank Austria controlled certain affiliates or subsidiaries fail to demonstrate that Bank Austria is "at home" in New York.

The SAC should be dismissed as to Bank Austria for the reasons set forth in Defendants' Memorandum of Law in Support of Their Motion to Dismiss (the "Consolidated Brief"). Bank Austria submits this supplemental memorandum in further support of the Consolidated Brief in order to set forth additional arguments specific to BA in support of its dismissal from this action.

## PLAINTIFF'S ALLEGATIONS RELATING TO BANK AUSTRIA

The SAC alleges that Bank Austria is "a company organized under the laws of Austria, with a registered address at Schottengasse 6-8, 1010 Vienna, Austria." SAC ¶ 57. Plaintiff

further alleges, on information and belief, that "during a portion of the relevant period, Bank Austria maintained a branch office at 150 E. 42nd Street, New York, New York" and that, "during at least a portion of the relevant period, Bank Austria...regularly transacted business in New York." *Id.* ¶¶ 57, 134.  The SAC also adds an allegation that in 1993 and 2001, Bank Austria "registered with the SEC and sponsored through [Bank Austria Securities, Inc.'s] offices in New York depositary slips (with tickers including "BAAXY" and "BAAGY") for shares of its common stock to actively trade on exchanges in New York." *Id.*

In addition, the SAC adds the following allegations regarding the alleged New York contacts of certain Bank Austria subsidiaries and affiliates:

> Annual reports of UniCredit and Bank Austria and historical records of and filings with the Federal Reserve Board, the SEC, FINRA and the Department of State of the State of New York list numerous Bank Austria-controlled and -directed subsidiaries and affiliates incorporated in New York, having principal executive offices at 150 E. 42nd Street, New York, New York, and/or doing business in New York, including Bank Austria America, Inc., Bank Austria Holdings, Inc., Bank Austria Commercial Paper, Inc., Bank Austria Mortgage Corp., Bank Austria Finance, Inc., Bank Austria Securities, Inc. ("BASI"), BA Alpine Holdings, Inc., Bank Austria Creditanstalt American Corporation, Bank Austria Creditanstalt Trade Finance Services, Inc., Bank Austria Creditanstalt Community Development, Inc. CA IB Securities (New York) Inc. and others.

*Id.*

The remainder of the allegations in the SAC that relate to Bank Austria consist entirely of allegations that BA co-founded, controlled, marketed and/or provided services to certain foreign investment funds that invested with BLMIS.  *Id.* ¶¶ 57 (alleging on information and belief that BA "helped create, control, and/or market Primeo, Alpha Prime and Senator"), 41, 44, 45, 267-268 (alleging that BA co-founded and solicited investors for Primeo), 271, 273, 275, 277.  Finally, the SAC alleges that BA "received fees and/or distributions to which it is not entitled." *Id.* ¶ 57.

**ARGUMENT**

**I.  The Court Does Not Have Personal Jurisdiction Over Bank Austria**

Plaintiff has the burden of making "a prima facie showing that jurisdiction exists." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) (internal quotation marks omitted). The complaint "must include an averment of *facts*," rather than vague, conclusory allegations, "that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (emphasis added; internal quotation marks and brackets omitted). Plaintiff must make a prima facie showing of jurisdiction with respect to each individual defendant, *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016), and "with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004). Plaintiff fails to make the required showing with respect to Bank Austria.

**A.  There is No General Jurisdiction Over Bank Austria**

1.  <u>The Alleged Contacts Do Not Confer General Jurisdiction Over BA</u>

"[A] court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 471 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "Aside from 'an exceptional case'... a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Gucci Am., Inc. v. Weixing Li*, 768 F. 3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 471 U.S. at 139 n.19).

3

Plaintiff alleges that Bank Austria is incorporated and has its principal place of business in Austria, not New York (SAC ¶ 57), and "SPV points to nothing that would render this an exceptional case." *SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) ("*UBS AG II*"). The sole allegations regarding BA's contacts with New York are that (1) on information and belief, BA had a branch office in New York "during a portion of the relevant period" and "regularly transacted business in New York" (SAC ¶¶ 57, 134), and (2) BA registered with the SEC and sponsored depositary slips of its common stock to trade on New York exchanges. *Id.* ¶ 57. These allegations fall far short of establishing that BA is "at home" in this forum.

