UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
SPV OSUS LTD.,
                              Plaintiff,

                - against -

HSBC HOLDINGS PLC, *et al.*,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

No. 1:18-cv-03497-AJN

**ORAL ARGUMENT REQUESTED**

**SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANTS
PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LIMITED, NOW KNOWN
AS PAI MANAGEMENT LIMITED, AND UNICREDIT S.p.A.
<u>IN SUPPORT OF THE MOTION TO DISMISS</u>**

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP

Susan L. Saltzstein
Jeremy A. Berman
Four Times Square
New York, New York 10036
Ph.:    212-735-3000
Fax:    212-735-2000
Susan.Saltzstein@skadden.com
Jeremy.Berman@skadden.com
Attorneys for Defendants
  Pioneer Alternative Investment
  Management Limited, now known as
  PAI Management Limited,
  and UniCredit S.p.A.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT RELATING TO UNICREDIT AND PAI ................................ 1

BACKGROUND FACTS RELATING TO UNICREDIT AND PAI ........................................... 3

ARGUMENT .................................................................................................................................4

I.     This Court Does Not Have Personal Jurisdiction Over UniCredit or PAI. ........................ 4

        A.     There Is No General Jurisdiction Over UniCredit or PAI. ..................................... 4

                1.     Post-*Daimler*, Plaintiff's Allegations of UniCredit's New York Connections Are Wholly Insufficient to Confer General Jurisdiction. ................................................................................................ 6

                2.     Plaintiff's Bare-Bones Allegation Of UniCredit's Relationship With PAI, Bank Austria, or Other Non-Party New York Affiliates or Subsidiaries Cannot Confer General Jurisdiction Over UniCredit. ........... 10

        B.     There Is No Specific Jurisdiction Over UniCredit or PAI. .................................. 12

II.    Plaintiff Does Not Adequately Plead Claims for Relief Against UniCredit or PAI. ......... 14

CONCLUSION ............................................................................................................................ 15

# **TABLE OF AUTHORITIES**

## *CASES*

*Alibaba Group Holding Limited v. Alibabacoin Foundation*,
    18-CV-2897 (JPO), 2018 WL 2022626 (S.D.N.Y. Apr. 30, 2018) ................................. 10

*Bentley v. Dennison*,
    852 F. Supp. 2d 379 (S.D.N.Y. 2012) ............................................................................ 9

*In re Bernard L. Madoff Inv. Securities LLC*,
    721 F.3d 54 (2d Cir. 2013), *cert. denied sub nom. Picard v. HSBC Bank PLC*, 134
    S.Ct. 2895 (2014) .......................................................................................................... 2

*Brown v. Lockheed Martin Corp.*,
    814 F.3d 619 (2d Cir. 2016) ................................................................................. 5, 7, 10

*Citadel Equity Fund Ltd. v. Aquila, Inc.*,
    168 Fed. Appx. 474 (2d Cir. 2006) ................................................................................ 9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ............................................................................................. passim

*Frederick v. Capital One Bank (USA), N.A.*,
    No. 14-CV-5460 (AJN), 2015 WL 5521769 (S.D.N.Y. Sept. 17, 2015), *amended
    on unrelated grounds by Frederick v. Capital One (USA) N.A.*, 14-CV-5460
    (AJN), 2015 WL 8484560 (S.D.N.Y. Dec. 8, 2015) .................................................... 14

*Freeplay Music, LLC v. Nian Infosolutions Private Limited*,
    16 Civ. 5883 (JGK) (RWL), 2018 WL 3639929 (S.D.N.Y. July 10, 2018) .................... 5

*Giuliano v. Barch*,
    No. 16 CV 0859 (NSR), 2017 WL 1234042 (S.D.N.Y. Mar. 31, 2017) ........................ 4

*Gliklad v. Bank Hapoalim B.M.*,
    No. 155195/2014, 2014 WL 3899209 (Sup. Ct. N.Y. Cty. Aug. 4, 2014) ..................... 7

*Gucci America, Inc. v. Weixing Li*,
    768 F.3d 122 (2d Cir. 2014) .......................................................................................5, 6

*In re Herald*,
    540 Fed. Appx. 19 (2d Cir. 2013), *cert. denied sub nom. Davis v. Kohn*, 135 S.Ct.
    1701 (2015) ................................................................................................................... 2

*Hood v. Ascent Medical Corporation*,
    691 Fed. Appx. 8 (2d Cir. 2017) .................................................................................. 11

*Jazini v. Nissan Motor Co.*,
    148 F.3d 181 (2d Cir. 1998)........................................................................................................4

