UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SPV OSUS LTD.,                                            :
                                                         :
                        Plaintiff,                        :        No. 1:18-cv-03497-AJN
                                                         :
            -against-                                     :        **ORAL ARGUMENT**
                                                         :        **REQUESTED**
HSBC HOLDINGS PLC, HSBC BANK PLC,                         :
HSBC BANK USA, NA, HSBC USA INC.,                         :
HSBC SECURITIES SERVICES (BERMUDA)                        :
LIMITED, HSBC INSTITUTIONAL TRUST                         :
SERVICES (BERMUDA) LIMITED, HSBC                          :
BANK BERMUDA LIMITED, HSBC                                :
SECURITIES SERVICES (LUXEMBOURG)                          :
S.A., HSBC BANK (CAYMAN) LIMITED,                         :
HSBC PRIVATE BANKING HOLDINGS                             :
(SUISSE) S.A., HSBC PRIVATE BANK                          :
(SUISSE) S.A., HSBC FUND SERVICES                         :
(LUXEMBOURG) S.A., SONIA KOHN,                            :
MARIO BENBASSAT, ALBERTO                                  :
BENBASSAT, STEHPANE BENBASSAT,                            :
20:20 MEDICI AG, UNICREDIT BANK                           :
AUSTRIA AG, BA WORLDWIDE FUND                             :
MANAGEMENT LTD., UNICREDIT S.P.A.,                        :
HERALD ASSET MANAGEMENT LIMITED,                          :
EUROVALEUR, INC., PIONEER                                 :
ALTERNATIVE INVESTMENT                                    :
MANAGEMENT LIMITED, ALPHA PRIME                           :
ASSET MANAGEMENT LTD., REGULUS                            :
ASSET MANAGEMENT LIMITED,                                 :
CARRUBA ASSET MANAGEMENT                                  :
LIMITED, TEREO TRUST COMPANY                              :
LIMITED, GENEVALOR, BENBASSAT ET                          :
CIE, HERMES ASSET MANAGEMENT                              :
LIMITED, THEMA ASSET MANAGEMENT                           :
(BERMUDA) LTD., THEMA ASSET                               :
MANAGEMENT LIMITED, EQUUS ASSET                           :
MANAGEMENT LIMITED, EQUUS ASSET                           :
MANAGEMENT PARTNERS, L.P., AURELIA                        :
FUND MANAGEMENT LIMITED, INTER                            :
ASSET MANAGEMENT INC.,                                    :
T+M TRUSTEESHIP & MANAGEMENT                              :
SERVICES S.A., GTM MANAGEMENT                             :
SERVICES CORP. N.V., AURELIA ASSET                        :

MANAGEMENT PARTNERS, CAPE                    :
INVESTMENT ADVISORS LIMITED and              :
ERWIN KOHN,                                  :
                                             :
                     Defendants.             :
-------------------------------------------------------------- x

**SUPPLEMENTAL MEMORANDUM OF LAW
OF DEFENDANT T+M TRUSTEESHIP & MANAGEMENT SERVICES S.A.
IN SUPPORT OF DEFENDANTS' MEMORANDUM OF LAW
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

William P. Weintraub
Gregory W. Fox
Marshall H. Fishman
Elizabeth M. Zito
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Tel.:  (212) 813-8800
Fax:  (212) 355-3333
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com
mfishman@goodwinlaw.com
ezito@goodwinlaw.com

*Attorneys for Defendant T+M
Trusteeship & Management Services S.A.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 2

ARGUMENT ................................................................................................................. 3

    I.     Plaintiff Fails To Demonstrate General Jurisdiction Over T+M Under
           CPLR § 301 ...................................................................................................... 4

