UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SPV OSUS LTD., | : |
| | : |
|                           Plaintiff, | : |
| | : |
|      -against- | : |
| | : |
| HSBC HOLDINGS PLC, HSBC BANK PLC, HSBC BANK USA, NA, HSBC USA INC., HSBC SECURITIES SERVICES (BERMUDA) LIMITED, HSBC INSTITUTIONAL TRUST SERVICES (BERMUDA) LIMITED, HSBC BANK BERMUDA LIMITED, HSBC SECURITIES SERVICES (LUXEMBOURG) S.A., HSBC BANK (CAYMAN) LIMITED, HSBC PRIVATE BANKING HOLDINGS (SUISSE) S.A., HSBC PRIVATE BANK (SUISSE) S.A., HSBC FUND SERVICES (LUXEMBOURG) S.A., SONIA KOHN, MARIO BENBASSAT, ALBERTO BENBASSAT, STEPHANIE BENBASSAT, 20:20 MEDICI AG, UNICREDIT BANK AUSTRIA AG, BA WORLDWIDE FUND MANAGEMENT LTD., UNICREDIT S.P.A., HERALD ASSET MANAGEMENT LIMITED, EUROVALEUR, INC., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LIMITED, ALPHA PRIME ASSET MANAGEMENT LTD., REGULUS ASSET MANAGEMENT  LIMITED, CARRUBA ASSET  MANAGEMENT LIMITED, TEREO TRUST COMPANY LIMITED, GENEVALOR,  BENBASSAT ET CIE, HERMES ASSET MANAGEMENT LIMITED, THEMA ASSET MANAGEMENT (BERMUDA) LTD., THEMA ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT PARTNERS, L.P., AURELIA FUND MANAGEMENT LIMITED, INTER ASSET MANAGEMENT INC., T+M TRUSTEESHIP & MANAGEMENT SERVICES S.A., GTM MANAGEMENT SERVICES CORP. N.V., AURELIA ASSET MANAGEMENT PARTNERS, CAPE INVESTMENT ADVISORS LIMITED and ERWIN KOHN, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : No. 1:18-cv-03497-AJN <br> : <br> : <br> : **PLAINTIFF SPV OSUS** <br> : **LTD.'S MEMORANDUM** <br> : **OF LAW IN OPPOSITION** <br> : **TO MOTION TO DISMISS** <br> : **BY ALPHA PRIME** <br> : **MANAGEMENT LIMITED,** <br> : **CARRUBA ASSET** <br> : **MANAGEMENT LIMITED,** <br> : **AND TEREO TRUST** <br> : **COMPANY LIMITED** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
|                      Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF SPV OSUS LTD.'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO DISMISS BY
ALPHA PRIME MANAGEMENT LIMITED, CARRUBA
ASSET MANAGEMENT LIMITED, AND TEREO TRUST COMPANY LIMITED**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I.      The Defendants Are Subject to Personal Jurisdiction in This Court. ................................. 1

           1.      Alpha Prime Management ........................................................................ 3

           2.      Regulus ..................................................................................................... 4

           3.      Carruba .................................................................................................... 5

           4.      Tereo Trust............................................................................................... 5

CONCLUSION ................................................................................................................................ 6

CERTIFICATE OF SERVICE ........................................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hau Yin To v. HSBC Holdings PLC*,
    2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir.
    2017) ....................................................................................................................1

Plaintiff SPV OSUS LTD., by its undersigned attorneys, submits this response in opposition to the motion to dismiss filed by Alpha Prime Management Limited, Carruba Asset Management Limited, and Tereo Trust Company Limited.

## PRELIMINARY STATEMENT

The supplemental memorandum of law of Alpha Prime Management Limited, Carruba Asset Management Limited, and Tereo Trust Company Limited fails to provide any additional ground for dismissal of SPV's claims.  This response addresses personal jurisdiction allegations as to these defendants.  These defendants' additional arguments for dismissal are addressed in SPV's Memorandum of Law in Opposition to Defendants' Motion to Dismiss responding to the Consolidated Brief ("Main Response"), which is incorporated in its entirety herein by reference. The legal standard for a showing of specific personal jurisdiction is also discussed in SPV's Main Response.

## ARGUMENT

**I.   The Defendants Are Subject to Personal Jurisdiction in This Court.**

As an initial matter, as discussed more fully in SPV's Main Response, Defendants' arguments regarding what they term "group pleading," relate to a matter of style rather than substance.  When a given jurisdictional allegation is made with reference to one of the defined terms, it must be read as alleging that specific fact as against each individual Defendant included within the defined term.  *See, e.g.*, *Hau Yin To v. HSBC Holdings PLC*, 2017 WL 816136, at *1-*2 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) (considering allegations pleaded against various HSBC entities included within each of multiple defined terms).

