UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SPV OSUS LTD., | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| HSBC HOLDINGS PLC, HSBC BANK PLC, HSBC BANK USA, NA, HSBC USA INC., HSBC SECURITIES SERVICES (BERMUDA) LIMITED, HSBC INSTITUTIONAL TRUST SERVICES (BERMUDA) LIMITED, HSBC BANK BERMUDA LIMITED, HSBC SECURITIES SERVICES (LUXEMBOURG) S.A., HSBC BANK (CAYMAN) LIMITED, HSBC PRIVATE BANKING HOLDINGS (SUISSE) S.A., HSBC PRIVATE BANK (SUISSE) S.A., HSBC FUND SERVICES (LUXEMBOURG) S.A., SONIA KOHN, MARIO BENBASSAT, ALBERTO BENBASSAT, STEPHANIE BENBASSAT, 20:20 MEDICI AG, UNICREDIT BANK AUSTRIA AG, BA WORLDWIDE FUND MANAGEMENT LTD., UNICREDIT S.P.A., HERALD ASSET MANAGEMENT LIMITED, EUROVALEUR, INC., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LIMITED, ALPHA PRIME ASSET MANAGEMENT LTD., REGULUS ASSET MANAGEMENT LIMITED, CARRUBA ASSET MANAGEMENT LIMITED, TEREO TRUST COMPANY LIMITED, GENEVALOR, BENBASSAT ET CIE, HERMES ASSET MANAGEMENT LIMITED, THEMA ASSET MANAGEMENT (BERMUDA) LTD., THEMA ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT PARTNERS, L.P., AURELIA FUND MANAGEMENT LIMITED, INTER ASSET MANAGEMENT INC., T+M TRUSTEESHIP & MANAGEMENT SERVICES S.A., GTM MANAGEMENT SERVICES CORP. N.V., AURELIA ASSET MANAGEMENT PARTNERS, CAPE INVESTMENT ADVISORS LIMITED and ERWIN KOHN, | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : No. 1:18-cv-03497-AJN<br><br>**PLAINTIFF SPV OSUS LTD.'S RESPONSE TO SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANT UNICREDIT BANK AUSTRIA AG** |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF SPV OSUS LTD.'S RESPONSE TO
SUPPLEMENTAL MEMORANDUM OF LAW OF
<u>DEFENDANT UNICREDIT BANK AUSTRIA AG</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

I.      Bank Austria Is Subject to Personal Jurisdiction in This Court......................................... 1

        A.      Standards for Determining Personal Jurisdiction ................................................... 1

        B.      Jurisdiction Exists Over Defendant Bank Austria. ................................................. 2

                1.      Bank Austria as Management Defendant ..................................................... 3

                2.      Bank Austria as Beneficial Owner Defendant ............................................. 3

        C.      In the Alternative, Jurisdictional Discovery Should Be Permitted. ........................ 4

II.     SPV's Complaint Adequately States Aiding and Abetting Claims .................................... 4

        A.      Defendant Bank Austria's Actual Knowledge Is Adequately Pled. ....................... 4

        B.      Bank Austria's Substantial Assistance Is Adequately Pled. ................................... 5

CONCLUSION .............................................................................................................................. 5

CERTIFICATE OF SERVICE ....................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Agape Litig.*,
 773 F. Supp. 2d 298 (E.D.N.Y. 2011) ....................................................................................4

*Albino v. Global Equipment USA, Ltd.*,
 2017 WL 372056 (S.D.N.Y. Jan. 26, 2017) ............................................................................4

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*,
 479 F. Supp. 2d 349 (S.D.N.Y. 2007).....................................................................................5

*Hau Yin To v. HSBC Holdings PLC*,
 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir.
 2017) ...................................................................................................................................1, 2

*Hollins v. U.S. Tennis Ass'n*,
 469 F.Supp. 2d 67 (E.D.N.Y. 2006) ........................................................................................4

*JP Morgan Chase Bank v. Winnick*,
 406 F. Supp. 2d 247 (S.D.N.Y. 2005).....................................................................................5

*Lerner v. Fleet Bank, N.A.*,
 459 F.3d 273 (2d Cir. 2006)....................................................................................................5

Plaintiff SPV OSUS Ltd., by its undersigned attorneys, submits this response to the supplemental memorandum of law filed by defendant UniCredit Bank Austria AG ("Bank Austria").

