UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SPV OSUS LTD., | : |
| | : |
|                 Plaintiff, | : |
| | : |
|      -against- | : |
| | : |
| HSBC HOLDINGS PLC, HSBC BANK PLC, HSBC BANK USA, NA, HSBC USA INC., HSBC SECURITIES SERVICES (BERMUDA) LIMITED, HSBC INSTITUTIONAL TRUST SERVICES (BERMUDA) LIMITED, HSBC BANK BERMUDA LIMITED, HSBC SECURITIES SERVICES (LUXEMBOURG) S.A., HSBC BANK (CAYMAN) LIMITED, HSBC PRIVATE BANKING HOLDINGS (SUISSE) S.A., HSBC PRIVATE BANK (SUISSE) S.A., HSBC FUND SERVICES (LUXEMBOURG) S.A., SONIA KOHN, MARIO BENBASSAT, ALBERTO BENBASSAT, STEPHANIE BENBASSAT, 20:20 MEDICI AG, UNICREDIT BANK AUSTRIA AG, BA WORLDWIDE FUND MANAGEMENT LTD., UNICREDIT S.P.A., HERALD ASSET MANAGEMENT LIMITED, EUROVALEUR, INC., PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LIMITED, ALPHA PRIME ASSET MANAGEMENT LTD., REGULUS ASSET MANAGEMENT LIMITED, CARRUBA ASSET MANAGEMENT LIMITED, TEREO TRUST COMPANY LIMITED, GENEVALOR, BENBASSAT ET CIE, HERMES ASSET MANAGEMENT LIMITED, THEMA ASSET MANAGEMENT (BERMUDA) LTD., THEMA ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT PARTNERS, L.P., AURELIA FUND MANAGEMENT LIMITED, INTER ASSET MANAGEMENT INC., T+M TRUSTEESHIP & MANAGEMENT SERVICES S.A., GTM MANAGEMENT SERVICES CORP. N.V., AURELIA ASSET MANAGEMENT PARTNERS, CAPE INVESTMENT ADVISORS LIMITED and ERWIN KOHN, | :     No. 1:18-cv-03497-AJN<br><br>**PLAINTIFF SPV OSUS LTD.'S RESPONSE TO SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANTS PIONEER AND UNICREDIT S.p.A.** |
|                 Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF SPV OSUS LTD.'S RESPONSE TO**
**SUPPLEMENTAL MEMORANDUM OF LAW OF**
**<u>DEFENDANTS PIONEER AND UNICREDIT S.p.A.</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I. Defendants UniCredit and Pioneer Are Subject to Personal Jurisdiction in This Court. ............................................................................................................................ 1

    A. Standards for Determining Personal Jurisdiction ..................................................... 1

    B. Jurisdiction Exists Over Defendants UniCredit and Pioneer. .............................. 2

        1. UniCredit as a Beneficial Owner Defendant ............................................. 3

        2. Pioneer as a Management Defendant .......................................................... 3

    C. In the Alternative, Jurisdictional Discovery Should Be Permitted. ....................... 4

II. SPV's Complaint Adequately States Aiding and Abetting Claims ................................... 4

    A. The Actual Knowledge of UniCredit and Pioneer Is Adequately Pled. ................. 4

    B. The Substantial Assistance of UniCredit and Pioneer Is Adequately Pled. ............ 5

CONCLUSION .............................................................................................................................. 5

CERTIFICATE OF SERVICE ....................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Agape Litig.*,
  773 F. Supp. 2d 298 (E.D.N.Y. 2011) ...........................................................................................5

*Albino v. Global Equipment USA, Ltd.*,
  2017 WL 372056 (S.D.N.Y. Jan. 26, 2017) ...................................................................................4

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*,
  479 F. Supp. 2d 349 (S.D.N.Y. 2007)............................................................................................5

*Hau Yin To v. HSBC Holdings PLC*,
  2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir.
  2017) .........................................................................................................................................1, 2

*Hollins v. U.S. Tennis Ass'n*,
  469 F.Supp. 2d 67 (E.D.N.Y. 2006) ...............................................................................................4

*JP Morgan Chase Bank v. Winnick*,
  406 F. Supp. 2d 247 (S.D.N.Y. 2005)............................................................................................5

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273 (2d Cir. 2006)...........................................................................................................5

Plaintiff SPV OSUS LTD., by its undersigned attorneys, submits this response to the supplemental memorandum of law filed by defendants Pioneer Alternative Investment Management Limited, now known as PAI Management Limited ("Pioneer"), and UniCredit S.p.A. ("UniCredit").

