UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SPV OSUS LTD., :
:
              Plaintiff, :
:
    -against- :
:
HSBC HOLDINGS PLC, HSBC BANK PLC, :
HSBC BANK USA, NA, HSBC USA INC., HSBC :
SECURITIES SERVICES (BERMUDA) LIMITED, :
HSBC INSTITUTIONAL TRUST SERVICES :
(BERMUDA) LIMITED, HSBC BANK :
BERMUDA LIMITED, HSBC SECURITIES :
SERVICES (LUXEMBOURG) S.A., HSBC BANK :
(CAYMAN) LIMITED, HSBC PRIVATE :
BANKING HOLDINGS (SUISSE) S.A., HSBC :
PRIVATE BANK (SUISSE) S.A., HSBC FUND :
SERVICES (LUXEMBOURG) S.A., SONIA :
KOHN, MARIO BENBASSAT, ALBERTO :
BENBASSAT, STEHPANE BENBASSAT, 20:20 :
MEDICI AG, UNICREDIT BANK AUSTRIA AG, :
BA WORLDWIDE FUND MANAGEMENT LTD., :   Case No. 18-3497 (AJN)
UNICREDIT S.P.A., HERALD ASSET :
MANAGEMENT LIMITED, EUROVALEUR, :
INC., PIONEER ALTERNATIVE INVESTMENT :
MANAGEMENT LIMITED, ALPHA PRIME :
ASSET MANAGEMENT LTD., REGULUS :
ASSET MANAGEMENT LIMITED, CARRUBA :
ASSET MANAGEMENT LIMITED, TEREO :
TRUST COMPANY LIMITED, GENEVALOR, :
BENBASSAT ET CIE, HERMES ASSET :
MANAGEMENT LIMITED, THEMA ASSET :
MANAGEMENT (BERMUDA) LTD., THEMA :
ASSET MANAGEMENT LIMITED, EQUUS :
ASSET MANAGEMENT LIMITED, EQUUS :
ASSET MANAGEMENT PARTNERS, L.P., :
AURELIA FUND MANAGEMENT LIMITED, :
INTER ASSET MANAGEMENT :
INC., T+M TRUSTEESHIP & MANAGEMENT :
SERVICES S.A., GTM MANAGEMENT :
SERVICES CORP. N.V., AURELIA ASSET :
MANAGEMENT PARTNERS, CAPE :
INVESTMENT ADVISORS LIMITED and ERWIN :
KOHN, :

|  | : |
| --- | --- |
| Defendants. | : |
|  | : |

-------------------------------------------------------------------x

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF DEFENDANTS HERMES ASSET MANAGEMENT LIMITED, THEMA ASSET MANAGEMENT (BERMUDA) LTD., THEMA ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT LIMITED, EQUUS ASSET MANAGEMENT PARTNERS, L.P., AURELIA F. MANAGEMENT LTD. AND CAPE INVESTMENT ADVISORS <u>IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. SPV's Claims against the Bermuda Defendants Should Be Dismissed for Lack of Personal Jurisdiction. ......................................................................................................... 2

    A. SPV Has Not Pled General Jurisdiction over the Bermuda Defendants. ................ 2

    B. SPV Does Not Allege Sufficient Minimum Contacts to Establish Specific Jurisdiction over Any Bermuda Defendant. ............................................................. 2

II. SPV Has Not Sufficiently Alleged Personal Jurisdiction to Warrant Jurisdictional Discovery and The Case Should Therefore Be Dismissed ................................................ 6

CONCLUSION ................................................................................................................................ 7

# TABLE OF AUTHORITIES

**CASES**

*Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205 (2d Cir. 1970) ................4

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)..................................................................6

*Casio Computer Co. v. Sayo*, No. 98CV3773 (WK), 2000 WL 1877516 (S.D.N.Y. Oct. 13, 2000) ...................................................................................................................................2

*Chew v. Dietrich,* 143 F.3d 24 (2d Cir. 1998) ................................................................................5

*Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017)...............................................3

*Hill v. HSBC Bank PLC*, 207 F. Supp. 3d 333, 340 (S.D.N.Y. 2016) ............................................3

*In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305 (S.D. Fla. 2010), *aff'd sub nom*, *Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011)................................................................................................................3

*In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456 (S.D.N.Y. 2010).........................4

*Jazini v. Nissan Motor Co.,* 148 F.3d 181 (2d Cir. 1998)...............................................................2

*SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 171 (S.D.N.Y. 2015), *aff'd*, 882 F.3d 333 (2d Cir. 2018).......................................................................................................5

*SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018) .............................................................5

*Walden v. Fiore*, 571 U.S. 277 (2014).............................................................................................6

Defendants Hermes Asset Management Limited, Thema Asset Management (Bermuda) Ltd., Thema Asset Management Limited, Equus Asset Management Limited, Equus Asset Management Partners, L.P., Aurelia F. Management Ltd. and Cape Investment Advisors (collectively the "Bermuda Defendants")[1] respectfully submit this supplemental reply memorandum of law in further support of Defendants' reply memorandum of law in support of their motion to dismiss (the "Consolidated Reply Brief").[2]

## PRELIMINARY STATEMENT

SPV's response to the Bermuda Defendants' supplemental memorandum of law in support of defendants' motion to dismiss ("Bermuda Opening Brief") highlights the utter deficiency of the personal jurisdiction allegations against each of the Bermuda Defendants. Instead of replying to the Bermuda Opening Brief, SPV instead parrots back every allegation from the Amended Complaint (the majority of which were already specifically addressed in the Bermuda Opening Brief) that they feel supports personal jurisdiction without providing any legal support or analysis. This futile attempt to string together a series of allegations to establish personal jurisdiction in New York does not change the fact that the claims against the Bermuda Defendants are claims (i) by foreign plaintiffs, (ii) against foreign defendants, (iii) allegedly in connection with foreign funds and (iv) arising from conduct that allegedly took place entirely outside of New York. For all of the reasons stated below and in the Bermuda Opening Brief, Plaintiffs' claims should be dismissed for lack of personal jurisdiction and for all of the other reasons set forth in the Consolidated Brief and Consolidated Reply Brief.

---

[1]  For convenience, these seven investment management defendants, six of which are based in Bermuda and one in the British Virgin Islands, and which managed or invested in other, nonparty funds, are defined as the Bermuda Defendants.

[2]  The Bermuda Defendants incorporate by reference all applicable arguments made in the Consolidated Brief and Consolidated Reply Brief and in the declaration and exhibits submitted therewith.  All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Consolidated Brief.

# ARGUMENT

I. **SPV's Claims against the Bermuda Defendants Should Be Dismissed for Lack of Personal Jurisdiction.**

    A. **SPV Has Not Pled General Jurisdiction over the Bermuda Defendants.**

SPV does not and cannot assert any basis for general jurisdiction over the Bermuda Defendants nor do they even attempt to reply to the general jurisdiction arguments that were raised in the Bermuda Opening Brief. Therefore, this brief confidently rests on the arguments already raised in the Bermuda Opening Brief on general jurisdiction, left entirely uncontested by SPV.

    B. **SPV Does Not Allege Sufficient Minimum Contacts to Establish Specific Jurisdiction over Any Bermuda Defendant.**

SPV fails to demonstrate that any Bermuda Defendant has sufficient minimum contacts with New York to warrant the exercise of personal jurisdiction. SPV repeatedly alleges that the Bermuda Defendants "conducted substantial commercial activities in New York and otherwise had significant contacts with New York," but fails to provide any convincing evidence to support these claims. Rather, SPV relies on conclusory allegations and fails to address any of the legal arguments raised in the Bermuda Defendants' Opening Brief. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (holding a "conclusory statement" that was "a restatement, with slight changes, of the legal standard" is inadequate for the purposes of establishing personal jurisdiction).

