UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SPV OSUS LTD.,

Plaintiff,

No. 1:18-cv-03497-AJN

- against -

HSBC HOLDINGS PLC, *et al.*,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF DEFENDANTS PIONEER ALTERNATIVE INVESTMENT MANAGEMENT LIMITED, NOW KNOWN AS PAI MANAGEMENT LIMITED, AND UNICREDIT S.p.A. IN FURTHER SUPPORT OF THE MOTION TO DISMISS**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Susan L. Saltzstein
Jeremy A. Berman
Four Times Square
New York, New York 10036
Ph.: 212-735-3000
Fax: 212-735-2000
Susan.Saltzstein@skadden.com
Jeremy.Berman@skadden.com
Attorneys for Defendants
Pioneer Alternative Investment Management Limited, now known as PAI Management Limited, and UniCredit S.p.A.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

I. This Court Lacks Personal Jurisdiction Over UniCredit and PAI. ........ 2

A. Plaintiff Sets Forth No Basis for Personal Jurisdiction Over UniCredit and PAI. ........ 2

1. Neither UniCredit Nor PAI Is Subject to General Jurisdiction in New York or the United States. ........ 2

2. Neither UniCredit Nor PAI Is Subject to Specific Jurisdiction in New York or the United States. ........ 4

B. Plaintiff is Not Entitled to Jurisdictional Discovery. ........ 5

II. Plaintiff Does Not Adequately Plead Actual Knowledge Or Substantial Assistance. ........ 5

CONCLUSION ........ 6

# TABLE OF AUTHORITIES

## *CASES*

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ........................................................................................................2

*Royal Host Realty, LLC v. 793 Ninth Avenue Realty, LLC*, 192 F. Supp. 3d 348, 359
(S.D.N.Y. 2016) ..............................................................................................................4

*SPV OSUS Ltd. v. UBS AG*,
882 F.3d 333 (2d Cir. 2018).......................................................................................2, 4, 5

Defendants UniCredit S.p.A. ("UniCredit") and Pioneer Alternative Investment Management Limited, now known as PAI Management Limited ("PAI"), submit this Supplemental Reply Memorandum of Law in further support of their motion to dismiss the Second Amended Complaint (ECF No. 67) (the "Amended Complaint" or "Am. Compl.") of Plaintiff SPV OSUS Ltd. ("SPV" or "Plaintiff"). This Supplemental Reply Memorandum of Law incorporates by reference the arguments made in the Reply Memorandum of Law In Support of Defendants' Motion to Dismiss[1] submitted by all Defendants.

Plaintiff SPV's Supplemental Memorandum essentially repeats its allegations from the Amended Complaint, and provides no new arguments or relevant factual underpinnings to avoid dismissal. Furthermore, Plaintiff makes no attempt to argue against—or even remotely address—the authority identified in the Opening Brief; in fact, SPV's Supplemental Memorandum is largely non-responsive to the points made in the Opening Brief. Given that, under well-established precedent, this Court lacks personal jurisdiction over UniCredit and PAI and that Plaintiff has failed to plead substantial assistance or actual knowledge as to them, the lack of a meaningful response by Plaintiff is unsurprising. Accordingly, the Amended Complaint must be dismissed.

---

1 "Reply Memorandum" or "Reply Mem." refers to the Reply Memorandum of Law In Support of Defendants' Motion to Dismiss. "SPV's Supp. Mem." or "SPV's Supplemental Memorandum" refers to Plaintiff SPV OSUS Ltd.'s Response to Supplemental Memorandum of Law of Defendants Pioneer and UniCredit S.p.A. (ECF No. 86). "Opening Brief" or "Br." refers to the Supplemental Memorandum of Law of Defendants Pioneer Alternative Investment Management Limited, Now Known as PAI Management Limited, and UniCredit S.p.A. In Support of the Motion to Dismiss (ECF No. 78). Other references retain their Opening Brief definitions.

