UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SPV OSUS LTD.,                                              :
                                                            :
              Plaintiff,                             :    No. 1:18-cv-03497-AJN
                                                            :
     -against-                                             :    **ORAL ARGUMENT**
                                                            :    **REQUESTED**
HSBC HOLDINGS PLC, HSBC BANK PLC,                           :
HSBC BANK USA, NA, HSBC USA INC.,                           :
HSBC SECURITIES SERVICES (BERMUDA)                          :
LIMITED, HSBC INSTITUTIONAL TRUST                           :
SERVICES (BERMUDA) LIMITED, HSBC                            :
BANK BERMUDA LIMITED, HSBC                                  :
SECURITIES SERVICES (LUXEMBOURG)                            :
S.A., HSBC BANK (CAYMAN) LIMITED,                           :
HSBC PRIVATE BANKING HOLDINGS                               :
(SUISSE) S.A., HSBC PRIVATE BANK                            :
(SUISSE) S.A., HSBC FUND SERVICES                           :
(LUXEMBOURG) S.A., SONIA KOHN,                              :
MARIO BENBASSAT, ALBERTO                                    :
BENBASSAT, STEHPANE BENBASSAT,                              :
20:20 MEDICI AG, UNICREDIT BANK                             :
AUSTRIA AG, BA WORLDWIDE FUND                               :
MANAGEMENT LTD., UNICREDIT S.P.A.,                          :
HERALD ASSET MANAGEMENT LIMITED,                            :
EUROVALEUR, INC., PIONEER                                   :
ALTERNATIVE INVESTMENT                                      :
MANAGEMENT LIMITED, ALPHA PRIME                             :
ASSET MANAGEMENT LTD., REGULUS                              :
ASSET MANAGEMENT LIMITED,                                   :
CARRUBA ASSET MANAGEMENT                                    :
LIMITED, TEREO TRUST COMPANY                                :
LIMITED, GENEVALOR, BENBASSAT ET                            :
CIE, HERMES ASSET MANAGEMENT                                :
LIMITED, THEMA ASSET MANAGEMENT                             :
(BERMUDA) LTD., THEMA ASSET                                 :
MANAGEMENT LIMITED, EQUUS ASSET                             :
MANAGEMENT LIMITED, EQUUS ASSET                             :
MANAGEMENT PARTNERS, L.P., AURELIA                          :
FUND MANAGEMENT LIMITED, INTER                              :
ASSET MANAGEMENT INC.,                                      :
T+M TRUSTEESHIP & MANAGEMENT                                :
SERVICES S.A., GTM MANAGEMENT                               :
SERVICES CORP. N.V., AURELIA ASSET                          :

| | |
|---|---|
| MANAGEMENT PARTNERS, CAPE INVESTMENT ADVISORS LIMITED and ERWIN KOHN, | : : : : |
| Defendants. | : |
| ------------------------------------------------------------ x | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF DEFENDANT
T+M TRUSTEESHIP & MANAGEMENT SERVICES S.A. IN FURTHER SUPPORT OF
<u>ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

William P. Weintraub
Gregory W. Fox
Marshall H. Fishman
Elizabeth M. Zito
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com
mfishman@goodwinlaw.com
ezito@goodwinlaw.com

*Attorneys for Defendant T+M
Trusteeship & Management Services S.A.*

Defendant T+M Trusteeship & Management Services S.A. ("T+M") joins in the consolidated reply memorandum of law in support of Defendants' Motion to Dismiss the Amended Complaint (the "Amended Complaint" or "Am. Compl.") filed contemporaneously herewith (the "Consolidated Reply Brief"),[1] and respectfully submits this supplemental reply memorandum of law in further support of its independent Motion to Dismiss the Amended Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff's response to T+M's supplemental memorandum of law (the "Response") confirms the absence of any allegation of fact in the Amended Complaint that could support an exercise of personal jurisdiction over T+M.

