UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
SPV OSUS LTD.,
                                                                         :

                        Plaintiff,               No. 1:18-cv-03497-AJN
                                                                           :

         - against -

                                                                          :

HSBC HOLDINGS PLC, *et al.*,
                                                                          :

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## SUPPLEMENTAL REPLY MEMORANDUM OF LAW OF UNICREDIT BANK AUSTRIA AG IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**SULLIVAN & WORCESTER LLP**
Franklin B. Velie
Jonathan Kortmansky
Mitchell C. Stein
1633 Broadway
New York, New York 10019
Tel.: (212) 660-3000

*Counsel for Defendant UniCredit Bank Austria AG*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ..............................................................................................................................1

I. The Court Does Not Have Personal Jurisdiction Over Bank Austria ................................1

    A. There is No General Jurisdiction Over Bank Austria ..............................................1

    B. There is No Specific Jurisdiction Over Bank Austria .............................................2

    C. Jurisdictional Discovery Should Be Denied ............................................................3

II. The SAC Fails to State a Claim Against Bank Austria .....................................................4

CONCLUSION ...........................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Chew v. Dietrich*,
  143 F.3d 24 (2d Cir. 1998). ......................................................................................2

*Daimler AG v. Bauman,*
  471 U.S. 117 (2014) ...............................................................................................1

*DeBlasio v. Merrill Lynch & Co.*,
  No 07 Civ. 318, 2009 WL 2242605 (S.D.N.Y. July 27, 2009) ...................................4

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
  822 F.2d 1242 (2d Cir. 1987) ..................................................................................4

*DirecTV Latin America, LLC v. Park 610, LLC*,
  691 F. Supp. 2d 405 (S.D.N.Y. 2010). ....................................................................3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ................................................................................................1

*Gucci Am., Inc. v. Weixing Li*,
  768 F. 3d 122 (2d Cir. 2014) ................................................................................3, 4

*Met. Life Ins. Co. v. Robertson-Ceco Corp.*,
  84 F.3d 560 (2d Cir. 1996) ......................................................................................2

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
  609 F.3d 30 (2d Cir. 2010) ......................................................................................1

**Statutes**

Fed R. Civ. P. 9(b) ........................................................................................................4

Defendant UniCredit Bank Austria AG ("Bank Austria" or "BA") respectfully submits this Supplemental Reply Memorandum of Law in further support of Defendants' motion to dismiss the Second Amended Complaint ("SAC") of Plaintiff SPV OSUS Ltd. ("SPV").

## ARGUMENT

### I. The Court Does Not Have Personal Jurisdiction Over Bank Austria

SPV has failed to meet its burden of making "a prima facie showing that jurisdiction exists" over Bank Austria, either with respect to specific or general jurisdiction. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) (internal quotation marks omitted). The SAC must therefore be dismissed as to BA.

**A. There is No General Jurisdiction Over Bank Austria**

In its moving supplemental brief filed September 21, 2018 (the "BA Supplemental Brief"), Bank Austria – which is incorporated in and has its principal place of business in Austria – established that it is not "at home in the forum State." *Daimler AG v. Bauman*, 471 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see* BA Supp. Brief at 3-5. Because this is not "an exceptional case" in which a corporation can be found to be "at home" in a state other than its "formal place of incorporation or its principal place of business," this Court does not have general jurisdiction over Bank Austria. *Gucci Am., Inc. v. Weixing Li*, 768 F. 3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 471 U.S. at 139 n.19). Bank Austria further established in the BA Supplemental Brief that general jurisdiction does not exist based on the alleged presence of 11 entities which SPV claims are "Bank Austria-controlled and -directed subsidiaries and affiliates" (SAC ¶ 57), because SPV does not properly allege that any of the 11 entities are "at home" in New York or that they are alter egos of Bank Austria. (BA Supp. Brief at 5-6.)

SPV's opposition does not argue that general jurisdiction exists over Bank Austria or, indeed, over any of the Defendants. (*See* Opp. at 2 (arguing only that jurisdiction exists because "each of the Defendants has minimum contacts with the United States, and because SPV's claims arise out of those contacts").) Nor does SPV refute BA's showing that SPV has failed to allege any factual basis that the 11 alleged subsidiaries and affiliates are alter egos of Bank Austria. SPV thus concedes that this Court does not have general jurisdiction over BA.

**B.  There is No Specific Jurisdiction Over Bank Austria**

BA further demonstrated in the BA Supplemental Brief that this Court does not have specific jurisdiction over Bank Austria. (BA Supp. Brief at 6-8.) Specific jurisdiction only exists when the action "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Met. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Where, as here, a defendant has only limited contacts with the forum state, it will only be subject to specific jurisdiction "if the plaintiff's injury was proximately caused by those contacts." *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998). SPV's jurisdictional allegations against BA consist solely of conclusory and group-pled allegations regarding the "Management Defendants" and "Beneficial Owner Defendants" as a whole, or contacts that are wholly unrelated to the claims asserted by SPV. (BA Supp. Brief at 7-8.) There is therefore no specific jurisdiction over BA.