First, the allegation that Bank Austria transacted business in New York is wholly conclusory and must be disregarded. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) ("conclusory non-fact-specific jurisdictional allegations" insufficient to establish prima facie case of jurisdiction). Second, SPV does not allege that BA had any contact with New York at the time the complaint was filed. It alleges only that, *in the past*, BA had a New York branch for an unspecified period of time and that BA last sponsored depositary slips in 2001. Such allegations do not demonstrate the requisite "constant and pervasive" contacts with a state required to justify the exercise of general jurisdiction over a foreign corporation. *Daimler*, 571 U.S. at 122.

Even if Plaintiff alleged that Bank Austria had contacts in New York at the time the Complaint was filed, they would be insufficient to establish general jurisdiction over BA. A single branch is insufficient to establish general jurisdiction over a foreign bank. *Gucci*, 768 F. 3d at 135 (holding that general jurisdiction did not exist over Bank of China, a foreign bank "incorporated and headquartered elsewhere," despite the presence of four branch offices in the United States). Likewise, "having securities listed on a New York exchange...is insufficient to

confer general jurisdiction over the seller." *Estate of Ungar v. Palestinian Authority*, 400 F. Supp. 2d 541, 550 (S.D.N.Y. 2005) (holding that defendant's contacts, including an American Depositary Receipt program instituted "in New York for the purpose of raising money from U.S. capital markets," were insufficient to confer general jurisdiction over defendant).

### 2. Plaintiff's Alter Ego Theory of General Jurisdiction Fails

Plaintiff's attempt to establish general jurisdiction over Bank Austria based on the presence in the forum of BA's alleged subsidiaries and affiliates fails as well. Plaintiff lists 11 entities and claims that they are "Bank Austria-controlled and -directed subsidiaries and affiliates" that are "incorporated in New York, hav[e] principal executive offices at 150 E. 42nd Street, New York, New York, and/or [are] doing business in New York." SAC ¶ 57.

First, Plaintiff fails to establish that any of the listed entities are "at home" in New York. SPV does not specifically allege which, if any, of the 11 entities are incorporated or have their principal place of business in New York. Given the wording of Plaintiff's allegation, each entity could be merely "doing business in New York" – a wholly conclusory allegation that is insufficient to establish general jurisdiction over a foreign corporation. *Jazini*, 148 F.3d at 185; *Daimler*, 571 U.S. at 122.

Second, Plaintiff fails to allege that Bank Austria is the alter ego of any of the listed entities. To make a prima facie showing of jurisdiction over BA on an alter ego theory, the SAC must contain "a specific averment of facts that, if credited, would suffice to show that" BA and its alleged subsidiaries "operate as a single economic unit" and that Bank Austria "dominates and controls" the New York-based entities. *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F. 3d 123, 138 (2d Cir. 2010). Courts consider the following factors in determining whether alter ego has been adequately pled: "(1) the absence of corporate formalities normally attendant on

5

corporate existence, such as issuance of stock, election of directors, keeping of corporate records, and so forth; (2) inadequate capitalization; (3) the intermingling of corporate and personal finances; and (4) the amount of business discretion displayed by the purported alter ego corporation." *Packer v. TDI Systems, Inc.*, 959 F. Supp. 192, 202 (S.D.N.Y. 1997).

The SAC does not allege any of these relevant factors – indeed, it contains no facts at all regarding Bank Austria's alleged domination and control of the alleged subsidiaries. The SAC contains nothing more than the wholly conclusory allegation that the subsidiaries are "Bank Austria-controlled and –directed." SAC ¶ 57. Without the required "specific averment of facts," the SAC fails to establish that Bank Austria is the alter ego of any of the alleged subsidiaries or affiliates. *S. New England Tel. Co.*, 624 F. 3d at 138. SPV's attempt to establish general jurisdiction over Bank Austria on an alter ego theory thus fails.