*King County, Washington v. IKB Deutsche Industriebank, AG*,
    769 F. Supp. 2d 309 (S.D.N.Y. 2011).......................................................................................4

*Mali v. British Airways*,
    17 Civ. 685 (KPF), 2018 WL 3329858 (S.D.N.Y. Jul 6, 2018) ...................................7, 10

*Marcus v. AT&T Corp.*,
    938 F. Supp. 1158 (S.D.N.Y. 1996).........................................................................................9

*Maysonet-Robles v. Cabrero*,
    323 F.3d 43 (1st Cir. 2003).......................................................................................................8

*Picard v. Kohn*,
    907 F. Supp. 2d 392 (S.D.N.Y. 2012).....................................................................................2

*Ritchie Capital Management, L.L.C. v. Costco Wholesale Corp.*,
    14-CV-4819 (VSB), 2015 WL 13019620 (S.D.N.Y. Sept. 21, 2015)........................7, 8, 9

*Rush v. Savchuk*,
    444 U.S. 320 (1980)...................................................................................................................4

*SPV OSUS Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018)............................................................................................ *passim*

*Stormhale, Inc. v. Baidu.com, Inc.*,
    675 F. Supp. 2d 373 (S.D.N.Y. 2009)...................................................................................10

*Unterberg v. Mobil Shipping and Transportation Co.*,
    14 Civ. 10025 (GBD), 2017 WL 4326040 (S.D.N.Y. Sept. 20, 2017)................................8

*Walden v. Fiore*,
    571 U.S. 277 (2014).................................................................................................................12

*Waldman v. Palestine Liberation Organization*,
    835 F.3d 317 (2d Cir. 2016), *cert. denied sub nom. Sokolow v. Palestine
    Liberation Org.*, 138 S. Ct. 1438 (2018).................................................................................4

*Whitaker v. Fresno Telsat, Inc.*,
    87 F. Supp. 2d 227 (S.D.N.Y. 1999), *aff'd sub nom. Whitaker v. Am. Telecasting,
    Inc.*, 261 F.3d 196 (2d Cir. 2001) ............................................................................................8

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendants UniCredit S.p.A. ("UniCredit") and Pioneer Alternative Investment Management Limited, now known as PAI Management Limited ("PAI"), submit this Supplemental Memorandum of Law in support of their motion to dismiss the Second Amended Complaint (ECF No. 65) (the "Amended Complaint" or "Am. Compl.") of Plaintiff SPV OSUS Ltd. ("SPV" or "Plaintiff").

## PRELIMINARY STATEMENT RELATING TO UNICREDIT AND PAI

In addition to the grounds set forth in Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Defendants' Memorandum"), the Amended Complaint against UniCredit and PAI should be dismissed for the following reasons:

<u>First</u>, the Amended Complaint ought to be adjudged not only for what it says, but for what it omits: there are *no* allegations that UniCredit or its subsidiary PAI had *any* relationship—professional or otherwise—to Optimal Strategic US Equity Ltd. ("Optimal"), Plaintiff's alleged predecessor. In fact, there are no allegations that Optimal even knew of UniCredit's or PAI's existence, let alone knew of (or relied on) PAI's alleged "advis[ing]" Primeo Fund ("Primeo"), a foreign fund that allegedly invested in BLMIS and through which *Optimal did not invest*. (Am. Compl. ¶¶ 59, 62.) The Amended Complaint acknowledges that UniCredit and PAI are both headquartered and have their principal places of business abroad, treating both defendants as mere afterthoughts swept into this suit via impermissible group pleading tactics. The allegations—or lack thereof—are simply insufficient to establish general jurisdiction over UniCredit or PAI under the due process requirements articulated by the United States Supreme Court in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and echoed recently by the Second Circuit in *SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018) ("*UBS*") (affirming *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161 (S.D.N.Y. 2015)).

Second, the Amended Complaint is similarly, and unsurprisingly, devoid of sufficient allegations connecting UniCredit's or PAI's barely pled complained-of activities to New York. Plaintiff merely alleges that UniCredit has a branch office in New York, has "operated, directed and controlled" subsidiaries and affiliated entities in New York, and has assets or properties in New York—all of which are insufficient to confer specific jurisdiction as Plaintiff does not aver any connection between these allegations and UniCredit's and PAI's alleged activities. Plaintiff also unsuccessfully attempts to connect UniCredit and PAI to New York by resting on vague and undirected allegations levied against broad groups of defendants. This tactic is wholly insufficient to establish specific jurisdiction and only further highlights the weakness of Plaintiff's attempt to link UniCredit and PAI to this forum. Furthermore, because there are no allegations that UniCredit's or PAI's scant contacts with New York proximately caused Plaintiff's alleged injuries, the Amended Complaint fails to establish specific jurisdiction over UniCredit or PAI. *See UBS*, 882 F.3d at 345-46.