    II.    Plaintiff Fails To Demonstrate Specific Jurisdiction Over T+M ........................... 5

          A.     Specific Jurisdiction Over T+M Under CPLR § 302(a)(1) Is Lacking ...... 6

          B.     Specific Jurisdiction Over T+M Under CPLR § 302(a)(2) Is Lacking ...... 7

          C.     Specific Jurisdiction Over T+M Under CPLR § 302(a)(3) Is Lacking ...... 8

          D.     An Exercise of Jurisdiction Over T+M Would Violate Due Process ......... 9

CONCLUSION ................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brown v. Lockheed Martin Corp.*,
  814 F.3d 619 (2d Cir. 2016)................................................................5

*Calder v. Jones*,
  465 U.S. 783 (1984)...........................................................................4

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)...........................................................................4

*Doe. v. Del. State Police*,
  939 F. Supp. 2d 313 (S.D.N.Y 2013).................................................4

*Friedman v. Bloomberg L.P.*,
  884 F.3d 83 (2d Cir. 2017).................................................................9

*Grow Grp., Inc. v. Jandernoa*,
  No. 94 Civ 5679 (RPP), 1996 WL 31848 (S.D.N.Y. Jan. 26, 1996).......................4

*Hau Yin To v. HSBC Holdings PLC*,
  No. 15CV3590-LTS-SN, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017)................7, 8

*Hill v. HSBC Bank plc*,
  207 F. Supp. 3d 333 (S.D.N.Y. 2016)..........................................6, 7, 8

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)...........................................................................9

*Jazini v. Nissan Motor Co.*,
  148 F.3d 181 (2d Cir. 1998)................................................................4

*Karoon v. Credit Suisse Grp. AG*,
  15-CV-4643 (JPO), 2016 WL 815278 (S.D.N.Y. Feb. 29, 2016)..............8

*Klutz v. Yagoozon, Inc.*,
  No. 16 Civ. 4538 (JSR), 2016 WL 5806902 (S.D.N.Y. Sept. 20, 2016)................7

*Langenberg v. Sofair*,
  No. 03 CV 8339 KMK, 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006)...........4, 6

*Maranga v. Vira*,
  386 F. Supp. 2d 299 (S.D.N.Y. 2005).................................................8

*Miller v. Mercuria Energy Trading, Inc.*,
    291 F. Supp. 3d 509 (S.D.N.Y. 2018)....................................................................5

*Philpot v. Kos Media LLC*,
    No. 16-CV-01523 (AT) (BCM), 2017 WL 2270248 (S.D.N.Y. Apr. 21, 2017)....................6

*Plunket v. Doyle*,
    No. 99 Civ 11006 (KMW), 2001 WL 175252 (S.D.N.Y. Feb. 22, 2001) ................................4

*Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc.*,
    2 F. Supp. 2d 470 (S.D.N.Y. 1998)......................................................................6

*SPV Osus Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018)..............................................................................3, 5

*Sunward Elecs., Inc. v. McDonald*,
    362 F.3d 17 (2d Cir. 2004)..................................................................................3

*Tamam v. Fransabank SAL*,
    677 F. Supp. 2d 720 (S.D.N.Y. 2010)..................................................................4

*In re Terrorist Attacks on Sept. 11, 2001*,
    714 F.3d 659 (2d Cir. 2013)..............................................................................4

*Walden v. Fiore*,
    571 U.S. 277 (2014)..........................................................................................5

*Waldman v. Palestine Liberation Org.*,
    835 F.3d 317 (2d Cir. 2016)..............................................................................3

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)..........................................................................8, 9

**Statutes**

28 U.S.C. § 1452....................................................................................................3

**Other Authorities**

N.Y. CPLR § 301..............................................................................................3, 4

N.Y. CPLR § 302............................................................................................ *passim*

Defendant T+M Trusteeship & Management Services S.A. ("T+M") joins in Defendants' Memorandum of Law in Support of Their Motion to Dismiss (the "Consolidated Brief"),[1] and respectfully submits this supplemental memorandum of law in support of the Consolidated Brief.