Personal jurisdiction over Alpha Prime Management, Regulus, Carruba, and Tereo Trust is proper in New York due to their extensive contacts with BLMIS, including through accounts maintained at BLMIS in New York for which they were responsible.

1

Alpha Prime Management, Regulus, Carruba, and Tereo Trust are a consortium of related entities who provided investment and management services to feeder funds Alpha Prime Fund Limited ("Alpha Prime") and Senator Fund SPC ("Senator"). Alpha Prime Management served as investment manager to Alpha Prime (¶63); Regulus served as investment manager to Senator (¶64); and Carruba served as investment advisor to Senator. Dkt. #67 ¶65. All are "Management Defendants" as defined by the Amended Complaint. *Id.* ¶74. Tereo Trust is the sole owner of Alpha Prime Management, Regulus, and Carruba, and as such, is a "Beneficial Owner Defendant" within the meaning of the Amended Complaint. *Id.* ¶¶66, 80.

Significantly, Alpha Prime and Senator have availed themselves of New York courts in the pursuit of claims related to their Madoff investments. In that regard, both brought suit against the same HSBC entities who are defendants herein for fraud, negligence, breach of contract, breach of fiduciary duty, and aiding and abetting for, among other things, failing to properly monitor their investments through proper custodial oversight. (*See*, "Answer, Affirmative Defenses and Amended Cross Claim of Alpha Prime Fund Limited and Senator Fund SpC," Cause no. 09-1364 (Bankr. S.D.N.Y.), Dkt. #347 at 69). Likewise, this jurisdiction over Alpha Prime Management, Regulus, and Carruba is proper for their related failures as service providers, as detailed below.

In addition, Alpha Prime has submitted itself to the jurisdiction of New York courts for the purpose of pursuing claims related to the Madoff bankruptcy estate. In that regard, on February 9, 2018, Alpha Prime agreed to pay the SIPA Trustee over $76 million in satisfaction of certain avoidance, disallowance, and subordination claims asserted by the Trustee. *Id.* ¶44. As part of that settlement, certain individuals agreed to participate in discovery requests by the Trustee, including Ursula Radel-Leszczynski, who co-founded and controls Alpha Prime and Senator, and Peter Fischer and Stephan Zapotocky, both of whom are associated with Alpha Prime. Alpha Prime

2

Management, Regulus, and Carruba acted as service providers for Alpha Prime and Senator. *Id.* ¶¶44-45, 121, 271, 275.

As described below, the contacts of each of these defendant with New York fully warrants the exercise of personal jurisdiction by this Court.

### 1. Alpha Prime Management

In its capacity as investment manager to Alpha Prime, and as a Management Defendant, Alpha Prime engaged in a long list of New York-based and New York-directed conduct related to BLMIS. Like other Management Defendants, Alpha Prime Management had the duty to implement and oversee investment strategies on behalf funds it managed. *Id.* ¶147. To that end, Alpha Prime Management directed the transfer of funds to and from BLMIS in New York and derived significant revenue from the sale and purchases of securities in New York. ¶129. It also communicated regularly with persons in New York regarding BLMIS and also communicated with BLMIS on numerous occasions. *Id.* ¶130. It delivered to BLMIS's headquarters in New York account opening documents, including agreements, relating to BLMIS accounts maintained in New York. *Id.* ¶131.

Alpha Prime Management also received BLMIS account statements and trade confirmations (*id.* ¶132) which contained serious indicia of fraud. *Id.* ¶¶195, 200, 212. 220, 233, 238, 259. As such, these records reflected New York-based trading occurring in accounts over which Alpha Prime Management exercised control and responsibility as investment advisor. Among other indicia of fraud, these records showed trades outside the daily pricing range (*id.* ¶198); negative cash balances on behalf of customers which amounted to interest-free loans (*id.* ¶231); sales of stocks not accompanied by any hedging adjustment (*id.* ¶238); and option transactions which did not settle on the business day following the transaction, per industry custom (*id.* ¶259).

Alpha Prime also repeated enormous benefits from the Madoff fraud. As described in the Amended Complaint, Alpha Prime Limited paid Alpha Prime Management over $16.7 million in monthly management fees and annual performance fees for serving as Alpha Prime's investment management advisor for a five-year period from June 2003 to December 2008. *Id.* ¶352. The source of these payments of these payments was BLMIS in New York, and since late 2004, these payments were transferred through HSBC Bank plc's account in New York. *Id.* ¶351.