## PRELIMINARY STATEMENT

The supplemental memorandum of law of defendant Bank Austria fails to provide any additional ground for dismissal of SPV's claims.  This Court has personal jurisdiction over Bank Austria due to its extensive contacts with the United States, in its dual capacity as a manager of BLMIS feeder funds and as an owner of those funds.  SPV also has adequately pled aiding and abetting claims against defendant Bank Austria, in particular showing how it rendered substantial assistance to the fraud in those dual roles. Its additional arguments for dismissal are addressed in SPV's Memorandum of Law in Opposition to Defendants' Motion to Dismiss responding to the Consolidated Brief ("Main Response"), which is incorporated in its entirety herein by reference. The legal standard for a showing of specific personal jurisdiction is also discussed in SPV's Main Response.

## ARGUMENT

**I.    Bank Austria Is Subject to Personal Jurisdiction in This Court.**

    **A.    Standards for Determining Personal Jurisdiction**

As an initial matter, as discussed more fully in SPV's Main Response, Defendants' arguments regarding what they term "group pleading," relate to a matter of style rather than substance.  When a given jurisdictional allegation is made with reference to one of the defined terms, it must be read as alleging that specific fact as against each individual Defendant included within the defined term.  *See, e.g.*, *Hau Yin To v. HSBC Holdings PLC*, 2017 WL 816136, at *1-*2 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) (considering allegations pleaded against various HSBC entities included within each of multiple defined terms).  As shown below,

1

personal jurisdiction over defendant Bank Austria is proper in New York due to its extensive contacts related to the New York-based BLMIS fraud.

      **B.**     **Jurisdiction Exists Over Defendant Bank Austria.**

Bank Austria was an instrumental player in the BLMIS fraud, including creation of both feeder funds and entities purporting to provide services to them. In the early 1990s, it was responsible for the creation of numerous feeder funds, including Alpha Prime, Primeo and Senator. Dkt. #67 ¶¶6, 41, 44-45, 57. Bank Austria was also responsible for the creation of a variety of entities that provided services to those funds, for the purpose of extracting fees for its own benefit. *Id.* ¶¶57, 119, 279. Bank Austria subsidiary and defendant BA Worldwide Fund Management Ltd. ("BA Worldwide") served as investment advisor to Primeo, Alpha Prime, and Thema International, in which capacity it received at least $11 million in fees and/or distributions to which it was not entitled. *Id.* ¶58.

During a portion of the period during which the BLMIS fraud was perpetrated, Bank Austria maintained a branch office in New York at 150 E. 42nd Street. *Id.* ¶57. From that location, at least eleven Bank Austria-controlled and -directed subsidiaries and affiliates which were incorporated in New York also maintained their principal place of business. *Id.* In addition, as early as 1993 and again in 2001, Bank Austria registered with the U.S. Securities and Exchange Commission ("SEC") and sponsored through the offices of its U.S.-based affiliate Bank Austria Securities, Inc. in New York depositary slips for shares of its common stock to actively traded on exchanges in New York. *Id.*

In addition to these facts, personal jurisdiction over Bank Austria is appropriate as a result of its status as both a "Management Defendant" and a "Beneficial Owner Defendant," as defined by the Amended Complaint, whereby it undertook substantial commercial activities in New York.

### 1. Bank Austria as Management Defendant

As alleged in the Amended Complaint, the Management Defendants, including Bank Austria, had the duty to implement and oversee investment strategies on behalf of the funds they managed. *Id.* ¶147. In particular, Bank Austria provided investment advice and services to Senator, Primeo, and Alpha Prime funds, through its subsidiary BA Worldwide. *Id.* ¶58. To that end, Bank Austria, like the other Management Defendants, directed the transfer of funds to and from BLMIS in New York and derived significant revenue from the sale and purchases of securities in New York. *Id.* ¶129. Bank Austria in fact created each fund—Senator, Primeo, and Alpha Prime—for this express purpose. *Id.* ¶¶44, 45, 57.

In addition, Bank Austria and the other Management Defendants also communicated regularly with persons in New York regarding BLMIS and also communicated with BLMIS on numerous occasions. *Id.* ¶130. The Management Defendants, including Bank Austria also delivered to BLMIS's headquarters in New York account opening documents, including agreements, relating to BLMIS accounts maintained in New York. *Id.* ¶131.