## PRELIMINARY STATEMENT

The supplemental memorandum of law of defendants UniCredit and Pioneer fails to provide any additional ground for dismissal of SPV's claims. This Court has personal jurisdiction over both defendants due to their extensive contacts with the United States. SPV also has adequately pled aiding and abetting claims against defendant both defendants. Their additional arguments for dismissal are addressed in SPV's Memorandum of Law in Opposition to Defendants' Motion to Dismiss responding to the Consolidated Brief ("Main Response"), which is incorporated in its entirety herein by reference. The legal standard for a showing of specific personal jurisdiction is also discussed in SPV's Main Response.

## ARGUMENT

**I.  Defendants UniCredit and Pioneer Are Subject to Personal Jurisdiction in This Court.**

**A.  Standards for Determining Personal Jurisdiction**

As an initial matter, as discussed more fully in SPV's Main Response, Defendants' arguments regarding what they term "group pleading," relate to a matter of style rather than substance. When a given jurisdictional allegation is made with reference to one of the defined terms, it must be read as alleging that specific fact as against each individual Defendant included within the defined term. *See, e.g.*, *Hau Yin To v. HSBC Holdings PLC*, 2017 WL 816136, at *1-*2 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) (considering allegations pleaded against various HSBC entities included within each of multiple defined terms). As shown below,

1

personal jurisdiction over Defendants is proper in New York due to their extensive contacts related to the New York-based BLMIS fraud.

### B. Jurisdiction Exists Over Defendants UniCredit and Pioneer.

The involvement of UniCredit and Pioneer in the BLMIS fraud began in at least 2000, which included the role of Pioneer as an investment advisor to Primeo Fund. Dkt. #67 ¶¶59, 62. At the time, Pioneer was a subsidiary of UniCredit. *Id.* ¶62. In 2005, UniCredit acquired Bank Austria (*id.* ¶ 59), which had a long-standing involvement in the BLMIS fraud through its role in creating feeder funds Alpha Prime, Primeo, and Senator, as well as their respective service providers. *Id.* ¶¶6, 41, 44-45, 57. Bank Austria and UniCredit derived significant fees and/or distributions from BLMIS feeder funds, through their subsidiary BA Worldwide. *Id.* ¶58.

UniCredit operates directly throughout the United States and New York through UniCredit, New York Branch, and indirectly through one or more subsidiary bank branches and representative offices, including UniCredit Bank, New York Branch, and other controlled operating subsidiaries and affiliates. *Id.* ¶59. UniCredit, New York Branch, and UniCredit Bank, New York Branch, maintain bank branch offices at 150 E. 42nd Street in New York. *Id.* According to the Federal Reserve Board, UniCredit, New York Branch, and UniCredit, New York Branch hold assets and property in New York and the United States—exclusive of other assets properties directly or indirectly owned in New York and the United States by UniCredit—in excess of $17.5 billion as of June 30, 2010. *Id.* They have also directed and controlled numerous subsidiaries and affiliates incorporated and/or doing business in New York, including UniCredit Capital Markets, Inc., UniCredit U.S. Finance, Inc., and UniCredit Capital Markets Conversion, LLC, each of which is qualified to do business in New York and has its principal executive offices at 150 E. 42nd Street in New York. *Id.* In addition, as early as 1993, UniCredit established with The Bank of New York in New York depositary receipts for shares of its common stock to actively trade in New York. *Id.*

In addition to these facts, personal jurisdiction over UniCredit and Pioneer is appropriate as a result of their status as a "Beneficial Owner Defendant" and as a "Management Defendant," respectively, as defined by the Amended Complaint, whereby they undertook substantial commercial activities in New York.

### 1.  UniCredit as a Beneficial Owner Defendant

As alleged in the Amended Complaint, the Beneficial Owner Defendants, including UniCredit, derived significant revenue from New York for their role in the BLMIS fraud. *Id.* ¶133. They derived that revenue by, among other means, providing assistance in directing funds into BLMIS's account at JPMorgan Chase in New York, for the purpose of investing with BLMIS in New York. *Id.* ¶135. In the case of UniCredit, that revenue included fees and distributions received both by its subsidiary Pioneer and by BA Worldwide, whose parent Bank Austria was acquired by UniCredit in 2005. *Id.* ¶¶58, 62.

UniCredit and the other Beneficial Owner Defendants knew that the more money the feeder funds took in, the more the beneficial owners received in fees. That gave UniCredit and the other Beneficial Owner Defendants a powerful incentive not to delve into the serious indicia of fraud surrounding BLMIS, such as the implausibly low fees BLMIS charged the feeder funds in New York. *Id.* ¶251. In sum, motivated by the desire to make fees, UniCredit and the other Beneficial Owner Defendants funneled billions of dollars into BLMIS. *Id.* ¶¶416, 424. In the process, they committed various tortious acts, both inside and outside New York, all of which caused serious injury in New York. *Id.* ¶133.