SPV alleges that the Bermuda Defendants' transfers of funds to and from New York satisfy the level of minimum contacts required for personal jurisdiction. Yet, SPV fails to respond to any of the legal authorities the Bermuda Defendants cite in the Consolidated Brief or the Bermuda Opening Brief that hold that the transfer of funds is not sufficient contact with a forum to justify the exercise of personal jurisdiction. *See Casio Computer Co. v. Sayo*, No.

98CV3773 (WK), 2000 WL 1877516, at *26 (S.D.N.Y. Oct. 13, 2000) (stating that, "although certain defendants [allegedly] conduct business in the United States, and [the alleged] wire transfers reached bank accounts in the United States, such conduct . . . does not satisfy the level of minimum contacts required"); *Hau Yin To v. HSBC Holdings PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136, at *5 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) (holding that the "sending of monies into New York" is "not sufficient to establish personal jurisdiction without the defendant having 'projected' itself into New York for the purposes of conducting business there").  The Bermuda Defendants took no steps to "project" themselves into New York for business purposes, as the conduct that allegedly occurred was in connection with foreign funds and allegedly took place entirely outside of New York.

   SPV fails to respond to the Bermuda Defendants' legal arguments when it claims that the Management Defendants' — including several of the Bermuda Defendants' — alleged communications with persons in New York constitute sufficient contacts.  Since SPV merely restates the conclusory allegation that such communications warrant the exercise of personal jurisdiction, the Bermuda Defendants rest on the arguments raised in the Bermuda Opening Brief that communications like those alleged here have been found to be insufficient to convey jurisdiction.  *See Hau Yin To*, 2017 WL 816136, at *5 (finding communications with BLMIS in connection with fulfilling duties under foreign contracts insufficient to confer jurisdiction under the New York long-arm statute).  *See also Hill v. HSBC Bank PLC*, 207 F. Supp. 3d 333, 340 (S.D.N.Y. 2016) (same); *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1322 (S.D. Fla. 2010), *aff'd sub nom*, *Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011) (same).

SPV's reliance on conclusory allegations to demonstrate that occasional business visits to New York constitute sufficient contacts is similarly unpersuasive. SPV has not demonstrated that the alleged visits to New York by members of the Benbassat family relate to the claims asserted against the Bermuda Defendants. And, even if there existed a connection between such visits and the claims alleged, SPV makes no attempt to address any of the legal authorities cited in either the Consolidated Brief or the Bermuda Opening Brief that such occasional visits have been found to be insufficient contacts to establish jurisdiction. *In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456, 473 (S.D.N.Y. 2010) (citing *Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 211-12 (2d Cir. 1970) (visits "every few months" to solicit business found insufficient); *Jacobs v. Felix Block Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 733 (S.D.N.Y. 2001) (occasional trips, on average of four to five visits per year, insufficient).

SPV restates its allegation that the Bermuda Defendants' receipt of revenue from transactions processed through New York banks constitutes sufficient contact with the forum without responding to the legal argument raised in the Bermuda Opening Brief. The Bermuda Defendants therefore rest on their argument that their management of foreign investment funds for foreign investors — from their places of business outside the United States — would not have rendered suit in New York foreseeable, making the exercise of jurisdiction in this case unwarranted.

SPV not only fails to demonstrate that the Bermuda Defendants have sufficient minimum contacts with New York, but also fails, yet again, to show how these alleged activities by the Bermuda Defendants can be directly connected to SPV's alleged injury. "Where the defendant has had only limited contacts with the [forum] it may be appropriate to say that he will be subject