## I. This Court Lacks Personal Jurisdiction Over UniCredit and PAI.

### A. Plaintiff Sets Forth No Basis for Personal Jurisdiction Over UniCredit and PAI.

Despite clear guidance from the Supreme Court and the Second Circuit, Plaintiff does not—and cannot—properly plead personal jurisdiction over UniCredit and PAI. In its opposition, Plaintiff doubles down on its original, insufficient pleadings by simply repeating them. (SPV's Supp. Mem. at 2-4.) However, Plaintiff's own allegations—where relevant at all—actually reveal that neither UniCredit nor PAI has sufficient contacts to subject it to personal jurisdiction in the United States or New York and that SPV's claims do not arise out of those alleged contacts.

#### 1. Neither UniCredit Nor PAI Is Subject to General Jurisdiction in New York or the United States.

Plaintiff does not—and cannot—make any argument that UniCredit or PAI is headquartered or incorporated within the United States. Plaintiff admits that UniCredit and PAI are incorporated in Italy and Ireland, respectively, and that neither has its principal place of business in New York. (Am. Compl. ¶¶ 59, 62.)

Plaintiff does not contend that this case is "exceptional" under *Daimler* so as to subject either UniCredit or PAI to general jurisdiction in the United States, notwithstanding their being headquartered and incorporated elsewhere. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n. 19 (2014). Indeed, Plaintiff does not refute, address, or otherwise engage with any of the arguments set forth in Opening Brief, including:

- *SPV OSUS Ltd. v. UBS AG,* 882 F. 3d 333 (2d Cir. 2018) is virtually identical to this case factually and its holding equally bars the exercise of personal jurisdiction over UniCredit and PAI. (Br. at 6.)

- UniCredit's New York branch office, unconnected to SPV's allegations or injury, does not create a basis to exercise personal jurisdiction over UniCredit. (Br. at 6.)
- The alleged existence of some portion of UniCredit's property or assets in New York does not establish general jurisdiction over UniCredit. (Br. at 7.) Plaintiff also does not make any attempt to analyze any of UniCredit's alleged assets in New York against its total global presence, as required to establish personal jurisdiction under the test for "exceptional" circumstances that has been developed by the courts since *Daimler* was decided. (*Id.*)
- The proper time for determining general jurisdiction is the date of the filing of the complaint (December 11, 2014), and Plaintiff's sole resort to UniCredit's 2010 financial information does not support Plaintiff's jurisdictional position because, among other reasons, the 2010 information irrelevant. (Br. at 8.)
- UniCredit is not "at home" in New York or the United States because of the alleged New York contacts of any of its subsidiaries or affiliates. (Br. at 10-11.)
- UniCredit's issuance of depositary receipts with the Bank of New York to allow shares of its common stock to actively trade in New York does not subject it to personal jurisdiction in the United States. (Br. at 10.)

Plaintiff also fails to rebut the Opening Brief's submission that UniCredit's U.S. footprint was an exceedingly small part of its business. (*Id.* at 9; *see also* Declaration of Susan L. Saltzstein, dated September 21, 2018 (ECF No. 79) ("Saltzstein Decl.") (UniCredit U.S. Office Assets represented only **0.19%** of its total global assets as of December 31, 2014).) Plaintiff's failure to address these arguments is fatal to its claims. UniCredit and PAI simply do not have

sufficient contacts with the United States or New York to subject either to general jurisdiction in this Court.

**2. Neither UniCredit Nor PAI Is Subject to Specific Jurisdiction in New York or the United States.**

SPV's Supplemental Memorandum also does not properly contend that UniCredit or PAI is subject to specific jurisdiction because Plaintiff cannot show that any alleged activities of UniCredit or PAI are proximate causes of the supposed harm suffered by Plaintiff's predecessor, Optimal. Plaintiff again only relies on non-descript tortious activity—supposedly perpetrated by all Defendants—and fees that certain Defendants allegedly received to establish personal jurisdiction. (Am. Compl. ¶¶ 129, 133, 416, 424; SPV's Supp. Mem. at 3-4.) However, Plaintiff fails to adequately allege proximate causation between these activities and Optimal's alleged injury, as required by *UBS*. 882 F.3d at 344. Plaintiff's own allegations indicate that Optimal began investing with BLMIS *long before* PAI allegedly became involved with any feeder funds. According to the Amended Complaint, Optimal opened its BLMIS account in 1997, while PAI allegedly provided investment advice to a BLMIS feeder fund in 2007-2008. (Am. Compl. ¶¶ 268, 269.)[2] Additionally, the Amended Complaint alleges that UniCredit had no other role other than owning PAI through a subsidiary. (Am. Compl. ¶¶ 59, 62.) Plaintiff fails to explain how either UniCredit's and PAI's alleged involvement proximately caused harm to Optimal.