## ARGUMENT

As set forth more fully in T+M's opening brief, the Amended Complaint's nebulous allegations of unspecified fund transfers and "assistance" pled against all of the Beneficial Owners as a group are insufficient as a matter of law to establish jurisdiction over T+M in New York or anywhere else in the United States. Rather than provide any further support for its assertion of personal jurisdiction over T+M in New York in the Response, Plaintiff simply cites for a second time to the same insufficient allegations in the Amended Complaint. Because Plaintiff cites no authority to the contrary in the Response, T+M respectfully refers the Court to its opening brief (ECF No. 80) for a complete discussion of the impermissibility of pleading jurisdictional allegations on a group basis, and the insufficiency of Plaintiff's group-pled jurisdictional allegations as to T+M.

---

[1] T+M incorporates by reference all applicable arguments made in the Consolidated Reply Brief and in the declaration and exhibits submitted therewith. All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Consolidated Reply Brief.

The Response also argues that jurisdiction over T+M is proper in light of Plaintiff's allegation, made on information and belief, that T+M holds an unspecified ownership interest in another foreign defendant, Thema Asset Management Limited ("Thema Management BVI"). (*See* ECF No. 87 at 2-3; Am. Compl. ¶ 76.) According to the Response, "personal jurisdiction is proper over T+M" because T+M benefited from "Thema Management BVI's contacts with New York." (ECF No. 87 at 2.) But the Amended Complaint fails to identify *any* specific contact between Thema Management BVI and New York (or, for that matter, the United States). Instead, it makes jurisdictionally-insufficient allegations about unspecified fund transfers, communications, document deliveries and revenue generation as to another set of so-called "Management Defendants" as a group, lumping Thema Management BVI in with them. (*See* Am. Compl. ¶ 74.) This is not enough to establish jurisdiction as to Thema Management BVI.[2]

But, even assuming that Plaintiff had pled sufficient facts to show a basis for jurisdiction over Thema Management BVI arising out of its management outside of the United States of foreign investment funds for foreign investors, it still could not show jurisdiction over T+M through its alleged ownership interest in Thema Management BVI. It is well-established that, the "presence of a subsidiary alone does not establish the parent's presence in the state." *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 409 (S.D.N.Y. 2002) (quotation omitted). Instead, "[w]here, as here, the claim is that the foreign corporation is present in New York state because of the activities there of its subsidiary . . . the subsidiary must be either an 'agent' or a 'mere department' of the foreign parent." *Jazini v. Nissan Motor Co.*,

---

[2] The insufficiency of the allegations as to Thema Management BVI is set forth in detail in Supplemental Memorandum Of Law of Defendants Hermes Asset Management Limited, Thema Asset Management (Bermuda) Ltd., Thema Asset Management Limited, Equus Asset Management Limited, Equus Asset Management Partners, L.P., Aurelia F. Management Ltd. and Cape Investment Advisors in Support of Defendants' Motion to Dismiss (ECF No. 76) to which T+M respectfully refers the Court.

148 F. 3d 181, 184 (2d Cir. 1998). To establish jurisdiction under an agency theory, a "plaintiff must show that the subsidiary does all the business which the parent corporation could do were it here by its own officials." *Id.* (quotation omitted). And, "nearly identical ownership interests must exist before one corporation can be considered a department of another corporation for jurisdictional purposes." *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117, 120 (2d Cir. 1984). Plaintiff's information-and-belief allegation that T+M "has an ownership interest in Thema Management BVI" (Am. Compl. ¶ 76) – the sole allegation in the Amended Complaint addressing the relationship between T+M and Thema Management BVI – comes nowhere close to satisfying either standard.

**CONCLUSION**

For the foregoing reasons and those set forth in T+M's supplemental moving brief (ECF No. 80), the consolidated memorandum of law in support of Defendants' Motion to Dismiss the Amended Complaint (ECF No. 73) and the Consolidated Reply Brief, Defendant T+M respectfully requests that, insofar as it asserts claims against T+M, the Amended Complaint be dismissed in its entirety.

Dated:  New York, New York
        December 20, 2018

Respectfully submitted,

/s/ *William P. Weintraub*
William P. Weintraub
Gregory W. Fox
Marshall H. Fishman
Elizabeth M. Zito
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Tel.:  (212) 813-8800
Fax:  (212) 355-3333
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com
mfishman@goodwinlaw.com
ezito@goodwinlaw.com

*Attorneys for Defendant T+M*
*Trusteeship & Management Services S.A.*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 20, 2018, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

                                                 */s/ William P. Weintraub*
                                                 William P. Weintraub