In its response to BA's Supplemental Brief ("SPV Supp. Opp."), SPV recites a list of BA's alleged contacts with New York, including that BA "maintained a branch office in New York...[d]uring a portion of the period during which the BLMIS fraud was perpetrated," that "at least eleven Bank Austria-controlled and -directed subsidiaries and affiliates" had their principal place of business at the branch office, and that in 1993 and 2001 BA registered depositary slips for shares of its common stock to trade on New York exchanges. (SPV Supp. Opp. at 2.) SPV,

2

however, fails to explain how its claims in this action arise out of or relate to these alleged contacts, and indeed, they do not.  The alleged contacts are thus irrelevant to the specific jurisdiction analysis.

SPV also relies on its jurisdictional allegations regarding the 16 disparate entities grouped together as the "Management Defendants" and the 13 disparate entities grouped together as "Beneficial Owner Defendants."  (SPV Supp. Opp. at 3-4.)  As set forth fully in the Defendants' Consolidated Reply Brief, filed concurrently with this reply ("Defendants' Consolidated Reply"), those allegations are patently insufficient to establish specific jurisdiction over BA.  (*See* Defendants' Consolidated Reply at 4-8.)  Among other reasons, the jurisdictional allegations regarding the Management and Beneficial Owner Defendants fail because (1) they are improper group-pled allegations, (2) they consist of vague, conclusory allegations rather than jurisdictional facts, and (3) SPV's claims do not arise out of or relate to the alleged contacts.  (*Id.*)

### C. Jurisdictional Discovery Should be Denied

As set forth more fully in the Defendants' Consolidated Reply at pages 9 and 10, SPV's request for jurisdictional discovery should be denied as to all Defendants, including Bank Austria.  SPV has not made the required "sufficient start" toward establishing jurisdiction over Bank Austria that is necessary to justify jurisdictional discovery.  *DirecTV Latin America, LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 426 (S.D.N.Y. 2010).  Further, SPV "has made no argument suggesting that additional discovery would reveal grounds for jurisdiction [over Bank Austria] and has not even pointed to any particular discovery that it seeks," *id.*, and its request should be denied on that ground as well.

**II. The SAC Fails to State a Claim Against Bank Austria**

As set forth in the BA Supplemental Brief, SPV failed to allege Bank Austria's actual knowledge or substantial assistance, and thus failed to plead its aiding and abetting claims against Bank Austria.  (BA Supp. Brief at 8-10.)  In response, SPV states only that "in its capacity as a Management Defendant and a Beneficial Owner Defendant, Bank Austria had actual knowledge of at least the red flags indicating Madoff's fraud," and that "in its capacity as a Management Defendant and a Beneficial Owner Defendant, the activities of defendant Bank Austria constituted the activities SPV alleges comprise 'many forms' of substantial assistance... by which Defendants 'affirmatively assisted' and 'helped conceal' Madoff's fraud and 'failed to act when required to do so.'"  (SPV Supp. Opp. at 4-5 (internal citations and brackets omitted)).

Group-pled allegations, such as those cited by SPV, are insufficient to establish the heightened pleading requirements of Rule 9(b).  (BA Supp. Br. at 8-9 (citing *DeBlasio v. Merrill Lynch & Co.*, No 07 Civ. 318, 2009 WL 2242605, at *10 (S.D.N.Y. July 27, 2009), and *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.").)  And as set forth more fully in the Defendants' Consolidated Reply, SPV has failed to plead facts establishing that any of the Defendants, including Bank Austria, actually knew of the purported red flags or that their actions were the proximate cause of SPV's alleged injury.  (Defendants' Consolidated Reply at 10-13.)  SPV's aiding and abetting claims therefore fail.

## **CONCLUSION**

For the reasons set forth above and those stated in Defendants' Consolidated Reply, the SAC should be dismissed with prejudice as to Bank Austria.

Dated: New York, New York
December 20, 2018

SULLIVAN & WORCESTER LLP

By: /s/ Franklin B. Velie
    Franklin B. Velie
    (fvelie@sandw.com)
    Jonathan G. Kortmansky
    (jkortmansky@sandw.com)
    Mitchell C. Stein
    (mstein@sandw.com)

1633 Broadway, 32nd Floor
New York, New York 10019
T: 212-660-3000
F: 212-660-3001

*Attorneys for Defendant*
*UniCredit Bank Austria AG*