### B. There is No Specific Jurisdiction Over Bank Austria

Likewise, there is no specific jurisdiction over Bank Austria. "Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Met. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). A defendant must have committed "some act by which [it] purposefully availed itself of the privilege of conducting activities within the forum State," *Goodyear*, 564 U.S. at 924 (internal quotation omitted), and "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115, 1121 (2014). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Id.* at 1121 (internal quotation marks omitted). When a defendant's suit-related contacts with the forum are "substantial," "it is not unreasonable to say that the defendant is

6

subject to personal jurisdiction even though the acts within the state are not the proximate cause of the plaintiff's injury." *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998). Where, as here, "the defendant has had only limited contacts with the state," the defendant is only subject to personal jurisdiction in the state "if the plaintiff's injury was proximately caused by those contacts." *Id.*

Bank Austria is identified in the SAC as one of 16 entities grouped together as "Management Defendants" and one of 13 entities grouped together as "Beneficial Owner Defendants." SAC ¶¶ 74, 80. The SAC alleges that personal jurisdiction exists "over all of the Management Defendants" and "over all of the Beneficial Owner Defendants" because those defendant groups "maintained minimum contacts with New York in connection with these claims." *Id.* ¶¶ 129, 133. Such general allegations regarding large groups of undifferentiated defendants are insufficient to establish specific jurisdiction over BA and must be disregarded. *See Bristol-Myers Squibb, Co. v. Superior Court of California*, 137 S. Ct. 1773, 1783 (2017) (personal jurisdiction "must be met as to each defendant over whom a state court exercises jurisdiction") (internal quotation omitted); *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

The only New York contacts specifically alleged in the SAC are Bank Austria's former branch office and its past sponsorship of depositary slips to be traded on New York exchanges. SAC ¶¶ 57, 134. But Plaintiff's claims do not arise out of these contacts; indeed, its claims are wholly unrelated to the alleged contacts. These past alleged contacts with New York are not the proximate cause of SPV's injury, and therefore "the connections between [Bank Austria], SPV's claims, and its chosen New York forum are too tenuous to support the exercise of specific jurisdiction." *UBS AG II*, 882 F. 3d at 344. Because the Court has neither general nor specific jurisdiction over Bank Austria, Plaintiff's claims against Bank Austria must be dismissed.

7

## II. The Complaint Fails to State a Claim Against Bank Austria

SPV asserts claims for aiding and abetting breach of fiduciary duty, aiding and abetting fraud, and knowing participation in a breach of trust (a form of aiding and abetting) against all Defendants. Under New York law, aiding and abetting claims "require the existence of a primary violation, actual knowledge of the violation on the part of the aider and abettor, and substantial assistance." *Kirschner v. Bennett*, 648 F. Supp. 2d 525, 533 (S.D.N.Y. 2009). Plaintiff fails to plead either knowledge or substantial assistance on the part of Bank Austria.

### A. Plaintiff Fails to Allege Actual Knowledge

As set forth more fully in the Consolidated Brief, each of Plaintiff's claims sounds in fraud and is therefore subject to the heightened pleading standards of Fed. R. Civ. P. 9(b). Consolidated Brief at 20; *see also Marino v. Grupo Mundial Tenedora, SA*, 810 F. Supp. 2d 601, 606 (S.D.N.Y. 2011) (Rule 9(b) "applies to all claims that sound in fraud, as determined by the wording and imputations of the complaint, regardless of the label used in the pleading"). Group pleading does not satisfy Rule 9(b). *DeBlasio v. Merrill Lynch & Co.*, No 07 Civ. 318, 2009 WL 2242605, at *10 (S.D.N.Y. July 27, 2009).

The SAC, however, contains only impermissible group pleading with respect to Bank Austria's purported knowledge of Madoff's fraud. *See, e.g.,* SAC ¶ 143 ("Defendants knew of numerous trading impossibilities..."), ¶ 149 ("The Management Defendants knew that BLMIS— although required to under SEC regulations—did not register with the SEC..."). Even if these "red flag" allegations were sufficient to establish the required actual knowledge of fraud (and they are not; *see* Consolidated Brief at 22-27), the SAC does not contain a single allegation that BA itself was aware of any of the alleged "red flags" or otherwise knew about Madoff's fraud.