Third, the Amended Complaint incredulously asserts that because PAI "served as an investment advisor to Primeo," a Madoff feeder fund that *Optimal did not invest in*, and because UniCredit is allegedly PAI's parent company, UniCredit or PAI somehow allegedly caused SPV harm. Pursuant to well-established law, absent any allegations that UniCredit or PAI had *actual* knowledge of Madoff's fraud, UniCredit's or PAI's alleged services to a Madoff feeder fund *unrelated to Plaintiff's predecessor, Optimal,* cannot constitute substantial assistance to Madoff.[1]

---

[1] This is not the first time UniCredit and PAI are before this court defending allegations stemming from Madoff's fraud. Each time, all claims against UniCredit and PAI have been dismissed. *Picard v. Kohn*, 907 F. Supp. 2d 392 (S.D.N.Y. 2012); *In re Bernard L. Madoff Inv. Securities LLC*, 721 F.3d 54 (2d Cir. 2013), *cert. denied sub nom. Picard v. HSBC Bank PLC*, 134 S.Ct. 2895 (2014); *In re Herald*, 540 Fed. Appx. 19 (2d Cir. 2013)*, cert. denied sub nom. Davis v. Kohn*, 135 S.Ct. 1701 (2015).

## BACKGROUND FACTS RELATING TO UNICREDIT AND PAI[2]

According to the Amended Complaint, "[f]oreign investors were a vast resource to fuel Madoff's Ponzi scheme" and the defendants allegedly "rescued Madoff by introducing him to European- and American-investors, many of whom thought they were investing in diverse and thoroughly vetted European funds." (Am. Compl. ¶ 3.)  One such alleged fund was Primeo, "an investment fund organized under the laws of the Cayman Islands that invested, directly and indirectly, with BLMIS." (*Id.* ¶ 41.)  PAI allegedly served as an investment adviser to Primeo from 2007 to 2008 and in that capacity supposedly received unearned (but unspecified) fees and/or distributions.  (*Id.* ¶¶ 62, 268.)  UniCredit is the parent company of defendants Bank Austria (which it allegedly acquired in 2005) and PAI, and was allegedly "involved with Madoff and BLMIS through" PAI "beginning in at least 2000." (*Id.* ¶ 59.)

Plaintiff alleges that UniCredit "operates" in the United States and New York through a bank branch located at 150 E. 42nd Street, New York, New York.[3]  (*Id.*)  UniCredit also allegedly "has operated, directed and controlled" subsidiaries and affiliates that are incorporated and/or do business at this same address, and that, in 1993, UniCredit established depository receipts with the Bank of New York.  (*Id.*)  Lastly, UniCredit allegedly held assets and properties in New York and the United States exceeding "$17.5 billion" as of June 30, 2010, a figure Plaintiff pulls from a report without putting it into any meaningful context.  (*Id.*)

---

[2]  These background facts supplement the background facts discussed in Defendants' Memorandum, which are incorporated into this memorandum by reference. UniCredit and PAI assume the Amended Complaint's factual allegations are true for purposes of this motion to dismiss only.

[3]  Plaintiff also alleges that a non-party subsidiary of UniCredit maintains a branch office in New York. (*Id.*)  As discussed *infra* at pp. 10-11, allegations regarding UniCredit's subsidiaries or affiliates are insufficient to establish general jurisdiction over UniCredit.