## PRELIMINARY STATEMENT

As the allegations of the Amended Complaint make clear, T+M is both a stranger to Plaintiff and to this forum.  The Amended Complaint contains no fact-specific allegations to support an assertion of general or specific jurisdiction over T+M by this Court.  To the contrary, the *only* allegations in the Amended Complaint that address T+M directly confirm that T+M is a Swiss company with a Swiss address and that, on information and belief, T+M has an undefined ownership interest in defendant, Thema Management BVI (a company organized under the laws of the British Virgin Islands, with a British Virgin Islands address).  These allegations do not come close to adequately alleging personal jurisdiction.

Instead of pleading specific facts regarding *T+M*'s contacts with New York, as required by applicable precedent and the United States Constitution, Plaintiff resorts to impermissible group pleading, lumping T+M together with several other unrelated defendants in its supposed recitation of jurisdictional facts.  But even if group pleading were sufficient, which it is not, Plaintiff's generalized and conclusory assertions concerning New York contacts, which do little more than parrot the words of applicable statutory provisions would still fall far short of what is required to make a *prima facie* showing of jurisdiction over T+M.

The Amended Complaint against T+M should be dismissed.

---

[1]  T+M incorporates by reference all applicable arguments made in the Consolidated Brief and in the declaration and exhibits submitted therewith.  All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Consolidated Brief.

## FACTUAL BACKGROUND

Plaintiff's claims in this action relate to Optimal Strategic U.S. Equity Ltd.'s ("Optimal") investments with Bernard L. Madoff Investment Securities LLC ("BLMIS").  Notably, Plaintiff does not allege that T+M had any connection to Optimal or that Optimal relied on anything T+M did or said in choosing to invest with BLMIS.  To the contrary, apart from a nebulous allegation made on information and belief that T+M "received fees and/or distributions to which it is not entitled" (Am. Compl. ¶ 76) from some unknown source at some unknown time, the Amended Complaint makes no specific allegations of misconduct against T+M.

Plaintiff concedes that T+M "is a company organized under the laws of Switzerland with a registered address at rue de Prince 9-11, 1204 Geneva, Switzerland." (*Id.*)[2]  It further alleges, on information and belief, that T+M "has an ownership interest in Thema Management BVI,"[3] another named defendant.  (*Id.*)  The Amended Complaint makes no specific factual allegation as to T+M's individual contacts with the United States or New York.  Plaintiff does not allege that T+M has *any* offices, bank accounts, employees or real estate in the United States, or that T+M has any United States subsidiaries or agents that conduct business in the United States on its behalf.  Nor does Plaintiff allege that T+M individually did anything, let alone that it did anything in the relevant forum.

Presumably in an effort to overcome the fact that these meager allegations come nowhere close to supporting a showing of personal jurisdiction over T+M, the Amended Complaint lumps T+M together with several other individual and unrelated defendants for purposes of its jurisdictional allegations, collectively referring to T+M and these defendants as the "Beneficial

---

[2]  T+M's current address is 20 Rue Adrien Lachenal, 1204 Geneva, Switzerland.

[3]  Thema Management BVI "is a company organized under the laws of the British Virgin Islands with best known registered addresses at Codan Trust Company (B.V.I) Ltd., Romasco Place, P.O. Box 3140, Road Town, Tortola, British Virgin Islands, and at Harneys Corporate Services, Ltd., Craigmuir Chambers, P.O. Box 71, Road Town, Tortola VG1110, British Virgin Islands." (Am. Compl. ¶ 70.)

Owner Defendants." (*See* Am. Compl. ¶¶ 80, 133, 135.)  In this regard, Plaintiff summarily alleges that the "Court has personal jurisdiction over all of the Beneficial Owner Defendants pursuant to N.Y. C.P.L.R. 301 and 302." (*Id.* ¶ 133.)  Parroting the language of applicable statutory provisions and case law, Plaintiff obliquely pleads, without any specificity whatsoever, that "[a]ll of the Beneficial Owner Defendants" have (i) "derived significant revenue from New York;" and (ii) "committed tortious acts, both within and outside of New York, causing injury within New York." (*Id.*)  Plaintiff further alleges, solely on information and belief, again without any specificity, that "all of the Beneficial Owner Defendants have assisted in directing the transfer of funds into, and the receipt of funds from," a BLMIS bank account in New York "for the explicit purpose of investing with BLMIS;" and (ii) "regularly transacted business in New York," either personally or through agents. (*Id.* ¶ 135.)