### 2. Regulus

In its capacity as investment manager to Senator, and as a Management Defendant, Regulus engaged in a long list of New York-based and New York-directed conduct related to BLMIS. Like other Management Defendants, Regulus had the duty to implement and oversee investment strategies on behalf of the funds it managed. *Id.* ¶147. To that end, Regulus directed the transfer of funds to and from BLMIS in New York and derived significant revenue from the sale and purchases of securities in New York. *Id.* ¶129. It also communicated regularly with persons in New York regarding BLMIS and also communicated with BLMIS on numerous occasions. *Id.* ¶130. It delivered to BLMIS's headquarters in New York account opening documents, including agreements, relating to BLMIS accounts maintained in New York. *Id.* ¶131.

As investment manager to Senator, Regulus received BLMIS account statements and trade confirmations (*id.* ¶132) which contained serious indicia of fraud. *Id.* ¶¶195, 200, 212. 220, 233, 238, 259. As such, these records reflected New York-based trading occurring in accounts over which Regulus exercised control and responsibility as investment manager. Among other indicia of fraud, these records showed trades outside the daily pricing range (*id.* ¶198); negative cash balances on behalf of customers which amounted to interest-free loans (*id.* ¶231); sales of stocks not accompanied by any hedging adjustment (*id.* ¶238); and option transactions which did not settle on the business day following the transaction, per industry custom (*id.* ¶259).

### 3. Carruba

In its capacity as investment advisor to Senator, and as a Management Defendant, Carruba engaged in a long list of New York-based and New York-directed conduct related to BLMIS. Like other Management Defendants, Carruba had the duty to implement and oversee investment strategies on behalf funds it managed. *Id.* ¶147. To that end, Carruba directed the transfer of funds to and from BLMIS in New York and derived significant revenue from the sale and purchases of securities in New York. *Id.* ¶129. It also communicated regularly with persons in New York regarding BLMIS and also communicated with BLMIS on numerous occasions. *Id.* ¶130. It delivered to BLMIS's headquarters in New York account opening documents, including agreements, relating to BLMIS accounts maintained in New York. *Id.* ¶131.

As investment advisor to Senator, Carruba received BLMIS account statements and trade confirmations (*id.* ¶132) which contained serious indicia of fraud. *Id.* ¶¶195, 200, 212. 220, 233, 238, 259. As such, these records reflected New York-based trading occurring in accounts over which Carruba exercised control and responsibility as investment manager. Among other indicia of fraud, these records showed trades outside the daily pricing range (*id.* ¶198); negative cash balances on behalf of customers which amounted to interest-free loans (*id.* ¶231); sales of stocks not accompanied by any hedging adjustment (*id.* ¶238); and option transactions which did not settle on the business day following the transaction, per industry custom (*id.* ¶259).

### 4. Tereo Trust

In its capacity as sole owner of Alpha Management, Regulus, and Carruba, and as a Beneficial Owner Defendant, Tereo Trust has sufficient contacts with New York to warrant the exercise of personal jurisdiction over it.

Like the other Beneficial Owner Defendants, Tereo Trust derived significant revenue from New York for its role in the BLMIS fraud. *Id.* ¶133. It derived that revenue by, among other

means, providing assistance in directing funds into BLMIS's account at JPMorgan Chase in New York, for the purpose of investing with BLMIS in New York. *Id.* ¶135. Tereo Trust (like the other Beneficial Owner Defendants) knew that the more money the feeder funds took in, the more the beneficial owners received in fees. That gave the Beneficial Owner Defendants including Tereo Trust a powerful incentive not to delve into the serious indicia of fraud surrounding BLMIS, such as the implausibly low fees BLMIS charged the feeder funds in New York. *Id.* ¶251.

In sum, motivated by the desire to make fees, Tereo Trust and the other Beneficial Owner Defendants funneled billions of dollars into BLMIS. *Id.* ¶¶416, 424 Tereo Trust thereby committed various tortious acts, both inside and outside New York, all of which caused serious injury in New York. *Id.* ¶133.

## CONCLUSION

For these reasons and those discussed more fully in SPV's Main Response to Defendants' Motion to Dismiss, which is incorporated in its entirety herein by reference, Alpha Prime Management Limited, Carruba Asset Management Limited, and Tereo Trust Company Limited are subject to personal jurisdiction in this forum, and Defendants' motion to dismiss should be denied.

Dated: November 20, 2018.	Respectfully submitted,

        */s/ Collin J. Cox*
R. Paul Yetter
Collin J. Cox
James E. Zucker
Autry W. Ross
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
[Tel.] (713) 632-8000
[Fax] (713) 632-8002

Matthew C. Heerde
LAW OFFICE OF MATTHEW C. HEERDE
222 Broadway 19th Floor
New York, New York 10038
[Tel.] 347-460-3588
[Fax] 347-535-3588

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that this pleading was filed electronically with the Court, and thus served simultaneously upon all counsel of record, this 20th day of November, 2018.

        */s/ Collin J. Cox*