### 2. Bank Austria as Beneficial Owner Defendant

As alleged in the Amended Complaint, the Beneficial Owner Defendants, including Bank Austria, derived significant revenue from New York for their role in the BLMIS fraud. *Id.* ¶133. They derived that revenue by, among other means, providing assistance in directing funds into BLMIS's account at JPMorgan Chase in New York, for the purpose of investing with BLMIS in New York. *Id.* ¶135. In the case of Bank Austria, that revenue included at least $11 million received by its subsidiary BA Worldwide, who like the funds Alpha Prime, Primeo, and Senator it serviced, were created by Bank Austria for the purpose of extracting fees for its benefit. *Id.* ¶58.

Bank Austria and the Beneficial Owner Defendants knew that the more money the feeder funds took in, the more the beneficial owners received in fees. That gave Bank Austria and the

3

Beneficial Owner Defendants a powerful incentive not to delve into the serious indicia of fraud surrounding BLMIS, such as the implausibly low fees BLMIS charged the feeder funds in New York. *Id.* ¶251. In sum, motivated by the desire to make fees, Bank Austria and the other Beneficial Owner Defendants funneled billions of dollars into BLMIS. *Id.* ¶¶416, 424. In the process, they committed various tortious acts, both inside and outside New York, all of which caused serious injury in New York. *Id.* ¶133.

### C. In the Alternative, Jurisdictional Discovery Should Be Permitted.

If the Court believes that SPV has not sufficiently alleged personal jurisdiction over Bank Austria, then discovery should be allowed. Where a plaintiff has made a "sufficient start" towards a *prima facie* case establishing personal jurisdiction, courts in this circuit have permitted jurisdictional discovery. *See Hollins v. U.S. Tennis Ass'n*, 469 F.Supp. 2d 67, 70-71 (E.D.N.Y. 2006). Discovery is particularly appropriate where facts necessary to establish personal jurisdiction lie in the control of the defendants, as is the case here, where Bank Austria is the principal source of the information concerning its dealings with the New York-based Madoff. *See Albino v. Global Equipment USA, Ltd.*, 2017 WL 372056, at *5 (S.D.N.Y. Jan. 26, 2017)

## II. SPV's Complaint Adequately States Aiding and Abetting Claims

Defendant Bank Austria's remaining assertions are addressed more fully in SPV's Main Response. We briefly address them here, while incorporating by reference that response.

### A. Defendant Bank Austria's Actual Knowledge Is Adequately Pled.

As alleged in the Second Amended Complaint and discussed more fully in the Main Response, in its capacity as a Management Defendant and a Beneficial Owner Defendant, Bank Austria had actual knowledge of at least the red flags indicating Madoff's fraud. Bank Austria's failure to take any action to halt or limit the fraud shows, at best, "conscious avoidance," which satisfies the actual knowledge element. *See In re Agape Litig.*, 773 F. Supp. 2d 298, 308 (E.D.N.Y.

4

2011); *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 368 (S.D.N.Y. 2007).

### B.     Bank Austria's Substantial Assistance Is Adequately Pled.

As alleged in the Second Amended Complaint and discussed more fully in the Main Response, in its capacity as a Management Defendant and a Beneficial Owner Defendant, the activities of defendant Bank Austria constituted the activities SPV alleges comprise "many forms" of substantial assistance, *JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 257 (S.D.N.Y. 2005), by which Defendants "affirmatively assist[ed]" and "help[ed] conceal" Madoff's fraud and "fail[ed] to act when required to do so."  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006).

### CONCLUSION

For these reasons and those discussed more fully in SPV's Main Response to Defendants' Motion to Dismiss, which is incorporated in its entirety herein by reference, defendant UniCredit Bank Austria AG is subject to personal jurisdiction in this forum, and their motion to dismiss should be denied.

Dated: November 20, 2018.	Respectfully submitted,

                                                      */s/ Collin J. Cox*
                                                      R. Paul Yetter
                                                      Collin J. Cox
                                                      James E. Zucker
                                                      Autry W. Ross
                                                      YETTER COLEMAN LLP
                                                      811 Main Street, Suite 4100
                                                      Houston, Texas 77002
                                                      [Tel.] (713) 632-8000
                                                      [Fax] (713) 632-8002

                                                      Matthew C. Heerde
                                                      LAW OFFICE OF MATTHEW C. HEERDE
                                                      222 Broadway 19th Floor
                                                      New York, New York 10038
                                                      [Tel.] 347-460-3588
                                                      [Fax] 347-535-3588

                                                      ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

     I certify that this pleading was filed electronically with the Court, and thus served simultaneously upon all counsel of record, this 20th day of November, 2018.

                                                      */s/ Collin J. Cox*