### 2.  Pioneer as a Management Defendant

As alleged in the Amended Complaint, the Management Defendants, including Pioneer, had the duty to implement and oversee investment strategies on behalf of the funds they managed. (¶ 147). In the case of Pioneer, it provided investment advice to Primeo. *Id.* ¶62. To that end,

Pioneer, like the other Management Defendants, directed the transfer of funds to and from BLMIS in New York and derived significant revenue from the sale and purchases of securities in New York. *Id.* ¶129.  To that end, Pioneer received fees to which it was not entitled. *Id.* ¶62.

In addition, Pioneer and the other Management Defendants also communicated regularly with persons in New York regarding BLMIS and also communicated with BLMIS on numerous occasions. *Id.* ¶130.  The Management Defendants, including Pioneer also delivered to BLMIS's headquarters in New York account opening documents, including agreements, relating to BLMIS accounts maintained in New York. *Id.* ¶131.

### C. In the Alternative, Jurisdictional Discovery Should Be Permitted.

If the Court believes that SPV has not sufficiently alleged personal jurisdiction over defendants UniCredit and Pioneer, then discovery should be allowed.  Where a plaintiff has made a "sufficient start" towards a *prima facie* case establishing personal jurisdiction, courts in this circuit have permitted jurisdictional discovery. *See Hollins v. U.S. Tennis Ass'n*, 469 F.Supp. 2d 67, 70-71 (E.D.N.Y. 2006).  Discovery is particularly appropriate where facts necessary to establish personal jurisdiction lie in the control of the defendants, as is the case here, where UniCredit and Pioneer are the principal source of the information concerning its dealings with the New York-based Madoff. *See Albino v. Global Equipment USA, Ltd.*, 2017 WL 372056, at *5 (S.D.N.Y. Jan. 26, 2017)

## II. SPV's Complaint Adequately States Aiding and Abetting Claims

The remaining assertions of UniCredit and Pioneer are addressed more fully in SPV's Main Response.  We briefly address them here, while incorporating by reference that response.

### A. The Actual Knowledge of UniCredit and Pioneer Is Adequately Pled.

As alleged in the Second Amended Complaint and discussed more fully in the Main Response, both in their individual capacities and in their capacities as a Management Defendant

4

and as a Beneficial Owner Defendant, respectively UniCredit and Pioneer had actual knowledge of at least the red flags indicating Madoff's fraud. Their failure to take any action to halt or limit the fraud shows, at best, "conscious avoidance," which satisfies the actual knowledge element. *See In re Agape Litig.*, 773 F. Supp. 2d 298, 308 (E.D.N.Y. 2011); *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 368 (S.D.N.Y. 2007).

### B. The Substantial Assistance of UniCredit and Pioneer Is Adequately Pled.

As alleged in the Second Amended Complaint and discussed more fully in the Main Response, both in their individual capacities and in their capacities as a Management Defendant and as a Beneficial Owner Defendant, respectively, the activities of UniCredit and Pioneer that SPV alleges constitute "many forms" of substantial assistance, *JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 257 (S.D.N.Y. 2005), by which Defendants "affirmatively assist[ed]" and "help[ed] conceal" Madoff's fraud and "fail[ed] to act when required to do so." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006).

### CONCLUSION

For these reasons and those discussed more fully in SPV's Main Response to Defendants' Motion to Dismiss, which is incorporated in its entirety herein by reference, Pioneer Alternative Investment Management Limited, now known as PAI Management Limited, and UniCredit S.p.A. are subject to personal jurisdiction in this forum, and Defendants' motion to dismiss should be denied.

Dated: November 20, 2018.          Respectfully submitted,

                             */s/ Collin J. Cox*
                             R. Paul Yetter
                             Collin J. Cox
                             James E. Zucker
                             Autry W. Ross
                             YETTER COLEMAN LLP
                             811 Main Street, Suite 4100
                             Houston, Texas 77002
                             [Tel.] (713) 632-8000
                             [Fax] (713) 632-8002

                             Matthew C. Heerde
                             LAW OFFICE OF MATTHEW C. HEERDE
                             222 Broadway 19th Floor
                             New York, New York 10038
                             [Tel.] 347-460-3588
                             [Fax] 347-535-3588

                             ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

       I certify that this pleading was filed electronically with the Court, and thus served simultaneously upon all counsel of record, this 20th day of November, 2018.

                             */s/ Collin J. Cox*