to suit in that [forum] only if the plaintiff's injury was proximately caused by those contacts." *Chew v. Dietrich,* 143 F.3d 24, 29 (2d Cir. 1998). Rather than showing how these alleged activities are directly connected to SPV's alleged injury, SPV merely "alleges the injuries suffered by [Optimal] were caused by Madoff and BLMIS" and contains "nothing showing [Optimal] relied on [any] marketing materials provided by the [Bermuda Defendants], was aware of the [Bermuda Defendants] or even knew of the feeder funds at issue." *See SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333, 344-46 (2d Cir. 2018). Here, none of the seven Bermuda Defendants are alleged to have provided any services to Optimal, to have solicited any investment from Optimal or to have had any direct connection to Optimal whatsoever. Based on the "utter lack of nexus" between the Bermuda Defendants' forum-related contacts and SPV's claims, the dismissal of the Bermuda Defendants from this Action is warranted. *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 171 (S.D.N.Y. 2015), *aff'd*, 882 F.3d 333 (2d Cir. 2018).

In an attempt to demonstrate a causal link between the Bermuda Defendants' activities and the injury alleged here, SPV relies on assertions that Defendants' activities made them at least constructively aware that BLMIS was a fraud and that such awareness led to the injury suffered. While such assertions do not demonstrate that the Bermuda Defendants had knowledge of BLMIS' fraudulent scheme, they also have no place in a personal jurisdiction analysis. Such claims of fraudulent knowledge are misguided in an inquiry into whether rendering the Bermuda Defendants to suit in New York is in accord with due process. SPV's utilization of a bait-and-switch strategy to return to its fraud allegations is not only wholly inappropriate, but also entirely unpersuasive, as a method to establish the Bermuda Defendants' contacts with the forum.

Similarly, SPV's allegations that the actions of David Smith, not alleged in the Amended Complaint to be acting on behalf of any of the Bermuda Defendants, constituted sufficient

minimum contacts to justify the exercise of personal jurisdiction are woefully misguided. The alleged acts of David Smith that SPV argues gave him knowledge of BLMIS' fraud constitute a further example of bolstering SPV's argument that the Bermuda Defendants assisted in the BLMIS fraud, and have no place in a personal jurisdiction analysis. Even if the actions of David Smith were asserted to constitute minimum contacts — which they are not — such assertion would not stand under the legal framework for asserting personal jurisdiction. SPV alleges that David Smith "attempted to obstruct the 2005 K[PM]G review, which occurred in New York" by communicating with HSBC and providing certain warnings (Dkt. # 84 p.4-5, 6, 8, 9-10). However, such allegations focus on a third party's (KPMG's) contacts with New York, which is not relevant to whether the court can exercise personal jurisdiction over the Bermuda Defendants in this case. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (holding that the relationship [between the defendant and the forum] must arise out of contacts that the 'defendant *himself*' creates with the forum State") (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The only contacts relevant to the inquiry are those of the Bermuda Defendants, and SPV fails to connect the actions of David Smith with the New York forum.

**II.    SPV Has Not Sufficiently Alleged Personal Jurisdiction to Warrant Jurisdictional Discovery and The Case Should Therefore Be Dismissed**

Jurisdictional discovery is not warranted because SPV has not made a sufficient start toward establishing a *prima facie* case of personal jurisdiction. *See* Consolidated Reply Brief at 9. Rather, SPV relies on the restatement of conclusory allegations and misplaced arguments of constructive awareness of fraud to justify the exercise of personal jurisdiction over the Bermuda Defendants. SPV's failure to demonstrate that the Bermuda Defendants had sufficient minimum contacts with the forum, or that any such contacts were the proximate cause of the injury alleged

here, means that jurisdictional discovery is not warranted and the case should therefore be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, the Bermuda Defendants respectfully request that this Court dismiss the Amended Complaint.

Dated: New York, New York
December 20, 2018

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: /s/ Shannon Rose Selden
Shannon Rose Selden
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: 212-909-6000
Fax: 212-909-6836
srselden@debevoise.com

*Counsel to Defendants Hermes Asset Management Limited, Thema Asset Management (Bermuda) Ltd., Thema Asset Management Limited, Equus Asset Management Limited, Equus Asset Management Partners, L.P., Aurelia F. Management Ltd. and Cape Investment Advisors*