---

[2] Plaintiff also vaguely alleges that "in at least 2000, UniCredit was involved with Madoff and BLMIS through its investment arm Pioneer," without elaborating that involvement. (Am. Compl. ¶ 59.) Again, the Amended Complaint alleges nothing more about UniCredit's activities other than that it was an indirect parent of Pioneer. Plaintiff then alleges, in a chart, that PAI served as an investment advisor to Primeo from 2007 to 2008. (Am. Compl. ¶ 268.) Plaintiff's inconsistent allegations should be rejected or its more specific date for PAI's status as an investment advisor in 2007 should control. *See Royal Host Realty, LLC v. 793 Ninth Avenue Realty, LLC*, 192 F. Supp. 3d 348, 359 (S.D.N.Y. 2016) (dismissing a cross-claim because the allegations were "contradicted on the face of the" answer). In any event, both allegations refer to activity *after* Optimal opened its account with BLMIS.

Furthermore, Plaintiff still relies on the proximate causation theories rejected in *UBS*: that Defendants were "propping up the Ponzi scheme . . . and cloaking BLMIS with an air of legitimacy." (Am. Compl. ¶ 40). The Second Circuit in *UBS* soundly affirmed dismissal in the face of allegations about exactly these two theories of proximate cause. 882 F.3d at 346.

**B. Plaintiff is Not Entitled to Jurisdictional Discovery.**

As discussed in the Reply Memorandum, Plaintiff is not entitled to jurisdictional discovery against UniCredit or PAI. (Reply Mem. at 10-11.) Plaintiff has not made a "sufficient start" toward pleading personal jurisdiction because its own allegations are actually fatal to establishing such jurisdiction. *See supra*, at 2-5. Furthermore, Plaintiff does not—and cannot—identify any facts which might salvage its claim for jurisdiction. As the Saltzstein Decl. shows, the facts that determine whether UniCredit is at home in the United States are publicly available. That they undermine—and in fact fatally so—Plaintiff's jurisdictional arguments does not provide a right to jurisdictional discovery but rather requires dismissal.

**II. Plaintiff Does Not Adequately Plead Actual Knowledge Or Substantial Assistance.**

As argued more fully in the Reply Memorandum, the Amended Complaint is separately deficient because it fails to adequately plead actual knowledge and substantial assistance, required elements for Plaintiff's claims. (Reply Mem. at 11-14.) Plaintiff's repeated reliance on alleged red flags is insufficient without showing that UniCredit or PAI actually knew of or consciously avoided those red flags. (*Id.*; *see also* SPV Supp. Mem. at 5.) Furthermore, as discussed *supra*, at 4, Plaintiff cannot adequately plead substantial assistance of the underlying fraud because Plaintiff cannot show that UniCredit or PAI proximately caused Plaintiff's harm. (*See* Defendants' Memorandum at. 26-27; Reply Mem. at 14-16.)

**CONCLUSION**

For the foregoing reasons, those stated in the Opening Brief, Defendants' Memorandum and Reply Memorandum, the Amended Complaint should be dismissed in its entirety as to UniCredit and PAI.

Dated: New York, New York
December 20, 2018

Respectfully submitted,

By: /s/ Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Susan L. Saltzstein
Jeremy A. Berman
Four Times Square
New York, New York 10036
Ph.: 212-735-3000
Fax: 212-735-2000
Susan.Saltzstein@skadden.com
Jeremy.Berman@skadden.com
Attorneys for Defendants
Pioneer Alternative Investment
Management Limited, now known as
PAI Management Limited,
and UniCredit S.p.A.