### B. Plaintiff Fails to Allege Substantial Assistance

Similarly, the SAC improperly relies on group pleading regarding the substantial assistance element of its aiding and abetting claims, alleging that "[t]he Management and Beneficial Owner Defendants substantially assisted BLMIS" in its breach of fiduciary duty and fraud "by funneling billions of dollars into BLMIS and allowing BLMIS to continue its Ponzi scheme." SAC ¶¶ 416, 424. When these impermissible group-pled allegations are disregarded, as they must be, the sole allegations remaining as to Bank Austria are that it (1) "helped create, control, and/or market" certain investment funds that invested with BLMIS, and (2) "received fees and/or distributions to which it is not entitled." *Id.* ¶¶ 41, 44, 45, 57.

Such allegations are insufficient to establish substantial assistance under New York law, which requires a showing that the defendant "proximately caused the harm on which the primary liability is predicated." *UBS AG II*, 882 F.3d at 345-46. The allegation that BA received fees or distributions to which it was not entitled is irrelevant to SPV's claims and does nothing to establish that BA proximately caused SPV's alleged injuries. At most, the allegation that BA created and controlled investment funds that invested with BLMIS constitutes "but for" causation, which is insufficient to plead substantial assistance. *Id.* at 346 ("At most, SPV pleads but for causation...If the money stopped flowing into BLMIS, such that the fraudulent scheme would have collapsed much sooner, staunching [Optimal's] losses."); *see also SPV OSUS Ltd. v. AIA LLC,* 2016 WL 3039192, at *6 (S.D.N.Y. May 26, 2016) ("*AIA LLC*") (SPV's complaint is "a textbook example of a 'but-for' theory of causation masquerading as a theory of proximate causation").

SPV attempts to conjure a theory of proximate cause based on nothing more than the coincidental timing of Optimal investing in BLMIS after BA allegedly helped create certain

9

investment funds.[1] This attempt to establish proximate causation fails, however, as SPV does not allege that Optimal knew about these funds or their investments with BLMIS, or that it relied on such investments in deciding to make and retain its own investment with BLMIS. Indeed, SPV's request to add similar allegations in the UBS Action was rejected as futile by the *UBS* Court, which held that SPV's proposed amendments "added little new beyond a chronology of [Optimal's] investments in BLMIS and did nothing to tie those investments" to the defendants. *AIA LLC*, 2016 WL 3039192, at *22. The same is true here. Plaintiff's attempt to establish proximate causation must similarly be rejected.

## CONCLUSION

For the reasons set forth above and those stated in the Consolidated Brief, the SAC should be dismissed with prejudice as to Bank Austria.

| | |
|---|---|
| Dated: New York, New York<br>September 21, 2018 | SULLIVAN & WORCESTER LLP<br><br>By: /s/ Franklin B. Velie<br>Franklin B. Velie<br>(fvelie@sandw.com)<br>Jonathan G. Kortmansky<br>(jkortmansky@sandw.com)<br>Mitchell C. Stein<br>(mstein@sandw.com)<br><br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>T: 212-660-3000<br>F: 212-660-3001<br><br>*Attorneys for Defendant*<br>*UniCredit Bank Austria AG* |

---

[1] For example, the SAC alleges that Primeo Select Fund, which "invested one hundred percent of its assets in BLMIS," "opened a second account with BLMIS" in 1996. SAC ¶ 268. The following paragraphs allege that Optimal opened its account with BLMIS in January 1997 and that, from 1998 through 2003, Optimal "continued to retain and increase its investment in BLMIS." *Id.* ¶¶ 269-270. *See also* ¶¶ 271-272 (Optimal made additional deposits with BLMIS after the creation of Alpha Prime); ¶¶ 275-276 (Optimal made additional deposits after the creation of Senator).