**ARGUMENT**

**I.     This Court Does Not Have Personal Jurisdiction Over UniCredit or PAI.**

Plaintiff falls far short of its burden to allege that UniCredit and PAI are subject to general jurisdiction in New York. *See Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016), *cert. denied sub nom. Sokolow v. Palestine Liberation Org.*, 138 S. Ct. 1438 (2018). "[C]onclusory non-fact-specific jurisdictional allegations" are insufficient to establish personal jurisdiction. *King Cty., Wash. v. IKB Deutsche Industriebank, AG*, 769 F. Supp. 2d 309, 316 n. 28 (S.D.N.Y. 2011); *see also Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998). Lumping defendants together with "naked, conclusory, and formulaic allegations," as Plaintiff does here, is insufficient to establish jurisdiction over any defendant. *Giuliano v. Barch*, No. 16 CV 0859 (NSR), 2017 WL 1234042, at *13 (S.D.N.Y. Mar. 31, 2017). Instead, "each individual defendant must be shown to have personally engaged in relevant and intentional transactions in [the forum] to warrant the exercise of personal jurisdiction." *King Cty.*, 769 F. Supp. at 315; *see also Rush v. Savchuck*, 444 U.S. 320, 331-32 (1980) (rejecting an "attempt[] to attribute [one defendant]'s contacts to [another defendant] by considering the 'defending parties' together and aggregating their forum contacts"). SPV does not establish jurisdiction over UniCredit or PAI because SPV impermissibly lumps them together with dozens of unrelated defendants, drawing zero distinctions between or among them.

**A.     There Is No General Jurisdiction Over UniCredit or PAI.**

General jurisdiction is exercisable only "where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Daimler,* 571 U.S. at 127 (alteration in original) (citation omitted). The inquiry is whether a foreign corporation's connections with the state render it at home in the state, and "the place of

4

incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.* (alteration in original) (citation omitted); *see also Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) ("Aside from 'an exceptional case,' the [*Daimler*] Court explained, a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." (citation omitted)). Plaintiff concedes that UniCredit and PAI are headquartered in Italy and Ireland, respectively, and that neither has its principal place of business in New York. (Am. Compl. ¶¶ 59, 62.) Indisputably, Plaintiff's allegations wholly lack either of the "paradig[m]" bases for general jurisdiction over UniCredit or PAI.

SPV also "points to nothing that would render this an exceptional case" to warrant exercise of general jurisdiction over either UniCredit or PAI. *UBS*, 882 F.3d at 343; *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 628-29 (2d Cir. 2016) (noting that an "exceptional case" under *Daimler* requires a foreign corporation to be "essentially at home" in the forum) (internal citations omitted); *Freeplay Music, LLC v. Nian Infosolutions Private Limited*, 16 Civ. 5883 (JGK) (RWL), 2018 WL 3639929, at *5 (S.D.N.Y. July 10, 2018) ("[G]eneral jurisdiction plays 'a reduced role' in [] modern jurisprudence, [and] a plaintiff asserting general jurisdiction over a foreign corporation bears a very heavy burden and [] general jurisdiction will be found only in an 'exceptional case.'") (citations omitted).

Plaintiff argues that UniCredit, despite being incorporated abroad, is "at home" in New York because it has a branch office in New York, has "operated, directed and controlled" subsidiaries and affiliates in New York, and had assets or properties in New York of $17.5 billion as of June 30, 2010. (Am. Compl. ¶ 59.) But under unequivocal case law, these allegations do *not* establish UniCredit is "at home" in New York.

1. **Post-*Daimler*, Plaintiff's Allegations of UniCredit's New York Connections Are Wholly Insufficient to Confer General Jurisdiction.**

Plaintiff relies on allegations that UniCredit has a New York branch office, located at 150 E. 42nd Street, New York, New York, that UniCredit supposedly had $17.5 billion in U.S. assets as of June 30, 2010, and that UniCredit has subsidiaries and affiliates located in New York. (Am. Compl. ¶ 59.) As *Daimler* established, in-forum subsidiaries and affiliates have no bearing on the question of general jurisdiction over a foreign parent company. 571 U.S. at 136. And UniCredit is neither incorporated nor has its principal place of business in New York.

A foreign company is not "at home" in New York if its New York activities represent a small portion of its worldwide activities. In *UBS*, the Second Circuit applied *Daimler* and held that the court lacked general jurisdiction over UBS because its place of incorporation and principal place of business was in Switzerland and general jurisdiction could not otherwise be established by virtue of UBS's local branch office because UBS "conducted only a small portion of its worldwide business within the forum." 882 F.3d at 343 (citing *Gucci Am., Inc., v. Weixing Li,* 768 F.3d 122, 135 (2d Cir. 2014)). Similarly, in *Gucci*, the Second Circuit rejected the exercise of general jurisdiction over a foreign bank with multiple branch offices in New York because the bank was headquartered abroad (China) and conducted a small portion of its worldwide business in New York, evidenced by the bank's 10,145 branches in China and 689 branches outside China (representing less than 6.4% of worldwide branches). 768 F.3d at 135.