Even the most generous reading of Plaintiff's allegations leaves zero doubt that this Court lacks personal jurisdiction over T+M.

## <u>ARGUMENT</u>

Where, as here, "a case is removed to federal court pursuant to 28 U.S.C. § 1452, personal jurisdiction is allowed to the extent permitted by the Constitution of the United States." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018).  SPV OSUS bears the burden of establishing this Court's personal jurisdiction over T+M. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016); *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) (noting plaintiff bears burden to establish jurisdiction "with respect to *each* claim asserted") (original emphasis).  In reviewing whether a plaintiff has met its burden, the Court need not "draw argumentative inferences in the plaintiff's favor, nor must [it] accept as true a

legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotations and citation omitted).

To carry its burden, a plaintiff must plead "legally sufficient allegations of jurisdiction" to make "*a prima facie* showing of jurisdiction." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). This requires a plaintiff to plead facts that, "if true, are *sufficient in themselves* to establish jurisdiction." *Tamam v. Fransabank SAL*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (emphasis added) (quoting *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564–65 (S.D.N.Y. 1997)). Simply "repeat[ing] the statutory language" with "no factual basis" is insufficient. *Plunket v. Doyle,* No. 99 Civ. 11006 (KMW), 2001 WL 175252, at *3 (S.D.N.Y. Feb. 22, 2001).

Nor can a plaintiff make a *prima facie* showing of jurisdiction through generalized allegations that group various defendants together. "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984); *see Doe. v. Del. State Police*, 939 F. Supp. 2d 313, 332 (S.D.N.Y 2013) (dismissing claims for lack of personal jurisdiction where plaintiff's "general allegations lump[ed]" defendants together); *Langenberg v. Sofair*, No. 03 CV 8339 KMK, 2006 WL 2628348, at *6 (S.D.N.Y. Sept. 11, 2006) ("jurisdiction cannot be implied or imputed from one defendant to another"); *see also Grow Grp., Inc. v. Jandernoa,* No. 94 Civ. 5679 (RPP), 1996 WL 31848, at *5 (S.D.N.Y. Jan. 26, 1996) ("considering the defending parties by *group* and aggregating their forum contacts in determining jurisdiction is plainly unconstitutional") (original emphasis).

## I.  Plaintiff Fails To Demonstrate General Jurisdiction Over T+M Under CPLR § 301.

Plaintiff has failed to make a *prima facie* showing of general jurisdiction over T+M under CPLR § 301. In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Supreme Court "made clear that a corporate defendant is subject to general jurisdiction only in its (i) place of incorporation

4

and (ii) princip[al] place of business, unless (iii) the exceptional case exists in which the foreign defendant's contacts with the forum state [are] substantial and of such a nature as to render the corporation at home in the forum state." *Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509, 521 (S.D.N.Y. 2018) (quotations omitted); *see Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business").

Plaintiff's own allegations confirm that T+M's place of incorporation and principal place of business are in Switzerland (Am. Compl. ¶ 76), and those same allegations also confirm that general jurisdiction over T+M does not exist. *See SPV Osus Ltd.*, 882 F.3d at 343-44 (finding no general jurisdiction exists in New York over foreign entities alleged to be involved in Madoff scheme). Given the paucity of allegations against T+M, Plaintiff has failed to plead anything approximating the exceptional circumstances that would justify deviation from the *Daimler* rule.