Likewise, the Second Circuit, applying *Daimler*, found no general jurisdiction in Connecticut over Lockheed Martin Corporation ("Lockheed") that was not headquartered in Connecticut but maintained a physical presence there for thirty years, had four leased locations in Connecticut, employed seventy workers in Connecticut (representing less than 0.05% of Lockheed's global workforce), and derived $160 million in revenue from Connecticut

(representing less than 0.107% of Lockheed's global revenue). *See Brown*, 814 F.3d at 629-30; *see also Ritchie Capital Mgmt., L.L.C. v. Costco Wholesale Corp.*, 14-CV-4819 (VSB), 2015 WL 13019620, at *5 (S.D.N.Y. Sept. 21, 2015) (allegations that Costco had a number of New York stores, warehouses and employees were insufficient to establish general jurisdiction because Costco was incorporated in the state of Washington and an "analy[sis of] Costco's amount of business in New York compared with its overall national and international presence" did not support general jurisdiction, given that Costco generated only 2.49% of its global revenue in New York, had only 2.53% of its global warehouses in New York and had only 1.8% of its global workforce in New York); *see also Gliklad v. Bank Hapoalim B.M.*, No. 155195/2014, 2014 WL 3899209, at *4 (Sup. Ct. N.Y. Cty. 2014) (finding no general jurisdiction where there was "no evidence to suggest that the activity at the New York branch [of a foreign bank was] substantial enough to warrant general jurisdiction" over the bank headquartered and incorporated abroad). More recently, in *Mali v. British Airways*, the court held that general jurisdiction over defendant British Airways, headquartered in England, was lacking, even though British Airways had an office in New York, flew multiple flights from New York daily, and generated over 18% of its revenue in the U.S. 17 Civ. 685 (KPF), 2018 WL 3329858, at *6 (S.D.N.Y. Jul 6, 2018).

Plaintiff alleges that, according to a quarterly report titled "Structure Data for the U.S. Offices of Foreign Banking Organizations," as of June 30, 2010, UniCredit had approximately $17.5 billion in assets and properties in New York and the United States.[4] (Am. Compl. ¶ 59.)

---

[4] This report, dated as of June 30, 2010, reflects that UniCredit S.p.A. reported U.S. Office Assets of $9,904,000,000 and UniCredit Bank AG, a German subsidiary of UniCredit S.p.A., reported U.S. Office Assets of $7,643,000,000. (Declaration of Susan L. Saltzstein, dated September 21, 2018 ("Saltzstein Decl.") at ¶ 3; Ex. A.) Because these numbers in aggregate total $17,547,000,000, it is assumed that Plaintiff relies on this report. Plaintiff offers no explanation as to why it chose to rely on this particular report for this particular quarter, nor
*(cont'd)*

First, Plaintiff focuses on the wrong time period. Plaintiff's reliance on UniCredit's reported U.S. Office assets as of June 30, 2010 is misguided and irrelevant, as the applicable date to analyze general jurisdiction is "the time jurisdiction is sought to be asserted," here December 11, 2014, the date Plaintiff initially filed its complaint in this case. *See Unterberg v. Mobil Shipping and Transportation Co.*, 14 Civ. 10025 (GBD), 2017 WL 4326040, at *3 (S.D.N.Y. Sept. 20, 2017) ("[T]he Court looks at whether it could assert [general] personal jurisdiction over the defendant at the time jurisdiction is sought to be asserted.") (internal citation omitted); *see also Whitaker v. Fresno Telsat, Inc.*, 87 F. Supp. 2d 227, 234 (S.D.N.Y. 1999) ("The relevant time frame for a jurisdictional inquiry under C.P.L.R. § 301 [for general jurisdiction] is at the time of the filing of the summons and complaint."), *aff'd sub nom. Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001); *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) ("[T]he so-called "time of filing" rule…is well-established…for personal jurisdiction.").

Second, Plaintiff erroneously relies on the aggregate reported U.S. Office assets of *both* UniCredit S.p.A. and UniCredit Bank AG, but *Daimler* foreclosed the argument that a subsidiary's contacts with the forum can be attributed to the parent corporation to establish jurisdiction, rendering UniCredit Bank AG's reported U.S. Office Assets irrelevant. 571 U.S. at 136. Third, even assuming UniCredit's "$17.5 billion" of U.S. Office assets as of "June 30, 2010" is relevant to the question of general jurisdiction (which it is not), Plaintiff fails to contextualize this number, as it must do in order to establish general jurisdiction. In *Ritchie Capital*, the plaintiff alleged that defendant Costco received $2.8 billion per year in revenue from its New York activities. 2015 WL 13019620 at *5. However, the court examined Costco's New

---

*(cont'd from previous page)*
    its inclusion of the assets of UniCredit Bank AG, a German bank, which is not a defendant in this action.