## II.   Plaintiff Fails To Demonstrate Specific Jurisdiction Over T+M.

Plaintiff has failed to make a *prima facie* showing of specific jurisdiction over T+M. A showing of specific jurisdiction over a foreign defendant requires a plaintiff to establish a cognizable nexus between the defendant's conduct, its claims, and the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (the relevant inquiry "focuses on the relationship among the defendant, the forum, and the litigation") (internal quotations omitted). As set forth in the Consolidated Brief in which T+M joins, Plaintiff has failed even to establish sufficient minimum contacts between the foreign defendants in the case and the United States.

Nevertheless, Plaintiff contends that an assertion of jurisdiction under New York's long-arm statute, CPLR § 302 is proper. (Am. Compl. ¶ 133.) But Plaintiff's non-specific allegations that "all of the Beneficial Owner Defendants," including T+M, "derived significant revenue from

New York" and "committed tortious acts, both within and outside of New York, causing injury within New York" (*Id.*) are insufficient to support their claim. *See Langenberg*, 2006 WL 2628348, at *6 ("*International Shoe*'s jurisdictional requirements must be met as to *each defendant* over whom a court exercises jurisdiction.") (original emphasis). Even if generalized group pleading such as this were permissible – it is not – an excessively generous reading of the Amended Complaint indicates that the only alleged contact between the Beneficial Owner Defendants and New York relating to Plaintiff's claims is the rendering of unspecified assistance in "directing" a few unspecified financial transfers pled upon information and belief. (*See, e.g.,* Am. Compl. ¶ 135.) This is not enough, and Plaintiff has failed to identify any activities *by T+M* that gave rise to significant revenue from New York or any tortious conduct *by T+M* either within or without the state of New York, as required.

### A.     Specific Jurisdiction Over T+M Under CPLR § 302(a)(1) Is Lacking

To establish personal jurisdiction under § 302(a)(1), a plaintiff must show that the defendant transacted business in New York. N.Y. C.P.L.R. 302(a)(1); *see Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) (plaintiff must show claims arise out of defendant's transaction of business in New York). A defendant transacts business within the meaning of CPLR 302 when it projects itself into the state and "purposely avails" itself "of the protections and benefits of New York Law." *Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc.*, 2 F. Supp. 2d 470, 474 (S.D.N.Y. 1998). "Purposeful availment is the overriding criterion necessary to establish personal jurisdiction pursuant to § 302(a)(1), and requires more than random, fortuitous, or attenuated contacts." *Philpot v. Kos Media LLC*, No. 16-CV-01523 (AT) (BCM), 2017 WL 2270248, at *9 (S.D.N.Y. Apr. 21, 2017) (quotations omitted), *report and recommendation adopted*, No. 16 Civ. 1523 (AT) (BCM), 2017 WL 2269531 (S.D.N.Y. May 23, 2017).

The Amended Complaint falls short of making the necessary showing under CPLR 302(a)(1) by generally alleging there was unspecified assistance (Am. Compl. ¶¶ 135, 416, 424), without even alleging T+M's actual physical presence anywhere in the United States, let alone New York.

Again, assuming arguendo, that Plaintiff's decision to plead jurisdictional allegations against the Beneficial Owner Defendants as a group, as opposed to against each defendant individually, is not fatal to its claims, the conclusory allegation that T+M "regularly transacted" some type of unspecified "business in New York" (Am. Compl. ¶ 135) would be insufficient to defeat the instant motion. *Klutz v. Yagoozon, Inc.*, No. 16 Civ. 4538 (JSR), 2016 WL 5806902, at *2 (S.D.N.Y. Sept. 20, 2016) (a "conclusory allegation concerning defendant's New York business is insufficient to establish personal jurisdiction"). Similarly, even if it had been pled, an allegation that T+M individually "assisted in directing the transfer of funds into, and the receipt of funds from," a designated account (Am. Compl. ¶ 135), would be insufficient. *See Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136, at *5 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) (standing alone, "a foreign defendant's communications with a party in New York or sending of monies into New York are not sufficient to establish personal jurisdiction"); *Hill*, 207 F. Supp. 3d at 339 ("communications with and payments to New York merely to ensure compliance with contract terms negotiated and executed outside of New York do not 'project' a defendant into the state sufficiently to confer personal jurisdiction over it under § 302(a)(1)").