8

York activities in context of its global activities and found nothing to suggest that Costco's "particular quantum of local activity should give [New York] authority over a far larger quantum of activity having no connection to" New York. *Id.* at *6. Similarly, Plaintiff's selection of a particular quantum of assets held by UniCredit—absent an analysis of UniCredit's global activity—is insufficient to establish general jurisdiction over UniCredit.

In fact, as of the relevant date, December 31, 2014, UniCredit S.p.A's reported U.S. Office Assets represented only **0.19%** of its total global assets. (Saltzstein Decl. at ¶¶ 4-7; Exs. B, C, and D.)[5] Even in Plaintiff's randomly-chosen jurisdictional year—2010—UniCredit S.p.A's reported U.S. Office Assets represented only 2.09% of its total global assets as of December 31, 2010. (Saltzstein Decl. at ¶¶ 12-15; Exs. F, G, and H.) Not only has Plaintiff failed to meet its burden by not engaging in this comparative analysis, but the asset percentages are similar to revenue percentages held to be insufficient to confer general jurisdiction in *Daimler* (2.4% of global revenue generated in-forum), *Brown* (0.107% of global revenue generated in-forum), *Ritchie Capital* (2.49% of global revenue generated in-forum) and *Mali* (18% of global revenue generated in the United States).[6]

---

[5] This Court may take judicial notice of public records in determining a motion to dismiss. *See, e.g., Bentley v. Dennison*, 852 F. Supp. 2d 379, 382 n. 5 (S.D.N.Y. 2012) ("Judicial notice of public records is appropriate…because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned."); *Citadel Equity Fund Ltd. v. Aquila, Inc.*, 168 Fed. Appx. 474, 476 (2d Cir. 2006); *Marcus v. AT&T*, 938 F. Supp. 1158, 1164-65 (S.D.N.Y. 1996).

[6] Even assuming the combined reported U.S. Office Assets for both UniCredit Bank AG and UniCredit S.p.A is relevant (which it is not), the percentages reflect that combined reported U.S. Office Assets pale in comparison to UniCredit's consolidated total global assets. As of December 31, 2014 and December 31, 2010, combined reported U.S. Office Assets represented only 0.39% and 1.29% of consolidated total global assets, respectively. (Saltzstein Decl. at ¶¶ 8-11, 16-19; Exs. C, D, E, G, H, and I.)

Moreover, Plaintiff does not allege the amount of revenue UniCredit generates in New York or the number of New York-based employees, let alone how these compare to UniCredit's worldwide operations. The only number Plaintiff focuses on is assets. As stated in *Mali v. British Airways*, Plaintiff "does not, and cannot, support an argument that Defendant's relatively limited activities in New York amount to" the "exceptional case" articulated in *Daimler*. 2018 WL 3329858, at *6; *see also Brown,* 814 F.3d at 629 ("[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'"). UniCredit's branch office and U.S. assets do not change the indisputable facts that UniCredit is an Italian company, headquartered in Italy, that lacks substantive contacts sufficient to make it "at home" in New York.

Lastly, Plaintiff's allegation that UniCredit established depositary receipts in New York has no bearing on whether UniCredit is "at home" in New York. (Am. Compl. ¶ 59.) *See Alibaba Group Holding Limited v. Alibabacoin Foundation*, 18-CV-2897 (JPO), 2018 WL 2022626, at *7 (S.D.N.Y. Apr. 30, 2018) ("The prevailing caselaw accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges and to take the steps necessary to facilitate those listings…without thereby subjecting themselves to New York jurisdiction for unrelated occurrences."); *see also Stormhale, Inc. v. Baidu.com, Inc.*, 675 F. Supp. 2d 373, 375 (S.D.N.Y. 2009) (same).

> **2. Plaintiff's Bare-Bones Allegation Of UniCredit's Relationship With PAI, Bank Austria, or Other Non-Party New York Affiliates or Subsidiaries Cannot Confer General Jurisdiction Over UniCredit.**

General jurisdiction over UniCredit also cannot be based on Plaintiff's allegations that UniCredit is the parent company of defendants Bank Austria and PAI, nor that UniCredit "operated, directed, and controlled" (at unspecified times in an unspecified capacity) certain non-

party "subsidiaries and affiliates incorporated and/or doing business in New York." (Am. Compl. ¶¶ 57, 59, 62.) First, even if this argument were not foreclosed by *Daimler* (which it is), Plaintiff fails to establish general jurisdiction over UniCredit through its relationship with PAI or Bank Austria because, as set forth above and in the Supplemental Memorandum submitted by Bank Austria, neither PAI nor Bank Austria has a presence in New York sufficient to warrant the exercise of jurisdiction over them. Therefore, any parent/subsidiary relationship between UniCredit and PAI or Bank Austria is irrelevant.