**B.     Specific Jurisdiction Over T+M Under CPLR § 302(a)(2) Is Lacking**

Plaintiff fares no better when its jurisdictional allegations are assessed under CPLR 302(a)(2).  Under this provision, a foreign defendant may be subject to jurisdiction in New York

when it commits a tortious act within the State. "The New York Court of Appeals has construed this provision to require that the defendant be physically present in New York when he committed the tort." *Hau Yin To,* 2017 WL 816136, at *7 (dismissing 302(a)(2) claim); *Hill*, 207 F. Supp. 3d at 340 (same).

The Amended Complaint makes no allegation that T+M committed any tort in New York, and Plaintiff's conclusory generalized statement that "the Beneficial Owner Defendants have . . . committed tortious acts . . . within . . . New York" (Am. Compl. ¶ 133) does not satisfy the constitutionally-required level of specificity to establish jurisdiction. *See Maranga v. Vira*, 386 F. Supp. 2d 299, 310 (S.D.N.Y. 2005) (failure to show tortious act in New York "is fatal to Plaintiffs' attempt to establish personal jurisdiction under CPLR § 302(a)(2)").

### C.    Specific Jurisdiction Over T+M Under CPLR § 302(a)(3) Is Lacking

Finally, Plaintiff cannot demonstrate jurisdiction under either subsection of CPLR 302(a)(3), both of which permit an exercise of jurisdiction based on a "tortious act without the state causing injury to person or property within the state." *See* N.Y. C.P.L.R. §§ 302(a)(3)(i) & (ii). Critically, Plaintiff has failed to allege that T+M committed an actual tort outside of New York. As set forth above, the *only* act outside of New York in which T+M is individually alleged to have engaged is the receipt of "fees and/or distributions to which it is not entitled." (Am. Compl. ¶ 76; *see also id.* ¶ 251.)   Thus, the only possible injury that Plaintiff's predecessor-in-interest Optimal could have sustained as a result of T+M's conduct is financial in nature. But, it is well-established that the "occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3)." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (quotation omitted); *see Karoon v. Credit Suisse Grp. AG*, 15-CV-4643 (JPO), 2016 WL 815278, at *5 (S.D.N.Y. Feb. 29, 2016) (same).

**D.      An Exercise of Jurisdiction Over T+M Would Violate Due Process**

Finally, although the Court need not reach the issue in light of the Amended Complaint's failure to plead any basis for an exercise of specific jurisdiction over T+M, an assertion of jurisdiction over T+M would not comport with the requirements of due process.  *See Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017) (where requirements of long arm statute are met court must still determine whether exercise of jurisdiction satisfies due process requirements); *Whitaker*, 261 F.3d at 208 (same).  As set forth above, because it relies solely on impermissible group pleading, the Amended Complaint fails to allege *any* specific contacts between T+M and the United States or New York, let alone the "minimum contacts" that due process requires.  *See, e.g., Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it").

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in Defendants' Memorandum of Law in Support of Their Motion to Dismiss, Defendant T+M respectfully requests that, insofar as it asserts claims against T+M, the Amended Complaint be dismissed in its entirety.

Dated:  New York, New York
         September 21, 2018

Respectfully submitted,

/s/ *William P. Weintraub*
William P. Weintraub
Gregory W. Fox
Marshall H. Fishman
Elizabeth M. Zito
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Tel.:  (212) 813-8800
Fax:  (212) 355-3333
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com
mfishman@goodwinlaw.com
ezito@goodwinlaw.com

*Attorneys for Defendant T+M*
*Trusteeship & Management Services S.A.*

10