Second, *Daimler* specifically rejected the Ninth Circuit's agency theory that "subject[s] foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate," as such a theory would be too sprawling a view of general jurisdiction. 571 U.S. at 136. Instead, the Supreme Court required a defendant to be judged on its *own* forum contacts, not its affiliates' or subsidiaries' contacts, rendering Plaintiff's allegations regarding UniCredit's relationship with PAI, Bank Austria, UniCredit Capital Markets, Inc., UniCredit U.S. Finance Inc., and UniCredit Capital Markets Conversion, LLC, wholly irrelevant. For this reason, UniCredit's subsidiary allegedly maintaining a branch office in New York has no bearing on whether UniCredit itself is subject to general jurisdiction in New York. *See Hood v. Ascent Medical Corporation*, 691 Fed. Appx. 8, 10-11 (2d Cir. 2017) (applying *Daimler* and finding no general jurisdiction over defendants despite agents or affiliates (which were also defendants) being Delaware corporations).[7]

---

[7] In *Hood*, the court also found that the parent corporation's agents and affiliates were Delaware corporations and limited partnerships, and therefore were not *themselves* subject to personal jurisdiction in New York. *Id.* at 10. Plaintiff's allegations here are similarly doubly flawed: Plaintiff has not established that PAI and Bank Austria are subject to personal jurisdiction in New York, and, even if they had, such facts are irrelevant to the question of whether UniCredit is at home in New York.

### B.     There Is No Specific Jurisdiction Over UniCredit or PAI.

Plaintiff's minimal allegations of UniCredit's and PAI's contacts with New York are not alleged to have proximately caused Plaintiff's injuries, and therefore, this Court lacks specific jurisdiction over UniCredit or PAI.  "'[A] defendant's general connections with the forum are not enough' to support the exercise of specific jurisdiction."  *UBS*, 882 F.3d at 344 (alteration in original) (citing *Bristol-Meyers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017)).  Instead, the test for specific jurisdiction "focuses on 'the relationship among the defendant, the forum, and the litigation.'"  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation omitted).  A complaint must allege that a defendant's "suit-related conduct" created a "substantial connection with the forum state."  *Id.*

As articulated in Defendants' Memorandum, to establish specific jurisdiction, a plaintiff is required to allege either but-for or proximate causation, depending on the defendant's relationship with the forum and the litigation.  *See UBS*, 882 F.3d at 344.

> Where the defendant has had only limited contacts with the state it may be appropriate to say that he will be subject to suit in that state only if the plaintiff's injury was proximately caused by those contacts.  Where the defendant's contacts with the jurisdiction that relate to the cause of action are more substantial, however, it is not unreasonable to say that the defendant is subject to personal jurisdiction even though the acts within the state are not the proximate cause of the plaintiff's injury.

*Id.*  As discussed above, UniCredit and PAI are alleged to have had limited—if any—contacts with New York related to the instant lawsuit, and any such allegations are impermissibly levied in conclusory fashion against broad groups of Defendants.  For example, the Amended Complaint does not identify any specific transfer of funds that UniCredit or PAI made to or received from New York or identify any specific tortious act by UniCredit or PAI within New York or any act by UniCredit or PAI committed outside of New York that caused injury within New York.  While the Amended Complaint vaguely references purported communications to and

12

from New York by the "Management Defendants" or their agents, it fails to identify any of these communications, let alone specify PAI's or UniCredit's role in these alleged communications. (*See* Am. Compl. ¶ 130.) Furthermore, there are no allegations about branch office activities, let alone that the branch office's activities related to events alleged in the Amended Complaint.

Based on the paucity of allegations regarding UniCredit's and PAI's contacts with New York, Plaintiff must allege that such scant contacts proximately caused its injuries to establish specific jurisdiction. However, the Amended Complaint suffers from the same inadequacies as in *UBS*, where the Second Circuit found that "[m]issing from the complaint [was] any allegation that . . . [plaintiff's predecessor] based its decision to invest with BLMIS on the fact that the . . . defendants helped create and service the feeder funds." *UBS*, 882 F.3d at 344-45. Here, too, Plaintiff does not allege that its predecessor, Optimal, relied on either UniCredit's or PAI's alleged involvement with Primeo in choosing to invest with BLMIS. In fact, Plaintiff does not even allege Optimal's awareness of UniCredit's, PAI's or Primeo's existence, let alone Optimal's awareness that PAI allegedly "advis[ed]" Primeo during the period Optimal invested in BLMIS.

Furthermore, Plaintiff does not allege that UniCredit and PAI became involved with any feeder funds at issue in this suit *before* Optimal began investing with BLMIS. This forecloses any argument that Optimal could have relied on UniCredit's or PAI's conduct in making its initial decision to invest in BLMIS. *See UBS*, 882 F.3d at 346 (rejecting SPV's proximate cause argument, in part because Optimal's "investments began before the feeder funds were created"). Plaintiff alleges that Optimal opened its BLMIS account on January 28, 1997. (Am. Compl. ¶ 269.) The Amended Complaint is generally devoid of any allegations of the timing (or substance) of UniCredit's or PAI's activities, as Plaintiff merely alleges that PAI served as investment advisor to Primeo from "2007-2008." (*Id.* ¶ 268.) But that is a full ten years *after*

13

Optimal began investing in BLMIS. The Amended Complaint also alleges that, by 2007, Optimal had invested over $1 billion with BLMIS. (*Id.* ¶¶ 269-274.) Therefore, even the sparse allegations in the Amended Complaint show that PAI's alleged conduct could not have proximately caused SPV's loss.

**II.     Plaintiff Does Not Adequately Plead Claims for Relief Against UniCredit or PAI.**

The Amended Complaint fails to state claims against UniCredit or PAI because it does not allege that either had *actual* knowledge of Madoff's fraud or that PAI "substantially assisted" Madoff's fraud by providing advisory services to a single feeder fund, Primeo.

As argued in Defendants' Memorandum, Plaintiff must allege that *each* defendant had actual knowledge of Madoff's fraud, a task that cannot be achieved via group pleading. The Amended Complaint lacks any allegations regarding why UniCredit or PAI had reason to *know*—not merely suspect—that Madoff was committing fraud. Plaintiff has similarly failed to plead actual knowledge through awareness or conscious avoidance of "red flags" because Plaintiff does not allege that UniCredit or PAI was aware of such purported "red flags," let alone that they suspected Madoff's fraud based on these claimed "red flags." And even if such allegations were pled, they would be insufficient to establish actual knowledge, as allegations of constructive knowledge are legally insufficient. *Frederick v. Capital One Bank (USA), N.A.*, No. 14-CV-5460 (AJN), 2015 WL 5521769, at *12 (S.D.N.Y. Sept. 17, 2015) (Nathan, J.) (dismissing aiding and abetting claims against moving defendants), *amended on unrelated grounds by Frederick v. Capital One (USA) N.A.*, 14-CV-5460 (AJN), 2015 WL 8484560 (S.D.N.Y. Dec. 8, 2015).

As Defendants' Memorandum establishes, claims for aiding and abetting fraud and breach of fiduciary duty and knowing participation in a breach of trust require Plaintiff to allege that each defendant's action proximately caused Plaintiff's harm. The Amended Complaint fails

14

this test, as it lacks any non-conclusory allegations that SPV's injuries were proximately caused by any action of UniCredit or PAI. Plaintiff's exact theory of proximate cause—that if the defendants had not serviced funds that invested with BLMIS, BLMIS would have collapsed sooner—was rejected by the Second Circuit. *UBS*, 882 F.3d at 346. This speculative theory, even if provable, constitutes at most but-for causation, which is legally insufficient. *Id.* at 346. Plaintiff's injuries were simply not a proximate result of PAI allegedly supporting and assisting Primeo. The paucity of Plaintiff's allegations supporting proximate cause are discussed *supra* at pp. 12-14; Plaintiff's failure to allege proximate cause is not only fatal to its specific jurisdiction arguments, but independently dooms its aiding and abetting claims.

## CONCLUSION

For the foregoing reasons and those stated in Defendants' Memorandum, the Amended Complaint should be dismissed as to UniCredit and PAI.

Dated: New York, New York
September 21, 2018

Respectfully submitted,

By: /s/ Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Susan L. Saltzstein
Jeremy A. Berman
Four Times Square
New York, New York 10036
Ph.: 212-735-3000
Fax: 212-735-2000
Susan.Saltzstein@skadden.com
Jeremy.Berman@skadden.com
   Attorneys for Defendants
   Pioneer Alternative Investment
   Management Limited, now known as
   PAI Management Limited,
   and UniCredit S.p.A.